UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN SULLIVAN, on behalf of himself and all others similarly situated,

            Plaintiff,

- against -

BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., UBS AG, THE ROYAL BANK OF SCOTLAND PLC, AND JOHN DOE NOS. 1-50,

            Defendants.

Docket No. 13-cv-2811

Honorable P. Kevin Castel

Magistrate Judge Henry B. Pitman

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LOWEY DANNENBERG COHEN & HART, P.C. AND LOVELL STEWART HALEBIAN JACOBSON LLP AS INTERIM CLASS COUNSEL, AND ENTRY OF ORDER APPOINTING INTERIM CLASS COUNSEL**

I. **INTRODUCTION**

On February 12, 2013, Plaintiff Stephen Sullivan ("Plaintiff"), by his attorneys, Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg"), filed a complaint ("Complaint") in the United States District Court for the Northern District of Illinois against Defendants Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., UBS AG, The Royal Bank of Scotland plc, and John Doe Nos. 1-50 (collectively, "Defendants") pursuant to the Sherman Act, 15 U.S.C. §§ 1, *et seq.*, and common law on behalf of himself and a putative class comprised of U.S. investors who purchased or sold, during the period of at least June 1, 2005 through at least June 30, 2010 (the "Class Period"), a NYSE Euronext LIFFE ("NYSE LIFFE") Euro Interbank Offered Rate futures contract ("Euribor futures contracts") (the "Class").

Pursuant to an Order entered by The Honorable Milton I. Shadur on April 5, 2013, the Action was transferred to United States District Court for the Southern District of New York from the Northern District of Illinois on April 25, 2013.

On May 1, 2013, this Court entered an order concerning the initial pretrial conference in this matter, which has been set for July 12, 2013. Docket No. 51. Among other things, the May 1, 2013 order directed the parties to "confer on a Case Management Plan." *Id.* ¶5. In order to effectively negotiate a Case Management Plan and other important matters on behalf of the putative class, Plaintiff believes that it is appropriate for the Court to now consider the appointment of interim class counsel. Therefore, Plaintiff now respectfully moves this Court for the appointment of Lowey Dannenberg and Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") as Interim Class Counsel for Plaintiff and the putative Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff has conferred with Defendants concerning his request and has been informed that Defendants take no position on such appointment of Interim Class Counsel.

## II. IT IS IN THE BEST INTERESTS OF THE CLASS TO APPOINT LOWEY DANNENBERG AND LOVELL STEWART AS INTERIM CLASS COUNSEL

### A. Under Each and All of the Mandatory Criteria of FRCP Rule 23(g)(1)(A), This Court Should Appoint Lowey Dannenberg and Lovell Stewart as Counsel "Best Able to Represent the Interests of the Class"

Fed. R. Civ. P. Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." This provides the defendants, the Court, and plaintiffs to speak efficiently and authoritatively for the class. Thus, it is standard practice in class actions to appoint interim class counsel. See *Manual for Complex Litigation (Fourth)* § 21.11 (2009).

Neither Rule 23(g) nor any part of Rule 23 explicitly states specific criteria that govern the appointment of interim class counsel. Therefore, in selecting interim class counsel, courts typically look to the specific criteria of Rule 23(g)(1)(A) governing the selection of class counsel. *In re Bear Stearns Companies, Inc. Sec., Derivative, & Employee Ret. Income Sec. Act (Erisa) Litig.*, 08 M.D.L. 1963 (RWS), 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009).

The Rule 23(g)(1)(A) mandatory criteria that the Court "must consider" are:

 (i) the work counsel has done in identifying or investigating potential claims in the action;

 (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

 (iii) counsel's knowledge of the applicable law; and

 (iv) the resources that counsel will commit to representing the class.

FRCP Rule 23(g)(1)(A)(i)-(iv). None of these factors is determinative, all should be considered, and FRCP Rule 23 requires the Court to appoint the counsel "best able to represent the interests of the class" under the Rule 23(g) factors. *Id.*[1]

For the reasons set forth below, Plaintiff respectfully submits that Lowey Dannenberg and Lovell Stewart are the counsel "best able to represent the interests" of the Class under the foregoing mandatory criteria as well as any discretionary criteria. FRCP Rule 23(g)(1)(B).

