```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-11-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEPHEN P. SULLIVAN, *on behalf of himself and others similarly situated,*

                     Plaintiff,

        -against-

BARCLAYS PLC, et al.,

                    Defendants.
-----------------------------------------------------------x

13 Civ. 2811 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        The law firms of Lowey Dannenberg Cohen & Hart, P.C. and Lovell Stewart Halebian Jacobson LLP move to be appointed interim class counsel pursuant to Rule 23(g)(3), Fed. R. Civ. P. (Docket # 67.) The motion was filed on May 13, 2013, and is unopposed. For the reasons explained, the motion is denied without prejudice.

        Rule 23(g)(3) states: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Generally, courts will appoint interim class counsel only in the event that there are "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated," with multiple attorneys vying for class counsel appointment. Federal Judicial Center, Manual for Complex Litigation § 21.11 (4th ed. 2004); accord Deangelis v. Corzine, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) ("'The designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination.'") (quoting In re LIBOR-Based Fin. Instruments Antitrust Litig., 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011)); In re Bank of Am. Corp. Sec., Derivative & ERISA Litig., 258 F.R.D. 260, 271-74 (S.D.N.Y. 2009) (appointing interim

class counsel). In such circumstances, the appointment of interim class counsel can be a valuable case-management tool that also helps safeguard the interests of the class. Manual for Complex Litigation § 21.11. "If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Id.

The movants have not come forward with any showing as to why their appointment as interim class counsel would be beneficial or necessary. There currently appear to be no overlapping, duplicative or competing suits that might be consolidated with this action. There appear to be no competing counsel whose roles might complicate the efficient management of this case or result in duplicative attorney work. The movants assert that their appointment as interim class counsel will help to "effectively negotiate a Case Management Plan and other important matters on behalf of the putative class," (Mem. in Support at 1) but provide no further explanation as to why this is so. When a putative class action consists of a single case brought by two law firms working in apparent harmony, the rationale behind the appointment of interim class counsel is diminished. Such an appointment could also preemptively limit a full airing and evaluation of the appointment of class counsel, in the event that additional, overlapping actions do, in fact, materialize in the future.

The motion for appointment of interim class counsel is DENIED without prejudice. The Clerk is directed to terminate the motion. (Docket # 67.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:     New York, New York
           June 10, 2013

2