REDLINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND., LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., and FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated, | Docket No. 13-cv-02811 (PKC) |
| Plaintiffs, | |
| – against – | |
| BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., CITIGROUP, INC., CITIBANK, NA., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK PLC, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG, and John Doe Nos. 1–50, | |
| Defendants. | |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER
## GOVERNING MATERIALS PRODUCED BY THE BARCLAYS DEFENDANTS

P. KEVIN CASTEL, District Judge:

In order to facilitate further cooperation pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act, Defendants Barclays plc, Barclays Bank plc and Barclays Capital Inc. (together, "Barclays Defendants") and Plaintiffs in this action have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the exchange of information between the Barclays Defendants and Plaintiffs, it is hereby ORDERED that any person subject to this order

(the "Order")—including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of the Order—shall adhere to the following terms:

1.      All information of any kind provided by Barclays Defendants in the course of discovery in this action, including, without limitation, written discovery responses and deposition testimony, shall hereinafter be referred to as "Barclays Discovery Material."  Any person subject to this Order who receives from any other person any Barclays Discovery Material, including any party to this action, shall not disclose said Barclays Discovery Material to anyone else except as expressly permitted hereunder.

2.      All Barclays Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future.

3.      Any Barclays Defendant may designate any given Barclays Discovery Material as "Confidential" material that consists of:

(a)      financial information not previously disclosed to the public (including without limitation profit and loss reports or estimates, trading positions, transactional data, liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

(b)      material not previously disclosed to the public relating to ownership or control of any non-public company;

(c)      business plans, trading strategies, or marketing materials not previously disclosed to the public;

- 2 -

(d)     proprietary business information or communications, or other confidential research, development, or commercial information or communications;

(e)     information for which applicable law—foreign or domestic—requires confidential treatment; or

(f)     any other category of information hereinafter given confidential status by the Court.

4.     Any Barclays Defendant may designate any Barclays Discovery Material as "Highly Confidential" such material where:  (a) the producing Barclays Defendant reasonably and in good faith believes that disclosure of the Barclays Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial or personal harm to any person, or to improper market manipulation; or (b) where such Barclays Discovery Material includes information for which applicable law—foreign or domestic—requires confidential treatment, trade secrets within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and/or undisclosed financial information of a third party.

5.     With respect to Confidential or Highly Confidential Barclays Discovery Material other than deposition transcripts and exhibits, the producing Barclays Defendant and its counsel may designate such Barclays Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the Barclays Discovery Material in a manner that will not interfere with legibility or audibility.  Deposition testimony and exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript.  Until such time period expires without designation having been made, the entire deposition transcript and exhibits shall be treated as Highly Confidential Barclays Discovery Material unless otherwise

specified in writing or on the record of the deposition by the producing Barclays Defendant.  If the producing Barclays Defendant designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential or Highly Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

6.      Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential Barclays Discovery Material shall: (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by executing a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, (b) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential or Highly Confidential Barclays Discovery Material, and (c) deliver any transcript containing Confidential or Highly Confidential Barclays Discovery Material only to counsel, the witness or the Court (filed under seal).  A party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound.

7.      During a deposition, only persons to whom, respectively, disclosure of Confidential or Highly Confidential Barclays Discovery Material is permitted under Paragraph 10 or 11 of this Order shall remain present while Confidential or Highly Confidential Barclays Discovery Material is being used or discussed.  If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential Barclays Discovery Material, the witness may assert the confidentiality of the material as a basis for

**Deleted:** signing

refusing to answer only if a person not authorized under, respectively, Paragraph 10 or 11 of this Order is present.

