## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE 212-373-3000

LLOYD K. GARRISON 1946-1991
RANDOLPH E. PAUL 1946-1956
SIMON H. RIFKIND 1950-1995
LOUIS S. WEISS 1927-1950
JOHN F. WHARTON 1927-1977

UNIT 3601 OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU  U.K.
TELEPHONE (44 20) 7367 1600

WRITER'S DIRECT DIAL NUMBER

212-373-3355

WRITER'S DIRECT FACSIMILE

212-492-0355

WRITER'S DIRECT E-MAIL ADDRESS

msilverman@paulweiss.com

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223 7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

August 18, 2015

Via ECF

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Time to file motion extended to October 14. Response due November 20. Reply due December 9. Defendants may file one consolidated brief of 35 pages; response 35 pages; reply 20 pages.  SO ORDERED.
> August 19, 2015.    /s/ P. Kevin Castel
>                     P. Kevin Castel
>                     United States District Judge

*Sullivan v. Barclays PLC et al.*, No. 13-cv-2811

Dear Judge Castel:

       This firm represents Deutsche Bank AG and DB Group Services (UK) Limited in the above-captioned action.  I write on behalf of our clients and Defendants Citigroup, Inc., Citibank, N.A., Coöperative Centrale Raiffeisen-Boerenleenbank, B.A. ("Rabobank"), Crédit Agricole S.A., Crédit Agricole CIB, HSBC Holdings plc, HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., the Royal Bank of Scotland plc, Société Générale, and UBS AG.[1]

       Pursuant to Rule 1.C of Your Honor's Individual Practices, we respectfully request 60 days to respond to the Fourth Amended Complaint, which was filed on August 13, 2015.  This is our first request for additional time since the filing of

---

[1] These are all Defendants other than Barclays plc, Barclays Bank plc, and Barclays Capital Inc. ("Barclays Defendants"), which are cooperating with Plaintiffs pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA"), and three new Defendants named for the first time in the Fourth Amended Complaint: BNP Paribas S.A., ICAP plc, and ICAP Europe Limited.  To our knowledge, the three new Defendants have not yet been served with the Fourth Amended Complaint.

Hon. P. Kevin Castel                                                                                                               2

the Fourth Amended Complaint, and it would extend the time to file motions to dismiss (which would otherwise be due on September 14, 2015) by 30 days, to October 14, 2015.

We have conferred with counsel for Plaintiffs, and they consent to our request provided that they also receive a 30-day extension of their time to submit oppositions. Under this proposal, Plaintiffs' oppositions would be due 60 days from service of the motions to dismiss, and Defendants' replies would be due 30 days (increased from 21 days under the current schedule) from service of Plaintiffs' oppositions. We have also conferred with counsel for the Barclays Defendants, and they also consent to this request.

As explained more fully below, Plaintiffs have had more than two-and-a-half years to draft their pleading, which is now more than 205 pages long and includes an additional 1,125 pages of exhibits. Defendants request this extension to enable them to review and analyze these voluminous materials (which allege numerous new facts and theories), consult with their clients (most of which are headquartered overseas), and coordinate the drafting of joint motions to dismiss.

**History of the Litigation**

We believe that a brief review of the history of this litigation will provide useful context for our request.

Since Plaintiffs filed their initial Complaint in February 2013 (Dkt. No. 1), they have amended their operative pleading four times, adding new parties and new claims each time:

- On November 1, 2013, the day before filing their First Amended Complaint, Plaintiffs first raised the prospect of receiving materials from Barclays pursuant to ACPERA. Plaintiffs filed the First Amended Complaint on November 2, 2013 (Dkt. No. 75), and on November 5, the Court adjourned Defendants' time to respond *sine die* in view of Plaintiffs' representation that they intended to file a further amended complaint incorporating Barclays' ACPERA cooperation. Dkt. No. 77.

- The parties provided a status update to the Court on March 4, 2014 that (1) again raised the prospect of Barclays providing Plaintiffs with ACPERA materials, (2) proposed that a Second Amended Complaint be filed within 90 days, and (3) requested (on behalf of Plaintiffs) permission to file an interim amended complaint for the purpose of adding JPMorgan Chase Bank, N.A. as a defendant. Dkt. No. 91. The Court entered a scheduling order requiring Plaintiffs to file a Second Amended Complaint on May 2, 2014, directing the Defendants to file a pre-motion letter outlining a proposed motion to dismiss by May 30, 2014, and giving Plaintiffs until June 27, 2014 to file a Third Amended Complaint if they chose to do so. Dkt. No. 100.

