PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON  (1946-1991)
RANDOLPH E PAUL  (1946-1956)
SIMON H RIFKIND  1950-1995
LOUIS S WEISS  1927-1950
JOHN F WHARTON  1927-1977

WRITER'S DIRECT DIAL NUMBER
(212) 373-3355

WRITER'S DIRECT FACSIMILE
(212) 492-0355

WRITER'S DIRECT E-MAIL ADDRESS
msilverman@paulweiss.com

UNIT 3601 OFFICE TOWER A BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE 86-10-5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE 44 20 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2 CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST SUITE 3100
PO BOX 226
TORONTO ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08-27-15

August 24, 2015

**Via ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Sullivan v. Barclays PLC et al.*, No. 13-cv-2811

Dear Judge Castel:

   This firm represents Deutsche Bank AG and DB Group Services (UK) Limited in the above-captioned action. I write on behalf of our clients and Defendants Citigroup, Inc., Citibank, N.A., Coöperatieve Centrale Raiffeisen-Boerenleenbank, B.A. ("Rabobank"), Crédit Agricole S.A., Crédit Agricole CIB, HSBC Holdings plc, HSBC Bank plc, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., the Royal Bank of Scotland plc, Société Générale, and UBS AG.

   By an Order dated August 19, 2015, this Court granted Defendants' request for 60 days to move to dismiss the Fourth Amended Complaint. In that Order, the Court also directed the Defendants to file a single, joint brief and limited the parties to 35 pages for their main briefs and 20 pages for Defendants' reply. Dkt. No. 180. We appreciate the Court's understanding of the challenge facing the undersigned Defendants, most of which are based overseas, in coordinating efficiently to respond to a 205-page pleading. I regret that in my August 18 letter requesting an extension of time to respond, I did not give the Court more detail concerning the motions to dismiss that Defendants are contemplating or make a specific request for additional pages for Defendants' joint briefing.[1] The Fourth Amended Complaint was filed on behalf of 6 different Plaintiffs,

---

[1] By letter dated May 30, 2014, I wrote to the Court explaining the issues that Defendants would raise on a Motion to Dismiss the Second Amended Complaint. Dkt. No. 110.

MEMO ENDORSED

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. P. Kevin Castel                                                                 2

who joined the action at different times, allegedly transacted in one or more of 4 different financial instruments, and assert 11 causes of action against 19 different Defendants. The Defendants also were brought into this action at different times and are differently situated with respect to, among other issues, statute of limitations and personal jurisdiction defenses. We respectfully request that the Court grant the parties additional pages for their briefs.

Defendants contemplate two motions to dismiss: 1) a motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss certain claims for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss all of Plaintiffs' eleven claims for failure to state a claim under the Sherman Act, the Commodities Exchange Act, RICO and common law; and 2) a motion by foreign Defendants pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction.

Similar motions have been granted in substantial part in prior interbank offered rate (IBOR) decisions.[2] We believe that much of Plaintiffs' voluminous, 521-paragraph Fourth Amended Complaint is an effort to plead around those rulings and that much of the briefing will concern whether those efforts are successful. This will necessarily involve discussion of Plaintiffs' 205 pages of allegations.

In order to be able to address these issues properly, Defendants respectfully request that the Court's Order providing for 35 pages for Defendants' moving brief, 35 pages for Plaintiffs' opposition, and 20 pages for Defendants' reply be applied to Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). We request that the Court modify the Order to allow the parties to file a separate brief of not more than 20 pages for Defendants' moving brief, 20 pages for Plaintiffs' opposition, and 8 pages for Defendants' reply for the foreign Defendants' motion under Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction. Defendants respectfully note that this request is for considerably fewer pages than Defendants have been granted in the five other groups of IBOR cases where motions to dismiss have been briefed.

Plaintiffs' counsel has advised us that they oppose this request.

Application - DENIED

Respectfully submitted,

Moses Silverman

cc: All Counsel (via ECF)

---

[2] See In re LIBOR-Based Fin. Instruments Antitrust Litig. ("LIBOR IV"), 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015); In re LIBOR-Based Fin. Instruments Antitrust Litig. ("LIBOR III"), 27 F. Supp. 3d 447 (S.D.N.Y. 2014); In re LIBOR-Based Fin. Instruments Antitrust Litig. ("LIBOR II"), 962 F. Supp. 2d 606 (S.D.N.Y. 2013); In re LIBOR-Based Fin. Instruments Antitrust Litig. ("LIBOR I"), 935 F. Supp. 2d 666 (S.D.N.Y. 2013); W. 57th St. Realty Co. v. Citigroup, Inc., 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015); Laydon v. Mizuho Bank Ltd., 2014 WL 1280464 (S.D.N.Y. Mar. 28, 2014). Appeals from the dismissal of Plaintiffs' federal antitrust claims in the U.S. Dollar LIBOR multidistrict litigation before Judge Buchwald are currently consolidated before the Second Circuit in In re LIBOR-Based Financial Instruments Antitrust Litigation, No. 13-3565. That appeal has been fully briefed. No argument date has been set.