UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br><br>      Defendants. | No. 13-cv-02811 (PKC)<br><br>DECLARATION OF ANDREW BERRY ON BEHALF OF ICAP EUROPE LTD. IN SUPPORT OF FOREIGN DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

I, Andrew Berry, declare under penalty of perjury as follows:

1. I am a director for ICAP Europe Ltd. ("IEL") in London, United Kingdom.

2. I submit this Declaration on behalf of IEL in support of Foreign Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. This Declaration is based upon my personal knowledge and is true and correct to the best of my knowledge and belief.

3. IEL is organized under the laws of the United Kingdom.

4. IEL has its registered office in London, United Kingdom. IEL has no offices in the United States.

5. IEL is wholly owned, through intermediate wholly-owned UK-based subsidiaries, by ICAP plc, a UK-based holding company. Thus IEL has no American shareholders, and IEL does not list stock on any public exchanges, including any in the United States.

6. IEL does not have any employees in the United States.

7. IEL does not maintain any bank accounts in the United States.

8. IEL does not pay taxes to the United States government.

9. All of IEL's brokers were based outside of the United States. The vast majority of their communications were with traders and dealers who were either also in London or elsewhere in Europe or in Asia.

10. IEL's business focuses on transactions in financial markets in Europe and Asia. ICAP business in the United States is conducted through separate subsidiaries, and subsidiaries of subsidiaries, that are organized and headquartered in the United States.

11. IEL is an interdealer broker, meaning that it acts as an intermediary between financial institutions that act as dealers. IEL does not engage in transactions with any "retail" customers or end users and did not do so during the relevant time period.

12. On September 25, 2013, the Commodity Futures Trading Commission ("CFTC") issued an Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act Making Findings and Imposing Remedial Sanctions Against ICAP Europe Limited (the "Settlement Order"). IEL neither admitted nor denied the findings or conclusions of the Settlement Order, and expressly withheld consent to the use of the Settlement Order by any other party in any other proceeding.

13. The conduct alleged in the Settlement Order took place entirely outside of the United States. The Settlement Order contains no allegations related to individuals located in, or communicating with individuals located in, the United States. Finally, the Settlement Order contains no allegations whatsoever relating to Euribor.

14. I, Andrew Berry, director for IEL, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed in London, United Kingdom on October 9, 2015.

_____
Andrew Berry