# EXHIBIT 2

# LOVELL STEWART HALEBIAN JACOBSON LLP

Lovell Stewart Halebian Jacobson LLP and its predecessors (collectively "Lovell Stewart") have been privileged to have been appointed to serve as class counsel and prosecute complex antitrust, commodities and securities class actions since 1980.

The Firm believes that the best indicator of an attorney's experience serving as class counsel, is the net recovery to the client that the attorney produces. Lesser indicators of such attorney experience include the following: (1) the dollar amount of the class action settlements the Firm produces relative to other class action settlements under the same statute; (2) the difficulty or complexity of the cases handled; and (3) whether the Firm's work on behalf of the class has contributed significantly to the development of the law.

**The Net Recovery to the Client**. Reportedly, the amount of recovery in financial class actions varies, but averages approximately 5-10 percent of class member losses.

The Firm, as court-appointed lead or co-lead counsel for the class, has succeeded in obtaining (so far) **seven** different class action settlements that recovered, after deduction for all costs and attorneys' fees, **100¢** on each dollar of losses[1] of each claiming class member:

- *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998);
- *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999);
- *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.);
- *In re Soybeans Futures Litig.*, 89 Civ. 7009 (CRN) (N.D. Ill.);
- *In re BP Propane Indirect Purchaser Antitrust Litig.*, 06-cv-3541 (JBZ) (N.D. Ill.);
- *Kaplan v. E.F. Hutton Group, Inc., et al.*, Civ. No. 88-00889 (N.Y. Sup. Ct.); and
- *Krome v. Merrill Lynch and Co., Inc.,* 85-cv-765 (DNE) (S.D.N.Y).

**Gross Recoveries Relative to Other Settlements Under The Same Statute**. Three of the above mentioned settlements represented, at the time the settlement was made, the **largest** class action settlement in the history of the law under which the claim was brought. These were, respectively, the federal antitrust laws,[2] the Commodity Exchange Act, 7 U.S.C. §1 *et seq.* ("CEA")[3] and the Investment Company Act, 15 U.S.C. §80a-1, *et seq.*[4] Also, one of the Firm's senior partners was a court-appointed member of the Executive Committee in the price-fixing

---

[1] "Losses" means single, actual damages, exclusive of trebling and also exclusive of any prejudgment interest.

[2] *See NASDAQ*, 187 F.R.D. at 471 ("this all-cash settlement [for $1,027,000,000], achieved through 'four years of hard-fought litigation,' apparently is the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws.").

[3] *Sumitomo*, 74 F. Supp. 2d at 395 ("The recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act").

[4] *Blatt*, 94 Civ. 2348 (JAG) (D.N.J.) ("by far the largest settlement" of class action claims under the Investment Company Act, *Securities Class Action Alert* letter dated August 17, 2000).

case which obtained what was then the second largest class action settlement in the history of the federal antitrust laws.[5]

The Firm, as court-appointed sole lead or co-lead counsel for classes alleging commodity futures manipulation, has produced what were and still are the largest[6], the second largest[7], the third largest[8] and the fourth largest[9] class action recoveries in the history of the CEA.

Further, the Firm has been privileged to serve as court-appointed class counsel in antitrust cases in which billions of dollars have been recovered[10] and has also acted as an executive member in antitrust or non-CEA manipulation class actions in which significant settlements have been achieved. *Compare In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No., MDL 1827 (N.D. Cal.) (settlements in excess of $1.1 billion) *with In re IPO Securities Litig.*, 21 MC 92 (S.D.N.Y.) ($586,000,000 in settlements).

The Firm also has been told that it is the only "plaintiffs' law firm" to successfully bring to trial antitrust claims in the "Mother Court," the United States District Court for the Southern District of New York. *See* "Degree of Complexity" below.

Finally, the Firm has particularly deep experience with price fixing and manipulation claims involving exchange traded instruments. The Firm obtained, as court-appointed co-lead counsel, what was then the largest and, in the exchange or over the counter market context, still is the largest class action recovery in the history of the antitrust laws. *NASDAQ,* 187 F.R.D. at 471.

**Degree of Difficulty or Complexity**. The Firm believes that a very important indicator of an attorney's experience, is the difficulty or complexity of the cases that the attorney has prosecuted. The degree of difficulty or complexity is somewhat subjective. But the Firm is

---

[5] *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897 (N.D. Ill.) ($696,657,000 plus other relief was obtained.)
[6] *Sumitomo,* 74 F. Supp. 2d at 395 (the Firm acted as sole lead counsel).
[7] *Kohen* v. *Pac. Inv. Mgmt. Co. LLC,* 244 F.R.D. 469 (N.D. Ill., 2007), *aff'd,* 571 F.3d 672 (Posner, J.), *cert. denied,* 130 S. Ct. 1504 (2010) (Final Judgment and Order 05 C 4681, filed May 2, 2011 approving $118,750,000 settlement with the Firm acting as sole lead counsel).
[8] *In re Natural Gas Commodities Litig.,* 231 F.R.D. 171 (S.D.N.Y. 2005), *petition for review denied*, 05-5732-cv (2d Cir. Aug. 1, 2006) (in other orders in this case, $100,800,000 in settlements were approved).
[9] *In re Amaranth Natural Gas Commodities Litig.,* 07 Civ. 6377 (S.D.N.Y.) ($77,100,000 settlement as co-lead counsel).
[10] *E.g.*, *NASDAQ*, fn. 2 *supra*; *In re Brand Name Prescription Drugs Antitrust Litig.*, fn. 5 *supra*; *In re Auction Houses Antitrust Litig.*, 00 Civ. 0648 (LAK) (S.D.N.Y.) ($512,000,000 in settlements); *In re Dynamic Random Access Memory ("DRAM") Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) ($313,000,000 in settlements); *Sullivan, et al. v. DB Investments, Inc., et al.*, 04 Civ. 2819 (SRC) (D.N.J.) ($295,000,000 in settlements); *Precision Associates, Inc. v. Panalpina World Transport*, 08 Civ. 0042 (JG) (VVP) (E.D.N.Y.) (settlements in excess of $295,000,000 to date).

particularly proud of its not just prosecution but, in some instances, trials of various cases that have been recognized by the Courts as difficult and complex.

