UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br>　　　　　　　- against -<br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br>　　　　　　　　　　　Defendants. | Docket No. 13-cv-02811 (PKC)<br>ECF Case<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12-15-15 |

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING A SETTLEMENT CLASS

　　　　UPON the Settlement Agreement Between Plaintiffs and the Barclays Defendants dated October 7, 2015;

　　　　UPON all submissions in connection with Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement With The Barclays' Defendants;

　　　　UPON the consent of Barclays plc, Barclays Bank plc and Barclays Capital Inc., ("Barclays") to such motion; and

　　　　UPON all prior proceedings herein.

　　　　NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1.     The capitalized terms used herein shall have the meanings set forth in the Agreement.

2.     The Court preliminarily approves the Settlement as set forth in the Agreement, as being within the range of what may be found to be fair, reasonable, and adequate to the Settlement Class for the claims against Barclays. This is subject to the right of any such Settlement Class Member to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Barclays, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to such Settlement Class. The procedure for such notice to the Settlement Class shall be established in a later order.

3.     The Court finds that the Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Agreement should be given to Settlement Class Members.

4.     The Court conditionally certifies the following Settlement Class (set forth herein) for purposes of the Settlement of the claims against Barclays:

> All persons who purchased, sold, held, traded or otherwise had any interest in Euribor Products from June 1, 2005 through and including March 31, 2011, who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted Euribor Products in the United States or its territories from June 1, 2005 through and including March 31, 2011, including, but not limited to, all persons who traded CME Euro currency futures contracts, all persons who transacted in NYSE LIFFE Euribor futures and options from a location within the United States, and all persons who traded any other Euribor Product from a location within the United States.[1]

5.     The Court finds that conditional certification of such Settlement Class on Plaintiffs' claims against Barclays for purposes of sending Notice of the proposed Settlement of the claims against Barclays is warranted in light of the Settlement because: (i) the proposed Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims against Barclays present common issues that are typical of the proposed Settlement Class; (iii) Plaintiffs and Class counsel will fairly and adequately represent the proposed Settlement Class; and (iv) common issues on the claims against Barclays predominate over any individual issues affecting the proposed Settlement Class Members. The Court further finds that Plaintiffs' interests on the claims against Barclays are aligned with the interests of all other Class Members. The Court also finds that resolution of this Action on a class basis for purposes of the Settlement as to Barclays is superior to other means of resolution.

---

[1] The Settlement Agreement (¶4) provides that if Plaintiffs expand the Class in any subsequent amended complaint, class motion, or settlement, the defined class period in the Barclays Settlement shall be expanded so as to be coterminous with such expansion.

6. The Court appoints Lowey Dannenberg Cohen & Hart, P.C. and Lovell Stewart Halebian Jacobson LLP as Class counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court appoints Amalgamated Bank as Escrow Agent for purposes of the Settlement proceeds.

8. Plaintiffs California State Teachers' Retirement System, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, Stephen Sullivan, and White Oak Fund LP, (collectively, "Plaintiffs") will serve as representatives of such Settlement Class for purposes of the Settlement.

9. The timing, plan and forms of the notice to the Settlement Class and the date of a hearing before this Court to consider any Settlement Class member objections to final approval of the Barclays Settlement shall all be determined by separate order of this Court.

10. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing, or liability of Barclays or (ii) of any fault or omission of Barclays in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

11. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence that the claims of Plaintiffs lacked merit in any proceeding against anyone other than Barclays in any court, administrative agency, or other tribunal.

12. In the event that the Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Barclays, and the Settlement Class Members.

13. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Barclays will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Barclays will serve any supplemental CAFA Notice as appropriate.

14. The Court's preliminary certification of the Settlement Class, and appointment of Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of, the

rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

ENTERED this 14th day of December, 2015.

Hon. P. Kevin Castel
United States District Judge