UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,

Plaintiffs,

— against —

BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,

Defendants.

Docket No. 13-cv-02811(PKC)

ECF Case

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/17

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT WITH HSBC HOLDINGS PLC AND HSBC BANK PLC AND CONDITIONALLY CERTIFYING A SETTLEMENT CLASS

UPON the Settlement Agreement between Plaintiffs and the HSBC Defendants dated December 27, 2016 (the "Agreement");

UPON all submissions in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with HSBC Holdings plc and HSBC Bank plc (collectively, "HSBC");

UPON the consent of HSBC to the relief requested in such motion; and

UPON all prior proceedings herein.

NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Agreement.

2. The Court preliminarily approves the Settlement as set forth in the Agreement, as being within the range of what may be found to be fair, reasonable, and adequate to the Settlement Class for the claims against HSBC. This is subject to the right of any such Settlement Class Member to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the action against HSBC, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to such Settlement Class. The procedure for such notice to the Settlement Class shall be established in a later order.

3. The Court finds [preliminarily] that the Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness and that notice of the Agreement should be given to Settlement Class Members.

4. The Court conditionally certifies the following Settlement Class (set forth herein) for purposes of the Settlement of the claims against HSBC:

> All persons who purchased, sold, held, traded or otherwise had any interest in Euribor Products from June 1, 2005 through and including March 31, 2011, who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted Euribor Products in the United States or its territories from June 1, 2005 through and including March 31, 2011, including, but not limited to, all persons who traded CME Euro currency futures contracts, all persons who transacted in NYSE LIFFE Euribor futures and options from a location within the United States, and all persons who traded any other Euribor Product from a location within the United States.

5. The Court finds that conditional certification of such Settlement Class on Plaintiffs' claims against HSBC for purposes of sending Notice of the proposed Settlement of the claims against HSBC is warranted in light of the Settlement because: (i) the proposed Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims against HSBC present common issues that are typical of the proposed Settlement Class; (iii) Plaintiffs and Class counsel will fairly and adequately represent the proposed Settlement Class; and (iv) common issues on the claims against HSBC predominate over any individual issues affecting the proposed Settlement Class Members. The Court further finds that Plaintiffs' interests on the claims against HSBC are aligned with the interests of all other Settlement Class Members. The Court also finds that resolution of this action on a class basis for purposes of the Settlement as to HSBC is superior to other means of resolution.

6. The Court appoints Lowey Dannenberg Cohen & Hart, P.C. and Lovell Stewart Halebian Jacobson LLP as Class counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court appoints Amalgamated Bank as Escrow Agent for purposes of the

Settlement proceeds.

8. Plaintiffs California State Teachers' Retirement System, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, Stephen Sullivan, and White Oak Fund LP (collectively, "Plaintiffs") will serve as representatives of such Settlement Class for purposes of the Settlement.

9. The timing, plan, and forms of the notice to the Settlement Class and the date of a hearing before this Court to consider any Settlement Class Member objections to final approval of the HSBC Settlement shall all be determined by separate order of this Court.

10. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing, or liability of HSBC; or (ii) of any fault or omission of HSBC in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

11. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence that the claims of Plaintiffs lacked merit in any proceeding against anyone other than HSBC in any court, administrative agency, or other tribunal.

12. In the event that the Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, HSBC, and the Settlement Class Members.

13. All Proceedings in the action as to HSBC, other than proceedings as may be necessary to implement the proposed Agreement or to effectuate the terms of the Agreement, are hereby stayed and suspended until further order of this Court.

14. The Court's preliminary certification of the Settlement Class, and appointment of Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

ENTERED this 17th day of January, 2017.

Hon. P. Kevin Castel
United States District Judge

*[Handwritten annotation:]* Submit proposed schedule for opt-outs, objections as well as proposed notice to class by March 3, 2017

3