IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 13-cv-02811 (PKC)<br><br> |

[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH DEUTSCHE BANK AG AND DB GROUP SERVICES (UK) LTD., SCHEDULING HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENTS WITH BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., HSBC HOLDINGS PLC, HSBC BANK PLC, DEUTSCHE BANK AG, AND DB GROUP SERVICES (UK) LTD., AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

WHEREAS, the Plaintiffs[1] and Barclays plc, Barclays Bank plc, and Barclays Capital Inc. (collectively, "Barclays") entered into a Settlement Agreement on October 7, 2015 (the "Barclays Settlement");

WHEREAS, the Court preliminarily approved the Barclays Settlement on December 15, 2015 (ECF No. 234);

WHEREAS, the Plaintiffs and HSBC Holdings plc and HSBC Bank plc (collectively, "HSBC") entered into a Settlement Agreement on December 27, 2016 (the "HSBC Settlement");

WHEREAS, the Court preliminarily approved the HSBC Settlement on January 18, 2017 (ECF No. 279);

WHEREAS, the Plaintiffs and Deutsche Bank AG and DB Group Services (UK) Limited (collectively, "Deutsche Bank") entered into a Settlement Agreement on May 10, 2017 (the "Deutsche Bank Settlement") (collectively, the Barclays Settlement, HSBC Settlement, and Deutsche Bank Settlement are referred to as the "Settlements");

WHEREAS, Plaintiffs having moved for Preliminary Approval of the Deutsche Bank Settlement; and

WHEREAS, the Court having read and considered the Settlements and accompanying documents; and the Plaintiffs, Barclays, HSBC, and Deutsche Bank (collectively, the "Settling Parties") having consented to the entry of this Order,

NOW, THEREFORE, this 5th Day of July, 2017, upon application of the Settling Parties,

**IT IS HEREBY ORDERED** that:

1.  Except for the terms defined herein, the Court adopts and incorporates the

---

[1] The Plaintiffs are Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System ("CalSTRS"), Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., and FrontPoint Australian Opportunities Trust.

1

definitions in the Barclays Settlement, HSBC Settlement, and Deutsche Bank Settlement for the purposes of this Order.

2.  The Court finds that it has subject matter jurisdiction to approve the Settlements, including all exhibits thereto, under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Settling Parties and all Settlement Class Members for the purpose of approving the Settlements, including all exhibits thereto.

### A. The Deutsche Bank Settlement

3.  The terms of the Deutsche Bank Settlement and the Deutsche Bank Supplemental Agreement are hereby preliminarily approved. The Court preliminarily finds that the Deutsche Bank Settlement and the Deutsche Bank Supplemental Agreement were entered into at arm's-length by experienced counsel and are sufficiently within the range of reasonableness, fairness, and adequacy.

4.  For purposes of the Deutsche Bank Settlement, the Settlement Class shall be preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The Settlement Class for the Deutsche Bank Settlement is defined as:

> All Persons who purchased, sold, held, traded or otherwise had any interest in Euribor Products[2] from June 1, 2005 through and including March 31, 2011, who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted Euribor Products in the United States or its territories from June 1, 2005 through and including March 31, 2011, including, but not limited to, all Persons who traded CME Euro currency futures contracts, all Persons who transacted in NYSE LIFFE Euribor futures and options from a location within the United

---

[2] "Euribor Products" means any and all interest rate swaps, forward rate agreements, futures, options, structured products, and any other instrument or transaction related in any way to Euribor, including but not limited to, NYSE LIFFE Euribor futures contracts and options, CME Euro currency futures contracts and options, Euro currency forward agreements, Euribor-based swaps, Euribor-based forward rate agreements, and/or any other financial instruments that reference Euribor.

States, and all Persons who traded any other Euribor Product from a location within the United States. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a defendant, and the United States Government.

5. The Court hereby appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Deutsche Bank Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Plaintiffs Stephen Sullivan, White Oak Fund LP, CalSTRS, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., and FrontPoint Australian Opportunities Trust are hereby appointed as representatives of the Settlement Class for purposes of the Deutsche Bank Settlement.

7. The Court appoints Amalgamated Bank to act as Escrow Agent for the Euribor Deutsche Bank Settlement Fund.

8. Plaintiffs and Deutsche Bank are granted leave to file under seal the Deutsche Bank Supplemental Agreement, which gives Deutsche Bank certain rights to terminate the Deutsche Bank Settlement, as well as any materials filed with the Court in connection with a dispute relating to the Deutsche Bank Supplemental Agreement.

9. All proceedings in the Action as to Deutsche Bank, other than such proceedings as may be necessary to implement the proposed Deutsche Bank Settlement or to effectuate the terms of the Deutsche Bank Settlement, are hereby stayed and suspended until further order of this Court.