### 1. Rule 23(g)(1)(A)(i): The Extensive Work Proposed Interim Class Counsel Have Done In the Action

Lowey Dannenberg investigated and filed the first and most advanced action on February 12, 2013. The allegations in the *Sullivan* complaint are very detailed and advanced and include careful and considered judgments on the scope of the Class, the Defendants named, as well as the claims asserted. As part of their extensive investigation, Lowey Dannenberg, among other things, (a) conducted extensive factual and legal research in order to allege the best possible claims in the Complaint filed in the *Sullivan* action; (b) consulted with an economist; (c) reviewed Euribor prices, open interest and other relevant market data; (d) consulted with market participants; (e) investigated the Defendants; and (f) consulted Lowey Dannenberg's prior legal research developed in numerous prior successful Sherman Act and commodity market manipulation class actions.

Since the filing of the *Sullivan* action, Lowey Dannenberg and Lovell Stewart have worked efficiently and effectively in advancing the interests of the putative Class and the litigation. These efforts include, among other things, (a) continuing to build on Lowey Dannenberg's pre-complaint investigation; (b) conducting additional economic analyses of

---

[1] *See* FRCP Rule 23 Notes of the Advisory Committee (2003 Amendments) at subdivision (g) ¶ (1)(C).

Euribor prices, open interest and other relevant market data during the Class Period; and (c) performing additional investigative tasks and market analysis.

### 2. Rule 23(g)(1)(A)(ii): Proposed Interim Class Counsel's Extensive Experience in Handling The Types of Claims Asserted in The Action

Together, Lowey Dannenberg and Lovell Stewart have successfully prosecuted, as court appointed lead or co-lead counsel or individual plaintiff's counsel, numerous complex actions involving (like here) manipulation, false reporting and other restraints of trade in exchange traded instruments or commodity futures contracts. *See, e.g.,*

- *In re Sumitomo Copper Litigation*, Master File No. 96 CV 4854 (S.D.N.Y.) (Pollack, J.) (Lovell Stewart as court-appointed lead counsel and Lowey Dannenberg as an executive committee member achieved a settlement on behalf of the certified class of Commodity Exchange Inc. ("COMEX") copper futures traders of in excess of $149 million, the **largest** class action recovery in the history of the CEA.)("*Sumitomo*");

- *Hershey v. Pacific Investment Management Corp.*, Case No. 05-C-4681 (RAG) (N.D. Ill.)(Lovell Stewart served as lead counsel and Lowey Dannenberg served as counsel to a certified class representative Richard Hershey in action alleging manipulation of Chicago Board of Trade ("CBOT") U.S. 10-Year Treasury Note futures contracts which settled for $118,750,000, the **second** largest recovery in the history of the CEA.)("*Pimco*");

- *In re Natural Gas Commodity Litigation*, Master File No. 03 CV 6186 (S.D.N.Y.) (Marrero, J.)(Lowey Dannenberg and Lovell Stewart served as co-lead counsel and achieved recoveries of in excess of $101 million on behalf of a certified class of New York Mercantile Exchange Inc. ("NYMEX") natural gas futures and options traders. This was the **third** largest commodity manipulation class action recovery in the history of the CEA.)("*In re Natural Gas*"); and

- *In re Amaranth Natural Gas Commodities Litigation*, Master File No. 07 Civ. 6377 (S.D.N.Y) (Scheindlin, J.) (Lowey Dannenberg and Lovell Stewart served as co-lead counsel in a certified class action alleging manipulation of NYMEX natural gas futures prices in which settlements of $77,100,000, representing the **fourth** largest commodity manipulation class recovery, have so far been achieved.)("*Amaranth*").[2]

---

[2] The *Amaranth* litigation continues against Defendant J.P. Morgan Futures, Inc. ("JP Morgan Futures") which served as Amaranth Advisors futures commission merchant and commodity broker, with an appeal before the Second Circuit Court of Appeals of the District Court's orders granting JPMorgan Future's motions to dismiss.