8.     If at any time prior to the trial of this action, a party—other than the Barclays Defendants who produced and originally designated such material—believes that some portion[s] of Barclays Discovery Material were previously produced without a proper designation (including that the Barclays Discovery Material should have been produced with a less restrictive designation), that party may notify all parties and the Barclays Defendants in writing, and such designated portion[s] of the Barclays Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order until any dispute about the proper designation is resolved.  In addition, the producing Barclays Defendant and the party seeking a new designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such Barclays Discovery Material, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.  Pursuant to such ruling, the producing Barclays Defendant shall provide to each other party replacement versions of such Barclays Discovery Material that bears the new designation within five (5) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9.     If at any time prior to the trial of this action, a producing Barclays Defendant realizes that some portion[s] of Barclays Discovery Material it previously produced was not properly designated (including being subject to a less restrictive designation), it may so designate by notifying all parties who received such material in writing, and such designated portion[s] of the Barclays Discovery Material will thereafter be treated pursuant to the replacement

- 5 -

designation.   In addition, the producing Barclays Defendant shall provide all parties with replacement versions of such Barclays Discovery Material that bear the replacement designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

10.    Other than the Barclays Defendants, no person subject to this Order (including any witness to whom Barclays Discovery Material marked "Confidential" ("Confidential Barclays Discovery Material") has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Confidential Barclays Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs.   Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

(a)    Plaintiffs, or any other party to this action that first executes a Non-Disclosure Agreement in the form annexed as Exhibit B hereto ("NDA Parties");

| Deleted: an |
| Deleted: A |

(b)    Plaintiffs' or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

(c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any witness who counsel for Plaintiffs or NDA Parties in good faith believes may be called to testify at trial, hearing or deposition in this action, or is called to testify

at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

(e)     any person retained by Plaintiffs or NDA Parties to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action;

(g)     independent photocopying, graphic production services, or litigation support services employed by Plaintiffs or NDA Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h)     the Court and its support personnel; and

(i)     any other person whom the producing Barclays Defendant agrees in writing may have access to such Barclays Discovery Material.

11.     Other than the producing Barclays Defendant, no person subject to this Order (including any witness to whom Barclays Discovery Material marked "Highly Confidential" ("Highly Confidential Barclays Discovery Material") has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Highly Confidential Barclays Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs.  Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

(a)     Plaintiffs' or NDA Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any

- 7 -

paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

(b)      in the case of any Plaintiff or NDA Party to the litigation who is a natural person, to that natural person himself, or in the case of any Plaintiff or NDA Party to the litigation that is not a natural person, those specific designated representatives of the party who are the primary decision makers with authority and control over the prosecution or defense of the litigation;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)      any witness who has been subpoenaed or otherwise called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

(e)      any person retained by Plaintiffs or NDA Parties to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

(f)      stenographers engaged to transcribe depositions conducted in this action;

(g)      independent photocopying, graphic production services, or litigation support services employed by the Plaintiffs or NDA Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h)      the Court and its support personnel; and

(i)     any other person whom the producing Barclays Defendants agrees in writing may have access to such Barclays Discovery Material.

12.     Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential Barclays Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Barclays Discovery Material if such disclosure is not otherwise permitted under this Order.

13.     Regarding Barclays Discovery Material related to experts:

(a)     The provisions of Federal Rule of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D), effective December 1, 2010, shall apply to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

(b)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(c)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case.  No discovery can be taken from any non-testifying or consulting expert.

(d)     No conversations or communications between parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case.

(e)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13(a)–(d) shall be treated as attorney-work product for the purposes of these proceedings and this Order.

14.     Nothing in this Order shall limit a producing Barclays Defendant's rights concerning the Barclays Discovery Material it produces.

15.     Prior to any disclosure of any Confidential or Highly Confidential Barclays Discovery Material to any person referred to in subparagraph 10(d) or 11(d) above, such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order.  Prior to any disclosure of any Confidential or Highly Confidential Barclays Discovery Material to any person referred to in subparagraph 10(e) or 11(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition, hearing or trial).

16.     All Confidential or Highly Confidential Barclays Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Barclays Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will

use their reasonable best efforts to minimize such sealing.  Any party to this action may access Confidential or Highly Confidential Barclays Discovery Material filed under seal with the Court, and shall be subject to this Order with respect to any Confidential or Highly Confidential Barclays Discovery Material filed under seal, including but not limited to the confidentiality restrictions set forth in paragraphs 10 and 11.

17.    Each person who has access to Barclays Discovery Material produced by the Barclays Defendants that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

18.    If, in connection with this action, a producing Barclays Defendant claims that it has inadvertently produced Barclays Discovery Material that is subject to a claim of privilege or protection, including without limitation attorney-client privilege, attorney work product protection, or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

19.    If a producing Barclays Defendant makes a claim of inadvertent disclosure, the receiving party shall, within fourteen (14) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.