Hon. P. Kevin Castel                                                                                                           3

- Plaintiffs filed their Second Amended Complaint on May 2, 2014 (Dkt. No. 110), and on May 30, 2014, Defendants filed their pre-motion letter explaining the grounds on which they proposed to move to dismiss the Second Amended Complaint (Dkt. No. 126).

- On June 13 and 20, 2014, Plaintiffs requested an extension of their time to file the Third Amended Complaint to July 31, 2014, citing a representation from Barclays that it would be in a position to provide ACPERA materials "in the near future." Dkt. Nos. 127, 128. The Court granted Plaintiffs' request. Dkt. No. 129.

- On July 29, 2014, Plaintiffs requested a further extension of time to file the Third Amended Complaint, citing the fact that they had not received any ACPERA materials from Barclays until that afternoon. Dkt. No. 130. The Court subsequently stayed the time for filing the Third Amended Complaint until at least September 9, 2014. Dkt. No. 133. On September 11, 2014, the Court granted the Department of Justice's motion to intervene and stay discovery until at least May 12, 2015, allowing Plaintiffs (1) until October 3, 2014, to file their Third Amended Complaint and (2) granting Plaintiffs leave to seek to file a Fourth Amended Complaint following the lifting of the stay. Dkt. No. 136. Pursuant to the Court's Order, Plaintiffs filed their Third Amended Complaint on October 3, 2014. Dkt. No. 139.

- The Court lifted the discovery stay on May 13, 2015 (Dkt. No. 155) and thereafter entered a scheduling order granting Plaintiffs 90 days to file their Fourth Amended Complaint, and granting Defendants 30 days to file their initial response. Dkt. No. 161. Although the Court did not accept the briefing schedule proposed by the parties at that time, the Court noted that the scheduling order was entered "without prejudice to a revised schedule." *Id.*

- On August 10, 2015, the day before they were due to file their Fourth Amended Complaint, Plaintiffs wrote to the Court stating that "[t]oday, the Department of Justice informed Plaintiffs that it will not object to Plaintiffs' inclusion in the complaint of the information that the Barclays Defendants have provided to Plaintiffs, provided that the complaint is filed under seal and that the Court has signed an order binding the Defendants to confidentiality." Dkt. No. 168.

- On August 13, 2015, the Court entered Plaintiffs' and Barclays' proposed protective order, with an addendum (1) appearing to require parties seeking to use Barclays' confidential material in a submission to notify Barclays 14 days prior to submission, identifying the particular confidential material sought to be used and (2) requiring Barclays to request that the relevant submission be filed under seal 7 days prior to its submission. Dkt. No. 173.

- Also on August 13, 2015, the Court issued an order that, among other things, required Plaintiffs to file a redacted Fourth Amended Complaint by August 14, 2015, and deliver an unredacted version of the complaint to chambers. Dkt. No. 172.

- Plaintiffs filed the redacted version of the Fourth Amended Complaint on August 13, 2015 (Dkt. No. 174) and also delivered that evening unredacted versions of the Fourth Amended Complaint to the Defendants that had already appeared in the action.

- Under the Court's June 19, 2015 Scheduling Order, Defendants' motion to dismiss will be due on September 14, which is the first day of the Jewish holidays. Dkt. No. 161.

**Reasons for the Requested Extension**

We request this 30-day extension for three reasons:

*First*, the Fourth Amended Complaint is voluminous. With 521 paragraphs of allegations, the complaint itself is 205 pages long, alleging numerous new facts and theories. Plaintiffs also attached 23 separate exhibits to the Fourth Amended Complaint, adding 1,125 additional pages of material. In addition, Plaintiffs have incorporated "by reference" ACPERA materials provided to them by Barclays. While Barclays and Plaintiffs have indicated that they anticipate sharing these ACPERA materials with Defendants, we have not yet received them. Defendants need the time requested to review and analyze these voluminous allegations, consult with clients, most of which are overseas, and draft motions to dismiss.