These include difficult federal antitrust cases that have involved both an antitrust claim and a claim under another statute in the same case. For one example, after the Department of Justice decided not to bring price-fixing claims under the federal antitrust laws and after the federal agency regulating commodity futures (the Commodity Futures Trading Commission ("CFTC")) lost a trial seeking to prove attempted manipulation, the Firm tried and won all damages requested in a three week jury trial on claims for price-fixing and manipulation. *Strobl v. New York Mercantile Exch.,* 582 F. Supp. 770 (S.D.N.Y. 1984). The Firm sustained the verdict against motions for *j.n.o.v.* and new trial, and all appeals. *Id. aff'd,* 768 F.2d 22 (2d Cir. 1985), *cert. denied sub nom., Simplot* v. *Strobl,* 474 U.S. 1006 (1985).

At the successful conclusion of the *Strobl* trial, then Chief Judge Lloyd F. MacMahon stated to the Firm's senior partner, Mr. Lovell, and defendants' counsel, the late Peter Fleming Esq.: "You both tried a very difficult case very well." *Strobl,* Trial Tr., November 17, 1983, at 1253:4-5.

The Firm successfully conducted another very difficult antitrust trial, this one to the Court in the Southern District of New York. This trial was interrupted before the last trial session, and produced (in the Firm's opinion), or at least helped produce, class action settlements that granted substantial prompt injunctive relief in the United States' diamond market as well as substantial monetary relief.[11] The Firm knows of no other plaintiffs' firms that have successfully tried antitrust cases in the "Mother Court."

The Firm has also received favorable comments from other District Court Judges about the Firm's performance in overcoming the difficulties and complexities of cases. For example, the Firm is most proud of the comments it received from one of the great District Court Judges, the Honorable Milton Pollack. Judge Pollack appointed the Firm as sole lead counsel and later took the trouble to comment on its work in a complex class action as follows:

---

[11] In *Leider v. Ralfe*, No. 01 Civ. 3137 (S.D.N.Y.)*,* the Firm filed the first class action on behalf of consumers alleging price fixing and monopolization by DeBeers in violation of the antitrust laws. The Firm was named sole class counsel for the certified class. *Leider*, 2003 WL 22339305 (S.D.N.Y. 2003) (certifying for class treatment plaintiffs' claims for injunctive relief under the Wilson Tariff Act and Sections 1 and 2 of the Sherman Act). Shortly before the last day of the trial of the final injunction inquest, the defendants settled companion class actions and obtained an adjournment of the completion of the *Leider* class action trial. They then settled *Leider* as well and the case was transferred to the United States District Court for the District of New Jersey, No. 06-cv-00908 (SRC).
   This settlement produced prompt substantial injunctive relief for the United States diamond markets as well as a substantial financial settlement, which was contested on appeal even as the injunctive relief remained in effect. The Third Circuit ultimately approved the settlement. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3rd Cir. Dec. 20, 2011), *cert. denied*, 132 S.Ct. 1876, *petition for rehearing denied*, 132 S.Ct. 2451 (2012).

> The **unprecedented effort** of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, **skill and persistence**. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved **under trying circumstances in the face of natural, virtually overwhelming, resistance**. The negotiation of each settlement that was made was at arm's length and exhibited **skill and perseverance on the part of lead counsel** and an evident attempt to gain for the Class the optimum settlement figures that could be reached.

*Sumitomo*, 74 F. Supp. 2d at 396 (emphasis added).

The Firm believes that the "effort" and "skill and perseverance" that Judge Pollack found that the Firm exhibited in *Sumitomo,* are also what has helped the Firm to obtain 100¢ on the dollar settlements for its clients, successfully try antitrust cases, and otherwise produce favorable results for its clients in very difficult and complex antitrust and other cases.

> *Bloomberg Markets*' magazine has reported about Christopher Lovell as follows:
>
> To classify Pacific Investment Management Co. [formerly managed by CEO and founder Bill Gross] as a large mutual fund family does it little justice.  Its $747 billion in bond assets almost matches the gross domestic product of Australia.
> *****
> Pimco has found itself up against a formidable opponent in [Christopher] Lovell.  What [Bill] Gross is to the world of Bonds, [Christopher] Lovell is to commodities manipulation and price-fixing lawsuits.

Seth Lubove and Elizabeth Stanton, *Pimco Power in Treasuries Prompts Suit*, BLOOMBERG MARKETS*,* February 20, 2008 (April 2008).

The Firm has been privileged to repeatedly be appointed to serve as lead counsel or co-lead counsel in class actions involving claims arising under federal and/or state antitrust laws and other statutes.  Recently:

- *Precision Associates, Inc. v. Panalpina World Transport,* 08 Civ. 0042 (JG) (VVP) (E.D.N.Y.) (the Firm serves as co-lead counsel and has obtained public settlements in excess of $295,000,000 to date on claims alleging conspiracies to fix prices in violation of the Sherman Act);
- *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 09-cv-0118 (the Firm serves as co-lead counsel and has obtained partial settlements ain the aggregate amount of $195,000,000 on claims alleging that Bernard Madoff manipulated reports of financial results in respect of Fairfield Greenwich securities);

4

- *In re Platinum and Palladium Commodities Litig.*, 10 Civ. 3617 (S.D.N.Y.) (WHP), Dkt. No. 18 (the Firm was as appointed sole lead counsel and obtained settlements in excess of $70 million for the class for claims alleging manipulation in violation of the CEA and price fixing in violation of the Sherman Act);
- *In re Dairy Farmers of America, Inc., Cheese Antitrust Litig.*, 09 Civ. 3690 (N.D. Ill.) (RMD), Dkt. No. 413 (the Firm was appointed as class counsel on a contested motion, and later was appointed as sole lead counsel, and obtained a settlement of $46 million for the class on claims alleging manipulation in violation of the CEA and price fixing in violation of the Sherman Act);

**Development of the Law**.  The Firm's senior partner, Christopher Lovell, argued in the United States Supreme Court and eight Circuit Courts of Appeal.  Also, the Firm briefed, and named partner Gary Jacobson successfully argued, the first appeal in the United States reversing a dismissal of price fixing claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d. Cir. 2010), *cert. denied,* 131 S.Ct. 901 (2011).