10. The Court's preliminary certification of the Settlement Class for the Deutsche Bank Settlement, and appointment of Plaintiffs as Class Representatives for the Deutsche Bank Settlement, as provided herein is without prejudice to, or waiver of, the rights of any non-settling

Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's certification of the Settlement Class for the Deutsche Bank Settlement as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

**B. The Settlements**

11. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlements.

12. A hearing will be held on a date of the Court's convenience on ~~or after~~ May ~~10~~ 18, 2018 at 2 [~~a.m.~~/p.m.] in Courtroom 11D of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlements (the "Settlement Hearing"). The foregoing date, time, and place of the Settlement Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Settlement Class Members, other than that which may be posted at the Court or on www.EuriborSettlement.com (the "Settlement Website"). /PKC

13. The Court reserves the right to approve the Settlements at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class.

14. The Proof of Claim and Release is preliminarily approved as within the range of reasonableness, fairness, and adequacy. The Court also preliminarily finds that notice of the Settlements should be given as provided in this Order.

15. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a timely request for exclusion from the Settlement Class (hereinafter,

4

"Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

16.     On November 29, 2017, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 3 to the Declaration of Vincent Briganti, Esq., dated June 12, 2017 ("June 2017 Briganti Decl."), to be mailed by United States First-Class Mail, postage prepaid, as described in the proposed notice program attached to the Affidavit of Linda V. Young, dated June 12, 2017. *See* June 2017 Briganti Decl. Ex. 2. The foregoing mailings shall be completed no later than January 5, 2018 (or thirty-seven (37) days after class notice commences).

17.     On November 29, 2017, the Settlement Administrator shall also cause to be published a publication notice, without material variation from Exhibit 4 to the June 2017 Briganti Decl., as described in the proposed notice program attached to the Affidavit of Linda V. Young. *See* June 2017 Briganti Decl. Ex. 2.

18.     If Plaintiffs terminate the HSBC Settlement following completion of confirmatory discovery as provided for in the HSBC Settlement ¶ 28, the published notice (June 2017 Briganti Decl. Ex. 4) and the mailed notice (June 2017 Briganti Decl. Ex. 3) will be revised to exclude mentions of the HSBC Settlement, but will otherwise be published and mailed without material

variation in accordance with the methods and dates prescribed in paragraphs 16 and 17 above.

19. The Settlement Administrator shall maintain the Settlement Website, www.EuriborSettlement.com, until the termination of the administration of the Settlements. The Settlement Website shall include copies of the Settlement Agreements (including exhibits), this Order, the mailed and publication notices, the motions for preliminary approval and all exhibits attached thereto, and shall identify important deadlines and provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration of the Settlements. The Settlement Website, www.EuriborSettlement.com, shall be searchable on the Internet.

20. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

21. The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice plan specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlements; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

22. On January 9, 2018 (or four (4) days after the Class Notice is complete), the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 16-20 of this Order.

23. The terms of the proposed plan of allocation shall be established in a later order. On

January 3, 2018 (or thirty-five (35) days after Class Notice commences), Plaintiffs shall move for preliminary approval of a proposed plan of allocation of the proceeds of the Settlements and post such motion and proposed plan on the Settlement Website.

24. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlements by March 15, 2018 (or fifty-six (56) days prior to the Settlement Hearing).

25. Any Settlement Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlements, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene in the Action, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel, Barclays' counsel, HSBC's counsel, and Deutsche Bank's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless, no later than April 5, 2018 (or thirty-five (35) days prior to the Settlement Hearing), the Settlement Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Class Counsel and counsel of record for Barclays, HSBC, and Deutsche Bank) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Settlement Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to the Action by case name and case number; (2) a statement of the specific legal and factual basis for each objection or intervention argument; (3) a statement of whether the

objecting or intervening person or entity intends to appear at the Settlement Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Settlement Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Settlement Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Euribor Products transactions entered into by the Settlement Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Settlement Class Members and are not entitled to object.

26. Any objection to the Settlements or motion to intervene submitted by a Settlement Class Member pursuant to paragraph 25 of this Order must be signed by the Settlement Class Member (or his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlements or to intervene must be exercised individually by a Settlement Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's legally authorized representative.

27. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

28. All objectors shall make themselves available to be deposed by any Settling Party in

the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

29. Any Settlement Class Member or governmental entity that fails to object or move to intervene in the manner described in paragraphs 25-28 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlements. Discovery concerning any purported objections to the Settlements and any purported motions to intervene shall be completed no later than five (5) days before the Settlement Hearing. Class Counsel, Barclays' counsel, HSBC's counsel, Deutsche Bank's counsel, and any other Persons wishing to oppose timely filed objections in writing may do so not later than five (5) days before the Settlement Hearing.