Lowey Dannenberg and Lovell Stewart continue to be jointly appointed in leadership roles in class actions involving manipulation of commodity markets in this District and elsewhere. *See, e.g., In re Rough Rice Commodity Litigation*, Case No. 11-cv-618, Docket No. 24 (April 12, 2011) (N.D. Ill.) (Darrah, J.) (appointing Lowey Dannenberg and Lovell Stewart as co-lead counsel in proposed class action alleging manipulation of Chicago Board of Trade rough rice futures and options contracts); and *In re: Optiver Commodities Litigation*, Case No. 08 CV 6842, Docket No. 15 (Feb, 11, 2009) (S.D.N.Y.) (appointing Lowey Dannenberg and Lovell Stewart as co-lead counsel in proposed class action involving the alleged manipulation of New York Mercantile Exchange light sweet crude oil, heating oil and gasoline futures contracts prices).

As the foregoing cases and others demonstrate, it has repeatedly been held to be in the class' best interests to appoint multiple class counsel in actions involving manipulation of the commodity and commodity futures market. *See also In re Soybeans Futures Litig.*, 89 Civ. 7009 (N.D. Ill.) (CRN), Agreed Order, submitted May 21, 1993, at ¶ 6 (appointing four co-lead counsel).

Both Lowey Dannenberg and Lovell Stewart have also been appointed lead counsel in actions involving alleging the manipulation and false reporting of leading global benchmark rates. *See Laydon v. Mizuho Bank et. al.*, 12-cv-3419, Docket No. 99 (Aug. 29, 2012) (S.D.N.Y.) (appointing Lowey Dannenberg lead counsel in a proposed class action alleging, *inter alia*, manipulation and price fixing of Euroyen TIBOR futures contract); *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-md-2262, Docket No. 90 (Dec. 22, 2011) (S.D.N.Y.) (appointing Lovell Stewart co-lead counsel in a proposed class action alleging, *inter alia*, manipulation of USD-LIBOR and Eurodollar futures contracts).

### 3. Rule 23(g)(1)(A)(ii): Proposed Interim Class Counsel's Extensive Experience in Handling "Class Actions And Other Complex Litigation"

#### a. Lowey Dannenberg

In addition to Lowey Dannenberg's extensive experience and success in actions involving (like here) manipulation and restraints of trade of commodity and commodity futures markets, Lowey Dannenberg has represented sophisticated clients in complex litigation for the past 40 years involving federal securities, antitrust and RICO violations, for which Lowey Dannenberg has achieved recoveries in excess of one billion dollars. These clients include Fortune 100 companies such as WellPoint, Inc., Aetna, Inc., Humana Inc., CIGNA, Horizon BC/BS of New Jersey, and Verizon, Inc., as well as the nation's largest pension funds, *e.g.*, the New York State Common Retirement Fund and New York City Pension Funds, and sophisticated institutional investors, including Federated Investors, Inc., an investment firm with more than $341 billion in assets under management. In the 2013 edition of *Corporate Counsel* magazine's "In House Law Departments at the Top 500 Companies," Lowey Dannenberg is identified as a "Go-to Law Firm" for litigation services by its longtime clients Aetna Inc. and Humana, Inc.

#### b. Lovell Stewart

The type of claims asserted in this action involve price fixing of exchange traded instruments. Lovell Stewart obtained, as Court-appointed co-lead counsel in a price fixing case involving exchanged traded instruments, what was then the largest and, in the exchange or over the counter market context, still is the largest, class action recovery in the history of the antitrust laws. *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998) (a class action resulting in an "all-cash [$1.027 billion] settlement, achieved through 'four years of

hard-fought litigation,' apparently is [at that time] the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws"). As lead or co-lead counsel, Lovell Stewart has also obtained the first[3], second[4] and third[5] largest class action settlements in exchange traded market manipulation cases brought under the Commodity Exchange Act, 7 U.S.C. §1 *et seq.*, including a case that alleged a price fixing conspiracy created on the London copper markets that impacted U.S. traders. Lovell Stewart has been privileged to serve as lead, co-lead or as an executive committee member in other price fixing or manipulation class actions that have produced billions of dollars in settlements.