20.    Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the producing Barclays Defendant shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.     The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of the inadvertent production.

22.     The producing Barclays Defendant retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Any Barclays Defendant may designate Barclays Discovery Material it produces to a party to this action as "Confidential" or "Highly Confidential" consistent with the terms of this Order, even if the producing Barclays Defendant is no longer a named party to this action. In such circumstances, Barclays Discovery Material designated Confidential or Highly Confidential by the non-party Barclays Defendant shall be assigned the same protection as Barclays Discovery Material so designated by Barclays Defendants as parties to this action, and all duties applicable to a party under this Order shall apply to a non-party Barclays Defendant designating Barclays Discovery Material as Confidential or Highly Confidential.  All obligations applicable under this Order to parties receiving Barclays Discovery Material shall apply to any party receiving Barclays Discovery Material from such non-party Barclays Defendant.

24.     If, at any time, any Barclays Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to the producing Barclays Defendant and include with that notice a copy of the subpoena or request.  To the extent permitted by law, the person to whom the subpoena or request is directed

- 12 -

also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to the producing Barclays Defendant in order to provide the producing Barclays Defendant a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Barclays Discovery Material.  If the person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the person to whom the subpoena or request is directed shall, to the extent permitted by law, notify the producing Barclays Defendant of this fact.  In no event shall such Barclays Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing the producing Barclays Defendant an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.   In the event that Barclays Discovery Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Barclays Discovery Material.

25.     In order to expedite production of voluminous materials, a Barclays Defendant producing Barclays Discovery Material previously produced to a regulator or to another party in another litigation may designate those collections of documents that by their nature contain Confidential or Highly Confidential Barclays Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation.  Notwithstanding the foregoing, the receiving party may, pursuant to the procedures set forth in paragraph 8, challenge the designation of one or more particular

- 13 -

documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection asserted.

26.     Confidential or Highly Confidential Barclays Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential Barclays Discovery Material solely because it was or is so-produced, regardless of whether such regulator made or makes such Confidential or Highly Confidential Barclays Discovery Material available to one or more third parties.

27.     The undersigned and all NDA Parties agree to meet and confer concerning the use of any Confidential or Highly Confidential Barclays Discovery Material at hearings or at the trial of this action not fewer than five (5) days prior to any such hearing or trial.  Where a hearing or trial is scheduled on less than five (5) days' notice, the parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial.  The use of Confidential or Highly Confidential Barclays Discovery Material at hearings or at trial shall not cause such Confidential or Highly Confidential Barclays Discovery Material to lose its status as Confidential or Highly Confidential Barclays Discovery Material.

28.     This Order shall survive the termination of the litigation.  The Court retains jurisdiction over parties, counsel for parties and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action.  Upon written

request of the producing Barclays Defendant, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Barclays Discovery Material designated Confidential or Highly Confidential pursuant to this Order, and all copies of such material shall be returned or destroyed by the receiving person, and so certified in writing within ninety (90) days of the producing Barclays Defendant's written request.  Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential Barclays Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential or Highly Confidential Material, and copies thereof retained by counsel, so long as such material is clearly marked to reflect that it contains such information, and the person retaining such material otherwise complies with this Order with respect to such retained material.

29.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

30.     Nothing herein shall preclude any party from seeking modification of this Order or additional protection for particular documents for good cause.

31.     By stipulating to the entry of this Order, no Barclays Defendant waives any right it otherwise would have to object to disclosing or producing any information or item on any

ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

32.     During the pendency of this action only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

33.     This Stipulation and Order may be executed in counterparts.

SO STIPULATED AND AGREED.