*Second*, the undersigned Defendants will use the additional time to coordinate and consolidate the briefing of the motions to dismiss, thereby reducing the total number of submissions and the burden on the Court's resources. Given the number of Defendants, we believe the requested time is necessary to coordinate briefing among Defendants effectively and allow for review and approval of the briefs by (mostly overseas) clients. Further, BNP Paribas S.A., ICAP plc, and ICAP Europe Limited have not previously been parties to this action. We would use the additional time to attempt to coordinate briefing with the new defendants as well, once they are served.

*Third*, there are at least five groups of cases pending in this district concerning interbank offer rates (IBORs) for other currencies that include multiple defendants—including many of the same entities that are Defendants in this action—and that involve issues concerning the Sherman Act, Commodity Exchange Act, RICO and common law that are similar to the issues raised in this action. Defendants in those actions have been able to organize themselves to submit joint briefs efficiently (and were given additional time to do so).[2] As a result of those coordinated motions, the courts that

---

[2] *See In re LIBOR-Based Fin Instruments Antitrust Litig*, No. 11-md-2262 (NRB) (S.D N Y ) (U S Dollar LIBOR), *Laydon v Mizuho Bank Ltd, et al*, 12-cv-3419 (GBD) (S D N Y ) (Yen LIBOR and Euroyen

Hon. P. Kevin Castel 5

have ruled so far have significantly narrowed the cases before them, dismissing all antitrust and RICO claims, and many Commodity Exchange Act and common law claims, and also dismissing many defendants (including some that are also Defendants in this action) for lack of personal jurisdiction.[3] We submit that well-briefed motions to dismiss in this action are likely to reduce the issues substantially, if not completely.[4]

We understand that the Court has concerns regarding the length of time this action has been pending. Any delay has not been caused by Defendants. As outlined above, Plaintiffs have had two-and-a-half years and five separate opportunities to prepare their operative pleading (including 92 days since the lifting of the stay to review and incorporate the Barclays Defendants' ACPERA materials). We respectfully submit that the 30-day extension requested to respond to the Fourth Amended Complaint is reasonable and will not unduly delay the progress of this lawsuit.

Pursuant to Rule 1.C of Your Honor's Individual Practices, a Proposed Revised Schedule is attached to this letter.

Respectfully submitted,

*/s/ Moses Silverman*

Moses Silverman

cc: All Counsel (via ECF)

---

TIBOR), *7 W 57th St Realty Co v Citigroup, Inc*, 13-cv-0981 (PGG) (S D N Y) (U S Dollar LIBOR), *Sonterra Capital Master Fund, Ltd, et al v Credit Suisse Grp AG, et al*, No 15-cv-0817 (SHS) (S D N Y) (Swiss Franc LIBOR), *Sonterra Capital Master Fund, Ltd, et al v Barclays Bank plc, et al*, 15-cv-3538 (VSB) (S D N Y) (Pound Sterling LIBOR)

[3] See *In re LIBOR-Based Fin Instruments Antitrust Litig* ("*LIBOR IV*"), 2015 WL 4634541 (S D N Y Aug 4, 2015), *In re LIBOR-Based Fin Instruments Antitrust Litig* ("*LIBOR III*"), 27 F Supp 3d 447 (S D N Y 2014), *In re LIBOR-Based Fin Instruments Antitrust Litig* ("*LIBOR II*"), 962 F Supp 2d 606 (S D N Y 2013), *In re LIBOR-Based Fin Instruments Antitrust Litig* ("*LIBOR I*"), 935 F Supp 2d 666 (S D N Y 2013), *W 57th St Realty Co v Citigroup, Inc*, 2015 WL 1514539 (S D N Y Mar 31, 2015), *Laydon v Mizuho Bank Ltd*, 2014 WL 1280464 (S D N Y Mar 28, 2014)

[4] An additional reason the parties need the time requested is because of the complications that may be caused by the fact that Plaintiffs filed a redacted version of the Fourth Amended Complaint Plaintiffs represented that this was necessary because it contains ACPERA materials Dkt Nos 168 The Court has given the parties until August 25 to show cause why the unredacted Fourth Amendment Complaint should not be filed on the public record Dkt No 172 To the extent portions of the Fourth Amended Complaint remain confidential and redacted from the public record, the protective order entered on August 13, 2015, appears to require Defendants to provide notice at least 14 days in advance of submitting motions to dismiss if Defendants intend to refer to confidential ACPERA materials on which the Fourth Amended Complaint relies Dkt No 173 at 20 (addendum to order)