When the Firm began, there was considerable precedent holding that antitrust claims were preempted or otherwise not actionable in the commodity futures[12] and securities[13] contexts, and also holding that there was no private right of action under the CEA for manipulation.[14]  But the Firm was privileged to do the following:

(1) In 1981, the Firm authored a successful U.S. Supreme Court brief and made a successful argument in the Supreme Court in the original case which implied a private right of action under the CEA for manipulation, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353 (1982).

(2) In 1982, the Firm prepared a statement and a former partner testified before the Congressional Subcommittee concerning what became the express private right of action under Section 22 of the CEA.  7 U.S.C. § 25.[15]  Today, CEA manipulation claims are still brought under this section.

(3) After prevailing on remand on the federal antitrust claims in the *Strobl* trial, the Firm then successfully briefed and argued on appeal that the federal antitrust claims were not preempted by the CEA.  *Strobl*, 768 F.2d at 28 *supra.*

---

[12] *Compare e.g., Schaefer v. First Nat. Bank of Lincolnwood*, 509 F.2d 1287 (C.A. Ill.) (1975) *with Liang v. Hunt*, 477 F. Supp. 891 (N.D. Ill. 1979) (denying any right of action under CEA or antitrust laws for soybeans class).

[13] *Gordon v. New York Stock Exchange, Inc*., 422 US 659 (1975).

[14] *National Super Spuds, Inc. v. New York Mercantile Exch.*, 470 F.Supp. 1256, (D.C.N.Y. 1979) *rev'd sub nom Leist v. Simplot,* 638 F.2d 283 (2d Cir. 1980) (Friendly, J.)*, aff'd Merrill Lynch, Pierce, Fenner & Smith, Inc.  v. Curran,* 456 U.S. 353 (1982)*.*

[15] *See* Statement of Leonard Toboroff, *Before The Sub-committee On Oversight And Investigations of The Committee On Energy And Commerce*, 97th Cong., 2d Sess. 584-603 (Jun. 7, 1982).

5

(4) In 1997-98, the Firm and its co-lead counsel produced the *NASDAQ* antitrust settlements in the securities market context. This occurred after both the plaintiffs and the defendants had argued to the Department of Justice and other federal agencies about whether these antitrust claims were preempted.

As a result, today, unlike when the Firm started, claims for price fixing under the federal antitrust laws and manipulation under the CEA are well recognized for losses suffered on exchange traded futures contracts.

In addition to *Strobl* and *Starr,* other notable antitrust appeals that the Firm has argued include a case in which Lovell Stewart was appointed as Chair of the Executive Committee on price-fixing claims in another exchange market case. *In re IPO Antitrust Litig.,* 287 F. Supp. 2d 497 (S.D.N.Y. Nov. 3, 2003), *reversed, Billing* v. *Credit Suisse First Boston Ltd.,* 426 F.3d 130 (2d Cir. 2005) ("epic Wall Street conspiracy"), *rev'd,* 551 U.S. 264, 127 S. Ct. 2383 (2007) (federal antitrust claims preempted). In this complex case, the Firm made the plaintiffs' unsuccessful argument in the District Court, successful argument to the Court of Appeals, and the unsuccessful argument to the Supreme Court.

An important part of the law in manipulation and antitrust class actions is that concerning the certification of the class under Rule 23. The Firm co-authored the brief on the class motion in *NASDAQ*. The Court issued an oft-cited decision certifying a very substantial class of seventeen hundred different class securities. *NASDAQ*, 172 F.R.D. 119 (S.D.N.Y. 1997). The Firm has also successfully briefed and argued the **first appeal** and almost all of the attempted petitions for review of decisions certifying classes on commodity futures manipulation claims under Rule 23:

- *PIMCO*, 244 F.R.D. 469 (N.D. Ill. 2007), *aff'd* 571 F.3d 672 (7th Cir. July 7, 2009) (Posner J.) *petition for rehearing and rehearing en banc denied* (7th Cir. July 31, 2009) *petition for certiorari denied* 130 S.Ct. 1504 (2010).

- *In re Sumitomo Copper Litig.*, 182 F.R.D. 85 (S.D.N.Y. 1998); *In re Sumitomo Copper Litig.*, 194 F.R.D. 480 (S.D.N.Y. 2000), *appeal denied*, 262 F.3d 134 (2d Cir. 2001).

- *In re Amaranth Natural Gas Commodities Litig.*, 269 F.R.D. 366 (S.D.N.Y. 2010), *petition for leave to appeal denied sub nom. Amaranth Advisors, LLC, et al. v. Roberto E. Calle Gracey, et al.*, No. 10-4110-mv (2d Cir. Dec. 30, 2010).

- *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171 (S.D.N.Y. 2005), *petition for leave to appeal denied sub nom. Cornerstone Propane Partners, L.P., et al. v. Reliant Energy Services, Inc., et al.*, No. 05-5732-cv (2d Cir. Aug. 1, 2006).

The Firm's senior partner, Christopher Lovell, has successfully tried and argued on appeal three manipulation cases that resulted in significant decisional law: (1) *Strobl*, *supra*; (2) *In the Matter of Harold Collins, et al.,* CFTC no. 77-15 (C.F.T.C Feb 3, 1984), 1986 WL 66165

(C.F.T.C. Apr. 4, 1986), *clarification granted*, 1986 WL 289309 (C.F.T.C. Nov. 26, 1986), *reversed sub nom., Stoller v. Commodity Futures Trading Comm'n,* 834 F.2d 262 (2d Cir. 1987); and (3) *Black v. Finantra*, 418 F. 3d 203 (2d Cir. 2005) (trade manipulation in securities market).

Beyond antitrust and CEA manipulation law, the Firm has been privileged to contribute to the law pertinent to manipulation in other ways. This includes by successfully trying or prosecuting many securities manipulation cases. The Firm successfully tried and obtained a jury verdict for securities manipulation in *Black v. Finantra Capital, Inc., et al.*, 01 Civ. 6819 (S.D.N.Y.) (JSR). Although the District Court vacated the verdict, the Second Circuit Court of Appeals reinstated it, *Black v. Finantra*, 418 F. 3d 203 (2d Cir. 2005), leading to a settlement before the final judgment was entered.