30. Any Request for Exclusion from the Settlements by a Settlement Class Member must be sent in writing to the Settlement Administrator at the address in the mailed notice and post marked no later than April 5, 2018 (or thirty-five (35) days prior to the Settlement Hearing) (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

(a) the name, address, and telephone number of the Settlement Class Member;

(b) a list of all trade names or business names that the Settlement Class Member requests to be excluded;

(c) the name of the Action ("*Sullivan et al. v. Barclays plc et al.*, No. 13-cv-02811 (S.D.N.Y.) (PKC).");

(d) a statement certifying such person is a Settlement Class Member;

(e) a description of the Euribor Products transactions entered into by the Settlement Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and

(f) a statement that "I/we hereby request that I/we be excluded from the Settlement Class

9

in *Sullivan et al. v. Barclays plc et al.*, No. 13-cv-02811 (S.D.N.Y.) (PKC)."

31. Any Request for Exclusion from the Settlements submitted by a Settlement Class Member pursuant to paragraph 30 of this Order must be signed by the Settlement Class Member (or his, her, or its legally authorized representative) and notarized, even if the Settlement Class Member is represented by counsel. The right to be excluded from the proposed Settlements must be exercised individually by a Settlement Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 30 of this Order and is post marked by the Exclusion Bar Date, as set forth in the Class Notice.

32. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlements.

33. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel, Barclays' counsel, HSBC's counsel, and Deutsche Bank's counsel as requested.

34. The Settlement Administrator shall furnish Class Counsel and counsel for Barclays, HSBC, and Deutsche Bank with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlements) within one (1) business day of receipt thereof.

35. On April 19, 2018 (or twenty-one (21) days prior to the Settlement Hearing), the

Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreements, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide counsel for Barclays, HSBC, and Deutsche Bank and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than April 19, 2018 (or twenty-one (21) days prior to the Settlement Hearing). Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

36. All Proof of Claim and Release forms shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the mailed notice and must be post marked no later than July 24, 2018 (or seventy-five (75) days after the Settlement Hearing).

37. To effectuate the Settlements and the Class Notice plan, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and the Settlement Website; (b) effectuating the Class Notice plan, including by running potential Settlement Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proof of Claim and Release forms, and other documents relating to the Settlements and their administration; (d) administering claims for allocation of funds among Settlement Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Settlement Class Members, including the adequacy of the supporting documents submitted by Settlement Class Members; (f) corresponding with Settlement Class

Members regarding any deficiencies in their Proof of Claim and Release forms and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the plan of allocation; (h) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for Barclays, HSBC, and Deutsche Bank; and (j) providing Class Counsel and counsel for Barclays, HSBC, and Deutsche Bank with copies of any Requests for Exclusion (including all documents submitted with such requests).

38. The Settlement Administrator shall maintain a copy of all paper Settlement-related communications for a period of one (1) year after distribution of the Net Settlement Funds and shall maintain a copy of all electronic Settlement-related communications for a period of three (3) years after distribution of the Net Settlement Funds, after which time all such materials shall be destroyed, absent further direction from the Settling Parties or the Court.

39. The Court preliminarily approves the establishment of the Euribor Barclays Settlement Account as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Court also preliminarily approves the establishment of the Euribor HSBC Settlement Account as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Court also preliminarily approves the establishment of the Euribor Deutsche Bank Settlement Fund as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

40. Neither the Settlement Agreements (nor any of their exhibits), whether or not they shall become final, nor any negotiations, documents, and discussions associated with them, nor the

Final Approval Order and Final Judgment is or shall be deemed or construed to be an admission, adjudication, or evidence of (a) any violation of any statute or law or of any liability or wrongdoing by Barclays, HSBC, Deutsche Bank, or any Releasees; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlements. Further, neither the Settlement Agreements (including their exhibits), whether or not they shall become final, nor any negotiations, documents, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreements or an action in which the Settlement Agreements are asserted as a defense. All rights of Barclays, HSBC, Deutsche Bank, and Plaintiffs are reserved and retained if the Settlements do not become final in accordance with the terms of the Settlement Agreements.

41. If the Settlements are approved by the Court following the Settlement Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreements.

42. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlement Website, www.EuriborSettlement.com.

43. In the event that the Settlements are terminated in accordance with their provisions, the Settlement Agreements and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with them, and any Requests for Exclusion from the Settlements previously submitted and deemed to be timely, shall be null and

void and be of no force and effect, except as expressly provided to the contrary in the Settlements, and shall be without prejudice to the *status quo ante* rights of the Settling Parties, including, without limitation, any right to challenge or object to personal jurisdiction. *See* ECF No. 286 at 3-4.

44. If the Settlements are terminated or are ultimately not approved, the Court will modify any existing scheduling order to ensure that the Settling Parties will have sufficient time to prepare for the resumption of litigation.

45. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this 5th day of July, 2017, at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable P. Kevin Castel
United States District Court Judge