### 4. Rule 23(g)(1)(A)(iii): Proposed Interim Class Counsel's Extensive Knowledge of the Applicable Law

In the judgment of Lowey Dannenberg and Lovell Stewart, the best indicator of an attorney's knowledge of the applicable law is the attorney's experience with such law. Lowey Dannenberg and Lovell Stewart respectfully submit that their knowledge of the law applicable to the claims and defenses here is reflected in their extensive experience in prosecuting complex commodity manipulation and antitrust cases.

### 5. Rule 23(g)(1)(A)(iv): Proposed Interim Class Counsel Will Commit More Than Ample Resources to Representing the Class

Lowey Dannenberg and Lovell Stewart have a combined 78-plus year record of prosecuting and funding complex class action litigation. Each of the firms have advanced millions of dollars on behalf of the classes they have represented, currently has sufficient

---

[3] *Sumitomo*, 74 F. Supp. 2d 393, 395 ($149,600,000).

[4] *Pimco*, 244 F.R.D. 469 (N.D. Ill., 2007), *aff'd*, 571 F.3d 672 (Posner, J.), *cert. denied*, 130 S. Ct. 1504 (2010) (Final Judgment and Order 05 C 4681, filed May 2, 2011 approving $118,750,000 settlement).

[5] *Natural Gas*, Index No. 03 CV 6186 (VM) (AJP) (S.D.N.Y.) ($100,800,000).

resources to finance and vigorously prosecute this action, and is prepared to advance similar substantial sums in this case. Each firm has the resource of experienced class litigation counsel as well.

### B. Rule 23(g)(1)(B) Discretionary Factors: Efficient Prosecution

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Through its extensive multi-decade experience prosecuting commodity manipulation actions, proposed Interim Class Counsel have developed significant relationships with industry experts, economists, sophisticated futures market participants, former exchange and regulatory personnel, and settlement administration personnel. Proposed Interim Class Counsel's extensive relationships combined with the firms' litigation experience give them a significant knowledge advantage which allows the firms to efficiently and successfully prosecute class actions involving commodity and futures markets, such as this one.

Proposed Interim Class Counsel have also included provisions in proposed Order Appointing Interim Class Counsel to promote efficiency. It provides that "Interim Class Counsel shall," among other things, "ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the avoidance of unnecessary or duplicative communications among plaintiffs' counsel." Proposed Interim Class Counsel have also agreed among themselves to share the substantial costs incurred in effectively prosecuting this litigation as well as avoid duplication of efforts by delegating among themselves duties pertaining to class certification, briefing, discovery and trial preparation. No additional plaintiff's counsel will be given work assignments unless specifically authorized by Interim Class Counsel. Under these

circumstances, proposed Interim Class Counsel will ensure the vigorous and fair prosecution of this litigation, while at the same time ensuring efficiency and non-duplication.

## CONCLUSION

For the reasons stated above, this Court should enter the Order Appointing Interim Class Counsel and appoint Lowey Dannenberg and Lovell Stewart as Interim Class Counsel for Plaintiff and the proposed Class.

Dated: May 10, 2013

                Respectfully submitted,

                **LOWEY DANNENBERG COHEN & HART, P.C.**

                By: */s/ Vincent Briganti*
                Vincent Briganti
                Geoffrey M. Horn
                1 North Broadway, 5th Floor
                White Plains, NY 10601
                (914) 997-0500
                (914) 997-0035 (fax)

                **LOVELL STEWART HALEBIAN JACOBSON LLP**

                By: */s/ Christopher Lovell*
                Christopher Lovell
                Gary S. Jacobson
                Amanda N. Miller
                61 Broadway, Suite 501
                New York, NY 10006
                (212) 608-1900
                (212) 719-4677 (fax)

                *Counsel for Plaintiff and Proposed Interim Class Counsel*