Dated:  August 12, 2015

**Deleted:** 5

_____
Vincent Briganti
Geoffrey Milbank Horn
Lowey Dannenberg Cohen & Hart, P.C.
White Plains Plaza
One North Broadway
Suite 509
White Plains, New York 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
*vbriganti@lowey.com*
*ghorn@lowey.com*

_____
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588
*braffd@sullcrom.com*
*quinny@sullcrom.com*
*scottj@sullcrom.com*
*porporam@sullcrom.com*

_____
Christopher Lovell
Gary S. Jacobson
Lovell Stewart Halebian Jacobson LLP
61 Broadway, Suite 501
New York, New York 10006
Tel.: (212) 608-1900
Fax: (212) 719-4677
*clovell@lshllp.com*
*gsjacobson@lshllp.com*

_____
Jonathan D. Schiller
Leigh M. Nathanson
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Floor
New York, New York 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350
*jschiller@bsfllp.com*
*lnathanson@bsfllp.com*

*Counsel for Plaintiffs Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System, Sonterra Capital Master Fund, Ltd., Frontpoint Partners Trading Fund, L.P., and Frontpoint Australian Opportunities Trust*

*Counsel for Defendant Barclays plc, Barclays Bank plc and Barclays Capital Inc.*


IT IS SO ORDERED.

DATED: _____    _____
                                  THE HONORABLE P. KEVIN CASTEL
                                  UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN SULLIVAN, WHITE OAK FUND LP,
CALIFORNIA STATE TEACHERS' RETIREMENT
SYSTEM, SONTERRA CAPITAL MASTER FUND., LTD.,       Docket No.
FRONTPOINT PARTNERS TRADING FUND, L.P., AND        13-cv-02811 (PKC)
FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST
on behalf of themselves and all others similarly situated,

                                          Plaintiffs,


                         – against –

BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS
CAPITAL INC., CITIGROUP, INC., CITIBANK, NA.,
COÖPERATIEVE CENTRALE RAIFFEISEN-
BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A.,
CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, HSBC
HOLDINGS PLC, HSBC BANK PLC, J.P. MORGAN
CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION, THE ROYAL BANK OF SCOTLAND PLC,
SOCIÉTÉ GÉNÉRALE SA, UBS AG, and John Doe
Nos. 1–50,

                                          Defendants.

---

**NON-DISCLOSURE AGREEMENT**

1

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order Governing Materials Produced by the Barclays Defendants (the "Protective Order") in this action.  I agree that I will use Barclays Discovery Material solely for the prosecution or defense of this action and for no other purpose and that I am subject to the terms of the Protective Order.  For the avoidance of doubt, I agree that I will not disclose Barclays Discovery Material, including Barclays Discovery Material designated as Confidential or Highly Confidential, except as authorized by the Protective Order.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____          _____

                                                                                      **[NAME]**

**Deleted:** Barclays

2

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND., LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated, | Docket No. 13-cv-02811 (PKC) |

_____ Plaintiffs,

_____ – against –

BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., CITIGROUP, INC., CITIBANK, NA., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, HSBC HOLDINGS PLC, HSBC BANK PLC, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG, and John Doe Nos. 1–50,

_____ Defendants.

**NON-DISCLOSURE AGREEMENT FOR NDA PARTIES**

1

Defendant/s _____ (the "NDA Party"), through its undersigned authorized representative, acknowledges that it has read and understands the Stipulation and Protective Order Governing Materials Produced by the Barclays Defendants (the "Protective Order") in this action.  The NDA Party agrees that it will use Barclays Discovery Material solely for the prosecution or defense of this action and for no other purpose and that the NDA Party is subject to the terms of the Protective Order.  For the avoidance of doubt, the NDA Party agrees that it will not disclose Barclays Discovery Material, including Barclays Discovery Material designated as Confidential or Highly Confidential, except as authorized by the Protective Order.  By acknowledging these obligations under the Protective Order, the NDA Party understands that it is submitting itself to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any issue or dispute arising hereunder only and that the NDA Party's willful violation of any term of the Protective Order could subject the NDA Party to punishment for contempt of Court.  By agreeing to the terms of this Non-Disclosure Agreement, or otherwise becoming subject to the terms of the Protective Order, the NDA Party does not waive, and expressly reserves, any and all defenses that the NDA Party may have in this action, including any defenses for lack of personal jurisdiction with respect to the claims asserted in this action.

DATED:  _____  _____
                                                                Name:
_____        On behalf of the NDA Party