For another example, in *In re IPO Securities Litig.*, 21 MC 92 (S.D.N.Y.), the Firm served as *de facto* co-lead counsel in the consolidated 308 class actions alleging fraud and manipulation under the federal securities laws resulting in a settlement of $586,000,000. *See In re IPO Securities Litig.*, 671 F.Supp.2d 467, 2009 WL 3397238 at *4, n.35 (S.D.N.Y. October 5, 2009).

Relatedly, the Firm has also been privileged to solve problems and contribute to the development of the law in contexts outside antitrust and manipulation claims. For one example, in *Fiala, et al. v. Metropolitan Life Insurance Company, et al.*, Index No. 601181/00 (N.Y. Sup. Ct. N.Y. County), the Firm was appointed as Chairman of co-lead counsel in a class action alleging violations of New York Insurance Law. This resulted in the first certified class and the first settlement under New York's demutualization statute. *See Fiala v. Metropolitan Life Insurance Co.*, 776 N.Y.S.2d 29 (1st Dep't 2004); *Fiala v. Metropolitan Life Insurance Co.*, Slip Op., 2006 WL 4682149 (N.Y. Sup. Ct., May 2, 2006 N.Y. County) (certifying the class).

For another example, the Firm successfully argued *Grandon v. Merrill Lynch & Co. Inc.,* 147 F.3d 184, 192-3 (2d Cir. 1998), which was the first case to impose a duty on brokers to disclose excessive mark ups on their sales of bonds.

Finally, the Firm's senior partners are entering their prime working years such that the attorneys who originally produced the good results for the Firm, are the same one who are now litigating or managing the litigation of the clients' claims.

*****

Individual biographies of the Firm's primary attorneys are set forth below.

*Christopher Lovell—Partner*

Chris graduated from New York University School of Law in 1976, receiving the Vanderbilt Award, and worked at a Wall Street law firm successfully defending antitrust and CEA claims in private and government actions between 1977 and 1980, including a successful defense at trial of charges of manipulation in violation of the Commodity Exchange Act. *In re Harold Collins, et al.*, CFTC No. 77-15, 1984 WL 48079 (CFTC Feb. 3, 1984).

Chris founded the Firm in 1980 and has been privileged to be selected to try more than sixty (60) cases and serve as lead or co-lead class action counsel in more than fifty actions.

Chris was the first plaintiffs' lawyer to try successfully antitrust price fixing and manipulation claims in the U.S. District Court for the Southern District of New York. Chris prepared the briefs for the Firm's successful argument in the U.S. Supreme Court that a private right of action for manipulation should be implied under the Commodity Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353 (1982).

Chris is an Advisory Board Member of the Center on Civil Justice at New York University Law School, a member of the Justice Circle of the Aspen Institute Justice & Society Program, and other charitable organizations.

*Victor E. Stewart—Partner*

Victor is Chairman of Firm's securities law department. Victor was named Valedictorian of St. Marks School Class of 1968, is a 1972 graduate of Yale College (B.A. English), a 1975 graduate of Harvard Business School (M.B.A.) with a concentration in finance and commodity business, a 1979 graduate of the University of Virginia Law School (J.D.), and served on The Virginia Journal of International Law (1977-1979), Articles Editor (1978-1979).

Victor has more than twenty-five years' experience in the securities field, including securities litigation, public and private securities offerings both as issuer's and underwriter's counsel, arbitrage, mortgage securitization and financial markets analysis.

Victor second-chaired the successful trial of antitrust and CEA manipulation claims in *Strobl v. New York Mercantile Exchange,* 582 F. Supp. 770 (S.D.N.Y. 1984), *aff´d*, 768 F.2d 22 (2d Cir. 1985), *cert. denied, Simplot v. Strobl*, 474 U.S. 1006, 106 S.Ct. 527 (1985); has subsequently litigated complex class actions, including acting as the Firm's principal attorney in *Initial Public Offering Antitrust Litigation* and *In re Initial Public Offering Securities Litigation*, 2009 WL 3397238 (S.D.N.Y. October 5, 2009); *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 09-cv-0118 (S.D.N.Y.); *In re Facebook, Inc., IPO Securities and Derivative Litig.*, MDL 12-2389 (S.D.N.Y); and performed substantial work on *In re Sumitomo Copper L*itigation, 96 Civ. 4584 (MP) (S.D.N.Y.); *In re NASDAQ Market-Makers Antitrust Litigation*, M.D.L. No. 123 (S.D.N.Y.); and *Eugenia J. Fiala, et al. v. Metropolitan Life Insurance Company, et al.*, Index No. 00/601181 (N.Y.S. Sup. Ct.).

*John Halebian—Partner*

John is a graduate of Georgetown University (A.B., 1974) and Villanova Law School (J.D., 1977). John served on the Villanova Law Review (1975-77) as Case and Comments Editor (1976-1977) and also served as Editor-in-Chief of The Docket, the law school newspaper (1976-1977).

8

Since graduating from law school in 1977, John has represented both plaintiffs and defendants in a wide range of corporate and commercial litigation, including, but not limited to, breach of contract commercial disputes, lawsuits involving works of art, insurance, banking, employee compensation and securities, investments and financial fraud.

In this regard, John has represented officers and directors of public corporations, and lawyers and accountants in defending securities class actions, and has prosecuted numerous securities class actions against major public companies.

John has tried cases and argued appeals in both the state and federal courts and has extensive arbitration trial experience. While he continues to maintain a diverse commercial and corporate litigation practice, in the past twenty years his practice has emphasized class actions and securities fraud litigation.

In 1989, John was a founding member of Wechsler Skirnick Harwood Halebian & Feffer LLP, where he specialized in securities class action and derivative litigation (1989 to 2002) and had primary responsibility for numerous large complex corporate and commercial litigations.

*Gary S. Jacobson—Partner*

Gary is the Chairman of the Firm's antitrust department.  Gary is a 1972 graduate of Yale College (A.B. with Honors), where he served as Chairman of the Yale Record.  Gary is also a 1976 graduate of the University of Virginia Law School (J.D.), where he served as a member of the board of editors of the Virginia Law Review (1974-76).

Gary has been litigating antitrust cases since the *Uranium Antitrust Litigation* (N.D. Ill.) case in 1979; made the successful oral argument in the Second Circuit Court of Appeals in *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010), resulting in the first appellate reversal of an order dismissing an antitrust class action complaint under the Supreme Court's *Bell Atlantic Corp. v. Twombly* decision; made the successful oral argument in the Southern District of New York in opposition to the motion to dismiss in the *Sumitomo Copper Litigation*, 995 F. Supp. 451 (S.D.N.Y. 1998) commodity manipulation class action; made the successful oral argument in the Second Circuit Court of Appeals in *Grandon v. Merrill Lynch*, 147 F.3d 184 (2d Cir. 1998), resulting in the appellate reversal of an order dismissing a securities fraud class action complaint and holding for the first time that the "shingle theory" applied to municipal bond transactions.

Gary has actively litigated many of the Firm's price-fixing or commodities manipulation class actions, including playing a principal role in *In re LIBOR-Based Financial Instruments Antitrust Litig.*, MDL No. 2262 (NRB) (S.D.N.Y.); *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd. (Freight Forwarders Antitrust Litig.)*, 08 Civ. 0042 (JG)(VVP), (E.D.N.Y.); *In re Dynamic Random Access Memory ("DRAM") Antitrust Litig.*, MDL No. 1486(PJH) (N.D. Cal.); *Leider v. Ralfe (DeBeers Diamond Jewelry Antitrust)*, 01 Civ. 3137 (HB) (S.D.N.Y.); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361 (D. Me.); *In re Microsoft Litig.*, MDL No. 1332 (D. Md.); *In re Dairy Farmers of America Cheese Antitrust Litig.*, 09-cv-3690 (N.D. Ill.); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 07 cv 1827-

9

SI (N.D. Cal.); *In re Initial Public Offering Antitrust Litig., (Credit Suisse First Boston Ltd. v. Billing)*, No. 05-1157 (U.S.Sup.Ct.); *In re Platinum and Palladium Commodities Litig.*, 10 Civ. 3617 (WHP) (S.D.N.Y.); *Kohen v. Pacific Investment Management Co.*, LLC, 05 C 4681 (N.D. Ill.); and *In re Natural Gas Commodity Litig.*, 03 Civ. 6186 (VM) (S.D.N.Y.).

Gary has tried more than twenty-five cases in federal and state courts, including acting as lead or sole trial counsel in cases involving claims of unfair competition, RICO, Lanham Act, patent infringement, misappropriation of trade secrets, negotiable instruments, sales and warranties, breach of fiduciary duty, fraudulent conveyance, and personal injury.

Gary is a member of the board of trustees of the Mianus River Gorge, Inc., a not-for-profit land conservation and education organization.

### *Jody R. Krisiloff—Partner*

Jody is a 1976 graduate of Mount Holyoke College, B.A., *summa cum laude*, and a 1979 graduate of Columbia University School of Law, J.D.  Jody has more than thirty years' of experience with commercial litigation in state and federal courts.

Jody has worked on class actions in securities, commodity futures, and antitrust cases including serving as the Firm's principal attorney in *In re Microsoft Litig.*, MDL No. 1332 (D.Md.); *Leider v. Ralfe* (DeBeers Diamond Jewelry Antitrust), 01 Civ. 3137 (HB) (S.D.N.Y.); *Eugenia J. Fiala, et al. v. Metropolitan Life Insurance Company, et al.*, Index No. 00/601181 (N.Y.S. Sup. Ct.); *In re Avista Securities Litig*, 02-CV-328 (FVS).

Jody is now the Firm's principal attorney in *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11-md-2262 (NRB) (S.D.N.Y.) and also is actively involved in *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd. (Freight Forwarders Antitrust Litig.),* 08 Civ. 0042 (JG) (E.D.N.Y.) and *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 09-cv-0118 (S.D.N.Y.).

### *Robert W. Rodriguez—Partner*

Robert is a graduate of Fordham University, holds an MPP from the Harvard Kennedy School of Government and a JD from Columbia University Law School, where he was an editor of the Columbia Business Law Review.

Robert was the Principal Deputy Assistant Secretary of the United States Army (Manpower & Reserve Affairs) from 2007-2009, implementing administrative law and regulatory policies relating to integration of the reserve component, troop mobilization, medical care, civilian and military personnel recruiting, promotions, training, force structure and manpower management.

Robert has been a practicing attorney for over 25 years, specializing in antitrust, securities law, litigation and other federal law claims.  Robert was the Firm's principal attorney

in *In re Warnaco*, 01-CIV-3346; *In re Rediff*, 01-cv-3020, and is now a principal attorney in *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 09-cv-0118 (S.D.N.Y.).

### *Christopher M. McGrath—Partner*

Chris is a graduate of the University of Missouri-Columbia (B.S. with honors) and the University of Missouri-Columbia School of Law where he was a member of The Journal of Dispute Resolution.

Chris has been with the Firm since 2005 and has litigated almost exclusively commodity manipulation and price-fixing class actions. Chris had an important role in successfully representing traders of 10-year treasury note futures contracts in *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 05-cv-4681 (RAG) (N.D. Ill.). This action resulted in a settlement of $118,750,000, while the fully briefed motion for summary judgment was pending. This is the second largest class action recovery in the history of the CEA. Chris also was a principal attorney for the Firm in successfully representing traders of New York Mercantile Exchange ("NYMEX") natural gas futures contracts in *In re Amaranth Natural Gas Commodities Litig.*, 07-cv-6377 (SAS) (S.D.N.Y.). This action resulted in a settlement of $77,100,000, made during merits expert discovery. Chris was also a principal attorney for the Firm in representing purchasers of NYMEX platinum and palladium futures contracts in *In re Platinum and Palladium Futures Litig.*, 10-cv-3617 (WHP) (S.D.N.Y.), where settlements valued in excess of $70 million were reached and also purchasers of Chicago Mercantile Exchange ("CME") Class III milk futures contracts and physical cheese and milk *in In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09 Civ. 03690, (RMD) (N.D. Ill.) where a settlement of $46,000,000 was reached with certain defendants.

Chris' active cases include representing commodity futures traders in *In re Crude Oil Commodity Futures Litig.*, 11-cv-3600 (WHP) (S.D.N.Y.); and *In re Term Commodities Cotton Futures Litig.*, 12-cv-05126 (ALC) (S.D.N.Y.). Chris has successfully prosecuted three intellectual property class actions in which the Firm was the primary class counsel.

### *Ian T. Stoll—Partner*

Ian focuses on commodities, antitrust and securities litigation. He has been involved in the fields of complex litigation and class actions for over 18 years.

Ian has been actively involved in many of the Firm's commodities manipulation, price fixing and securities class actions:

<u>Commodities manipulation</u>: *In re Optiver Commodities Litig.*, No. 08-Cv-6842 (S.D.N.Y.)(LHP); *In re Platinum and Palladium Commodities Litig.*, 10 Civ. 3617 (WHP) (S.D.N.Y.); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09 Civ. 03690, (RMD) (N.D. Ill.); *In re Crude Oil Commodity Futures Litig.*, 11-cv-3600 (WHP) (S.D.N.Y.); *In re LIBOR-Based Financial Instruments Antitrust Litig.*, MDL No. 2262 (NRB) (S.D.N.Y.); *Kohen v. Pacific Investment Mgmt. Co. LLC*, 05-cv-4681 (RAG) (N.D. Ill.); *In re Amaranth Natural*

*Gas Commodities Litig.*, 07-cv-6377 (SAS) (S.D.N.Y.); *In re Natural Gas Commodity Litig.*, 03-civ. 6186 (VM) (S.D.N.Y.); and *In re Sumitomo Copper Litig.*, 96 Civ. 4584(MP)(S.D.N.Y.).

Antitrust:  *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd. (Freight Forwarders Antitrust Litig.)*, 08 Civ. 0042 (JG)(VVP) (E.D.N.Y.); *In re BP Propane Indirect Purchaser Antitrust Litig.*, 06-c-3541 (JBZ) (N.D. Ill.); *Leider v. Ralfe (DeBeers Diamond Jewelry Antitrust)*, 01 Civ. 3137 (HB) (S.D.N.Y.); *In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.); and *In re Microsoft Litig.*, M.D.L. No. 1332 (D. MD.).

Ian is a graduate of the University of California at Berkeley (A.B., 1987) and the State University of New York at Buffalo School of Law (J.D., 1996), where he obtained a Certificate in the Business Law Program and was an Associate Editor, Buffalo J. Int'l Law.

*Craig M. Essenmacher—Partner*

Craig focuses on antitrust and commodities manipulation and has been involved in the fields of complex litigation and class actions for over ten years.

Craig is a graduate of Michigan State University, Bachelor of Science in 1990.  He also graduated from Michigan State University with a Doctor of Philosophy in Chemistry in 1995.  During his graduate studies in Chemistry, Craig published three peer reviewed papers in respected scientific journals that include The Proceedings of the National Academy of Sciences, U.S.A. and The Journal of the American Chemical Society.  Craig graduated from Detroit College of Law at Michigan State University with a J.D. with a Summa Cum Laude distinction in 1997.

Craig has been the principal attorney for the Firm in representing businesses and consumers of thin-film transistor liquid crystal display (TFT-LCD) products who were harmed by an alleged price-fixing conspiracy among TFT-LCD manufacturers, *In re: TFT-LCD (Flat Panel) Antitrust Litigation* (cash recovery of $1.1 billion).  Craig represented, as the co-lead counsel firm, a class of indirect purchasers in a price-fixing scheme involving Potash containing products *In re: Potash Antitrust Litigation*, an antitrust class action that resulted in a $20-plus million dollar settlement recovery for the class.  Craig represented an indirect purchaser class, as the co-lead counsel firm, for auto filter price-fixing antitrust, *In re: Aftermarket Filters Antitrust Litigation*, resulting in a multi-million dollar settlement recovery for the class.  Craig was involved in a settlement for indirect purchasers in a price-fixing action for surcharges charged by major airlines for cargo shipping, *In Re: Air Cargo Shipping Services Antitrust Litigation*, resulting in an $80 million recovery for the class and $17,000,000 for indirect purchasers.

Craig is an expert in discovery and is involved in numerous discovery issues in pending antitrust and commodity manipulation class actions with the Firm.  In addition to writing and advocacy work, Craig liaises with experts and consultants in the processing, preparation and analysis of large amounts of transactional and pricing data, preparation of regression analyses, and other aspects of preparing class certification and merits expert reports.

Craig was a principal attorney for the Firm in several price-fixing and commodity manipulation class actions that have resulted in favorable settlements for plaintiffs. Craig was a principal attorney for the Firm in prosecuting *Kohen v. Pacific Investment Management, Co., LLC; In re Amaranth Natural Gas Commodities Litigation;* and *In re Natural Gas Commodities Litigation*.

Craig served as a council member for Michigan State Bar Association section of Antitrust, Franchising and Trade Regulation from 2010-2012.

*Keith D. Essenmacher—Partner*

Keith focuses on antitrust and consumer litigation and has been involved in the fields of complex litigation and class actions for seven years. Keith has prosecuted a variety of federal and state court price-fixing, monopoly and unfair business practice actions against multinational companies and Fortune 500 corporations.

Keith is a graduate of Michigan State University, 1996; a graduate of Michigan State University Law, J.D., 2000. Keith served as a council member for Michigan State Bar Association Antitrust, Franchising and Trademark division from 2010-2012.

Keith was a principal attorney for the Firm in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, 07-cv-5944 and *In re: Processed Egg Products Antitrust Litigation*, 08-md-02002. Keith has represented businesses and consumers of thin-film transistor liquid crystal display (TFT-LCD) products who were harmed by an alleged price-fixing conspiracy among TFT-LCD manufacturers. This action has been settled for $1.1 billion. Keith represented a class of purchasers in a price fixing scheme involving Potash containing products, *Gillespie v. Agrium Inc*. This antitrust class action resulted in a $20 million dollar settlement recovery for the class.

*Edward Kroub—Partner*

Edward serves as Vice Chairman of the Firm's securities law department. In both 2014 and 2015, Edward was recognized as a "Rising Star" among securities litigation attorneys in New York by Super Lawyers.

Edward earned his Bachelor of Arts degree in Psychology from Brooklyn College in 2001, where he graduated with national honors. Edward earned his Juris Doctor degree from New York Law School in 2004, and was the recipient of the Bert and Blanche Vann Memorial Scholarship.

Edward was associated with the Firm from 2005 through 2007 and during that time was a member of the litigation teams prosecuting various commodities manipulation, antitrust and securities class actions. Representative results from actions during that period include:

- In re TFT-LCD (Flat Panel) Antitrust Litigation ($1.1 billion total settlement on behalf of indirect purchasers harmed by a price-fixing conspiracy among TFT-LCD manufacturers);

13

- In re Natural Gas Commodities Litigation ($101 million settlement on behalf of class members providing them with 100% of their net artificiality paid);
- Kohen v. PIMCO ($118 million settlement, which is the second largest class action recovery in the history of the Commodity Exchange Act);
- Fiala v. Metropolitan Life Insurance Company ($50 million combined settlement to resolve both the federal and state cases); and
- In re IPO Antitrust Litigation (antitrust class-action alleging Wall Street conspiracy that climbed the federal appellate ladder and was ultimately argued before the Supreme Court of the United States in 2007).

Subsequently, Edward joined Robbins Geller Rudman & Dowd LLP – the nation's largest plaintiffs' class action litigation firm – where for seven years his practice primarily focused on representing institutional (including public and multi-employer pension funds) and individual investors in Securities/ERISA class actions, corporate takeover and shareholder derivative suits against publicly-traded Fortune 500 companies and numerous Madoff feeder funds. Representative results from cases during that period include:

- Litwin v. Blackstone Group, L.P. ($85 million settlement in a securities class action against one of the world's largest private equity firms and its top executives, which settled on the eve of trial);
- In re Tremont Securities Law, State Law and Insurance Litigation, ($100+ million settlement on behalf of investors in a family of Madoff feeder-funds);
- In re Delphi Fin. Grp. Shareholders Litigation ($49 million post-merger settlement for Class A Delphi shareholders);
- In re Austin Capital Mgmt., Ltd., Securities & ERISA Litigation ($6.85 million recovery against Austin Capital and its parent corporation Key Corp based on their investment of plan assets in a Madoff feeder fund);
- In re Celestica, Inc. Securities Litigation ($30 million settlement company on behalf of institutional investor plaintiffs and the class alleging violations of the federal securities laws);
- In re Chemed Corp. Securities Litigation ($6 million cash settlement on behalf of institutional investor plaintiffs and the class alleging violations of the federal securities laws);
- In re Virgin Media Inc. Shareholders Litigation (shareholder suit challenging the sale of Virgin Media to Liberty Global, Inc., where Defendants ultimately agreed to significantly reduce the deal protections that impaired competing bids, including by making it much easier for Virgin Media to share due diligence information with other potential bidders, limiting Liberty's matching rights from unlimited to only one round, and reducing the termination fee by $100 million);
- Krawczynski v. Kayak Software Corp. (obtaining significant disclosures for the benefit of stockholders in an action challenging the acquisition of Kayak by Priceline); and
- In re Sunoco, Inc. Shareholders Litigation (settlement required Sunoco to publish an update to its Proxy Statement to correct for material omissions).

Edward has previously represented the interests of aggrieved consumers, insureds and employees alleging violations of state consumer protection laws and the Fair Labor Standards Act ("FLSA").

### *Amanda N. Miller—Partner*

Amanda is a graduate of Duke University, Bachelor of Arts in 2006. She graduated from New York Law School, *cum laude* in 2009. Amanda has been with the Firm since 2012 and focuses on commodity futures manipulation and antitrust class actions.

Amanda's active cases include representing traders in *In re Term Commodities Cotton Futures Litig.*, 12-cv-05126 (ALC) (S.D.N.Y.), *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11-md-2262 (NRB) (S.D.N.Y.), and *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09-cv-03690 (RMD) (N.D. Ill.).

### *Benjamin M. Jaccarino—Partner*

Ben is a graduate of Wheaton College, Bachelor of Arts in 2006. He graduated from Suffolk University with a J.D. in 2009. While at Suffolk, Ben received an Oral Advocate award.

Ben has been with the Firm since 2009 and primarily focuses on commodities manipulation, and antitrust class actions. Ben has been involved in a number of commodity manipulation class actions that have resulted in favorable settlements for plaintiffs.

Ben has represented, as the co-lead counsel firm, businesses and consumers of freight forwarding services who were harmed by an alleged price-fixing conspiracy among numerous freight forwarders, *Precision Associates, Inc. et al., v. Panalpina World Transport (Holding) LTD. et al*, 08-cv-0042 (E.D.N.Y.). To date, this case has resulted in over $295 million in settlements.

Ben played an active role in representing purchasers of 10-year treasury notes in *Kohen v. Pacific Investment Management, Co, LLC* that resulted in a settlement of $118,750,000, which is the second-largest class action recovery in the history of the CEA. Ben also successfully played an active role in representing traders of New York Mercantile Exchange ("NYMEX") natural gas futures contracts in *In re Amaranth Natural Gas Commodities Litig.*, 07-cv-6377 (SAS) (S.D.N.Y.). This action resulted in a settlement of $77,100,000, which is the fourth-largest class action recovery in the history of the CEA.

Ben's active cases include representing clients in *In Re Aluminum Warehousing Antitrust Litigation*, MDL No. 2481, and *In re Term Commodities Cotton Futures Litig.*, 12-cv-05126 (ALC) (S.D.N.Y.).

### *Fred T. Isquith—Partner*

15

Fred focuses on antitrust, securities class action, commodities manipulation and other complex litigation. He has been involved in the field of complex litigation and class actions since 2009.

Fred is a graduate of Cornell University, with a Bachelor of Science. He also graduated from Syracuse University's Maxwell School with a Masters in Public Administration in 2009. He graduated from Syracuse University's College of Law with a J.D. in 2009. There he was an editor on the Journal of International Law and Commerce, served on the executive board of the Moot Court Honors Society, where he received a certificate for excellence in the service of Society, and was an elected representative to the College of Law's Judicial Board.

Fred has served on the New York County Lawyers' Association's Federal Courts Committee, and currently serves on New York City Bar Association's Antitrust and Trade Regulation Committee. He has published articles for the National Association Shareholders and Consumer Attorneys' ("NASCAT") weekly newsletter regarding some of active cases.

Currently, Fred is involved in discovery and other aspects of various pending antitrust, securities, and commodity manipulation class actions with the Firm. In addition to discovery and advocacy work, he liaises with experts regarding class certification and trial issues.

*Christopher Mooney—Associate*

Chris received a J.D. from Fordham University School of Law in 2013 where he was honored on the 2012-2013 Dean's List and was a member of the Dispute Resolution Society mediation team. While at Fordham, Chris served as Judicial Intern for Hon. George B. Daniels, S.D.N.Y., from May through July of 2011. Between September 2011 and June 2012, Chris served as a legal intern with the Securities and Commodities Fraud Unit of the U.S. Attorney's Office in the S.D.N.Y. where he assisted on two high-profile insider trading cases, both of which resulted in significant prison sentences.

Prior to attending Fordham Law, Chris worked in the financial services industry for nearly six years. Chris spent three years as a financial associate in JPMorgan Chase's Chief Investment Office where he helped manage a complex portfolio of private equity investments valued at over $7 billion. Prior to that, Chris worked in Marcum LLP's assurance division, specializing in the audit and review of S.E.C. registered companies. Chris is licensed as a Certified Public Accountant in the State of New York.

Chris received a B.B.A., *cum laude*, in Accountancy from Baruch College's Zicklin School of Business in 2005.

*Michael J. Gallagher, Jr.—Associate*

Michael focuses his practice on antitrust, securities class action, commodities manipulation, and complex litigation.

Prior to joining the Firm, Michael was an associate at another plaintiffs firm, clerked for The Hon. Helene N. White of the United States Court of Appeals for the 6th Circuit, and worked for the United States Securities and Exchange Commission, Division of Enforcement; the Congressional Oversight Panel, under now Senator Elizabeth Warren; and the Department of Justice, Antitrust Division. Before law school, Michael worked for twelve years in nonprofit-management and governmental and institutional finance.

Michael's litigation casework includes contributions in the following matters: *In re LIBOR-Based Financial Instruments Antitrust Litigation, Sullivan v. Barclays, Laydon v. Mizuho Bank; In re Aluminum Warehousing Antitrust Litigation*, *In re London Silver Market, Ltd. Antitrust Litigation*, *Castro v. Sanofi Pasteur, Inc. (re Menactra)*, *In re Lithium Ion Batteries Antitrust Litigation, In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation,* and *In re American Express Anti-Steering Rules Litigation*. He has also contributed to *In re Longtop Financial Technologies Limited Securities Litigation*.

Michael graduated from Rutgers School of Law Camden and obtained his B.S in international business relations and non-profit management from Franklin and Marshall College.

He is a board member of the American Civil Liberties Union of Greater Philadelphia, Chairperson of the LGBT Working Group, and Treasurer of West 23rd Street Co-op. He volunteers his time with the ACLU, is a mediator in local courts, and enjoys spending time with his husband and their two dogs.

*Merrick Scott Rayle—Of Counsel*

Merrick's practice with the Firm is concentrated on the prosecution of commodity futures, antitrust, and securities manipulation Class Actions. His experience with the Firm includes cases prosecuting energy company defendants for manipulating the price of natural gas futures contracts traded on the New York Mercantile Exchange; prosecuting defendants for manipulating the price of the June 2005 ten-year Treasury note futures contract; prosecuting a complex, multinational conspiracy among the leading electronics manufacturers to fix the prices for LCD panels in the United States; prosecuting multiple real estate brokerage firms for refusing to compete on the basis of price of residential real estate commission rates in the Commonwealth of Kentucky; prosecuting potash suppliers in Canada, the United States, Russia, and Belarus for a conspiracy to restrict the supply and raising or fixing the prices for potash sold in the United States; prosecuting major record labels for conspiring to fix the prices and terms under which their music would be sold over the Internet; prosecution of a nationwide conspiracy against the producers of domestic shell eggs and egg products and their trade associations for conspiring to manipulate the supply of, and thereby fix the prices for, domestically-sold shell eggs and egg products; prosecuting the theft of intellectual property and proprietary information and violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 against the controlling shareholders of the first company to provide high-speed Internet access via cable modem; and prosecuting a conspiracy to fix prices for Cathode Ray Tubes and to allocate markets and customers for the sales of Cathode Ray Tubes in the United States.

From 1978-1987, Merrick was a Partner in the Chicago Office of Sonnenschein Carlin Nath & Rosenthal, since combined with Dentons. He has over thirty-five years' experience in complex litigation, trials, and appeals, trying over 25 cases in the state and federal court system. He has handled Class Action cases in the federal court system in California, New York, Illinois, Iowa, Kentucky, Washington, and Pennsylvania.

Prior to joining the Firm, Merrick's experience included advising clients in a broad range of substantive matters, including antitrust, corporate governance and shareholder disputes, state and federal appellate advocacy, constitutional law (individual rights and freedoms and First Amendment issues), the Americans with Disabilities Act, common law and business torts, breach of contract, grand jury investigations, municipal corporations, defamation, election disputes, internal corporate investigations, representation of entertainers and authors, corporate tax litigation, and pre-dispute arbitration. Merrick also successfully tried a case in the United States Tax Court in which the Tax Court ruled that a corporate taxpayer was entitled to claim substantial net operating loss carryovers from an acquired corporation, despite the Government's claim that the principal purpose of the acquisition was the avoidance of tax.

Merrick served as a judicial law clerk to the Honorable Roy L. Stephenson of the United States Court of Appeals for the Eighth Circuit for two years. Merrick received his law degree from the Indiana University Robert H. McKinney School of Law where he was a member of Indiana Law Review. He received his Bachelor of Art's degree from Butler University, and graduated from Culver Military Academy.