UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br><br>　　　　- against -<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br>　　　　　　　　　　Defendants. | Docket No. 13-cv-02811 (PKC) |

**DECLARATION OF GEOFFREY M. HORN IN SUPPORT OF
CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND
REIMBURSMENT OF EXPENSES**

I, Geoffrey M. Horn, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am a shareholder in the law firm of Lowey Dannenberg, P.C. ("Lowey"). The statements herein are true to the best of my personal knowledge, information and belief based on the books and records of Lowey and information received from its attorneys and staff.

2. At all times relevant hereto, Lowey served as counsel for Plaintiffs and class representatives Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System ("CalSTRS"), Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., and FrontPoint Australian Opportunities Trust. This Court appointed Lowey and Lovell Stewart Halebian Jacobson LLP ("Lovell") as Class Counsel for the Settlement Class in the above-captioned action. Lowey's firm resume is attached as Exhibit A.

3. I respectfully submit this declaration in support of Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Motion") and seek attorneys' fees and reimbursement of expenses in this Action.

4. Set forth below are Lowey's legal services rendered in this litigation, the lodestar value of those services and the expenses reasonably incurred by the firm in connection with this litigation for which reimbursement is requested.

5. The services Lowey performed on behalf of the putative class in connection with the prosecution of the litigation include, but are not limited to, the following: (a) developed, supervised, or otherwise managed the overall strategy and direction of the litigation; (b) developed briefing and settlement strategy; (c) coordinated with Lovell and additional Plaintiffs' Counsel regarding all aspects of the litigation; (d) communicated with defendants' counsel on settlement and other important litigation events, deadlines and filings; (e) organized and drafted briefing on Plaintiffs' opposition to Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), (b)(2), and (b)(6), including letter briefs analyzing relevant authority; (f) selected mediators, prepared and attended

settlement and allocation mediations; (g) drafted settlement documents, preliminary and final approval documents, escrow agreements and the notice to class members in connection with Plaintiffs' $309 million in settlements with Barclays, Deutsche Bank, and HSBC; (h) oversaw the implementation of the court approved notice plan in connection with Plaintiffs' $309 million in settlements with Barclays, Deutsche Bank, and HSBC; (i) negotiated the terms of additional data and document cooperation from Settling Defendants Barclays, Deutsche Bank, and HSBC; (j) worked with HSBC and co-counsel to obtain HSBC documents via The Hague Convention; (k) worked with the Chicago Mercantile Exchange to obtain trading data needed for the implementation of the notice plan; (l) vetted and retained experts to be used in the litigation; (m) worked with experts to develop damages methodologies and expert models to be used in prosecuting the case; (n) worked with experts to develop the plan of allocation for the Barclays, Deutsche Bank, and HSBC settlement funds; (o) supervised the drafting of the Protective Order governing the use of experts; (p) liaised with clients and kept them apprised of litigation events, including court decisions and impact, settlement strategy, and discovery; (q) prepared for, participated in, and led meet-and-confers with Non-Settling Defendants Citi and JPMorgan; (r) drafted Plaintiffs' responses and objections to Defendants' discovery requests; (s) coordinated Plaintiffs' document productions in response to defendants' requests; (t) developed search terms to be applied to Defendants' document productions; (u) monitored Defendants' discovery responses and drafted document deficiency letters; (v) analyzed documents produced by Settling and Non-Settling Defendants; (w) translated relevant French documents; (x) reviewed and analyzed audio recordings produced by HSBC in French and translated relevant recordings; (y) reviewed produced documents and performed quality control on documents coded as relevant by reviewers; (z) updated the master list of 'hot' documents and litigation timeline; (aa) created a master list of dates of Defendants' misconduct; (bb) drafted manipulation matrix used in connection with developing the plan of allocation; (cc) analyzed the

potential legal issues surrounding: (1) antitrust injury and damages, (2) personal jurisdiction, (3) class certification, (4) *Daubert* standards for expert witnesses, (5) the admissibility and authentication of foreign language documents, among others; and (dd) conducted background research on individual employees from JPMorgan, Citibank and Deutsche Bank. A more detailed description of Lowey's work is provided in the Joint Declaration of Vincent Briganti and Christopher Lovell accompanying this Motion.

6.  The schedule in ¶ 7 below is a summary reflecting the amount of time spent by Lowey's attorneys and professional support staff involved in this litigation, and the lodestar calculations based on the firm's current hourly billing rates. The schedule was prepared based upon daily time records maintained by Lowey's attorneys and professional support staff. The schedule in ¶ 10 below reflects the expenses paid by the firm in its representation of the putative class in this litigation thus far. The hourly billing rate for any timekeeper primarily involved in first-level document review has been capped at $350/hour, and the charges for timekeepers with less than 15 hours billed in this Action have been excluded. Lowey did not employ any contract lawyers in this matter. Each lawyer and paralegal listed below was a full-time employee of the firm.

7.  From the inception of this litigation through February 28, 2018, Lowey's total fee compensable time for which it seeks an award of attorneys' fees is summarized below.

| Attorneys | Role[1] | Rates | Hours | Charges |
|---|---|---|---|---|
| Richard W. Cohen | S | $975 | 72.80 | $ 70,980.00 |
| Barbara J. Hart | S | $900 | 214.70 | $ 193,230.00 |
| Geoffrey M. Horn | S | $900 | 2,809.60 | $ 2,528,640.00 |
| Gerald Lawrence | S | $900 | 368.80 | $ 331,920.00 |
| Peter D. St. Phillip, Jr. | S | $900 | 1,233.20 | $ 1,109,880.00 |
| Thomas M. Skelton | S | $900 | 277.45 | $ 249,705.00 |
| Vincent Briganti | S | $900 | 6,339.60 | $ 5,705,640.00 |
| David C. Harrison | P | $800 | 325.70 | $ 260,560.00 |

---

[1] "S" refers to Shareholders. "P" refers to Partners. "A" refers to Associates. "AA" refers to law graduates who are awaiting admission. "PL" refers to Paralegals.

3

| | | | | |
|---|---|---|---|---|
| Deborah Rogozinski | A | $600 | 31.30 | $ 18,780.00 |
| Scott Papp | A | $600 | 41.40 | $ 24,840.00 |
| Sitso Bediako | A | $600 | 887.30 | $ 532,380.00 |
| Sung-Min Lee | A | $600 | 42.00 | $ 25,200.00 |
| John D'Amico | A | $575 | 2,727.30 | $ 1,568,197.50 |
| Frank Strangeman | A | $550 | 955.20 | $ 525,360.00 |
| Christian Levis | A | $525 | 1,971.00 | $ 1,034,775.00 |
| Ian Sloss | A | $525 | 1,548.80 | $ 813,120.00 |
| Lee J. Lefkowitz | A | $525 | 598.50 | $ 314,212.50 |
| Raymond Girnys | A | $525 | 3,305.50 | $ 1,735,387.50 |
| Melissa Cabrera | A | $400 | 676.20 | $ 270,480.00 |
| Michelle Conston | A | $400 | 1,287.30 | $ 514,920.00 |
| Jennifer Risener | A | $375 | 112.30 | $ 42,112.50 |
| Jennifer Tembeck | A | $375 | 3,466.70 | $ 1,300,012.50 |
| Matthew Acocella | A | $375 | 150.70 | $ 56,512.50 |
| Roland R. St. Louis III | A | $375 | 81.50 | $ 30,562.50 |
| Bonnie Espino | A | $350 | 188.10 | $ 65,835.00 |
| Christina McPhaul | A | $350 | 662.50 | $ 231,875.00 |
| Jonathan B. O'Brien | A | $350 | 265.00 | $ 92,750.00 |
| Lee Yun Kim | A | $350 | 482.60 | $ 168,910.00 |
| Sylvie Bourassa | A | $350 | 1,342.80 | $ 469,980.00 |
| Adam Settle | A | $325 | 1,770.40 | $ 575,380.00 |
| Adebola M. Aderinto | A | $325 | 1,838.20 | $ 597,415.00 |
| Anita Alexander | A | $325 | 2,415.70 | $ 785,102.50 |
| Anthony Christina | A | $325 | 2,328.30 | $ 756,697.50 |
| Anthony Odorisi | AA | $325 | 151.35 | $ 49,188.75 |
| Bracha Gefen | A | $325 | 199.10 | $ 64,707.50 |
| Craig Maider | AA | $325 | 156.00 | $ 50,700.00 |
| Garam Choe | A | $325 | 373.00 | $ 121,225.00 |
| Henry J. Kusjanovic | A | $325 | 49.30 | $ 16,022.50 |
| Matthew Guarnero | A | $325 | 72.90 | $ 23,692.50 |
| Peter Demato, Jr. | A | $325 | 652.10 | $ 211,932.50 |
| Richard C. Frank | A | $325 | 1,452.50 | $ 472,062.50 |
| Samantha L. Breitner | A | $325 | 94.30 | $ 30,647.50 |
| William J. Olson | A | $325 | 1,124.90 | $ 365,592.50 |
| Yong Kim | A | $325 | 309.20 | $ 100,490.00 |
| | | | | |
| **Paralegals and Legal Assistants** | | | | |
| Katherine Vogel | PL | $275 | 39.00 | $ 10,725.00 |
| Elisa Horn | PL | $150 | 418.80 | $ 62,820.00 |
| Gregory Santiago | PL | $150 | 54.50 | $ 8,175.00 |

| Joanne Mannion | PL | $150 | 21.80 | $ 3,270.00 |
| Stephen Fay | PL | $150 | 66.50 | $ 9,975.00 |
| **TOTALS** | | | 46,053.70 | $24,602,578.75 |

8. Thus, the total time for which my firm is requesting an award of legal fees is 46,053.70 hours. The total lodestar value of these professional services is $24,602,578.75.

9. The above hourly rates for Lowey's attorneys and professional support staff are the firm's current hourly rates. The firm's lodestar figures do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in the firm's current billing rates. Further, expense items do not contain any general overhead costs and do not contain a surcharge over the amount paid to the corresponding vendor(s).

10. As detailed and categorized in the below schedule, Lowey has paid a total of $766,031.42 in expenses for which it is currently requesting reimbursement.

| Expense Categories | | Cumulative Expenses |
|---|---|---|
| Travel - Airfare, Lodging, Meals, Taxi | | $ 39,180.03 |
| Computer Research, Databases & Docket | | $ 33,042.24 |
| Conferences, Meetings, Telephone, & Telecopier | | $ 766.89 |
| Court Transcripts/Court Reporter Fees | | $ 56.16 |
| Document Review, IT and Maintenance | | $ 126,366.98 |
| Professional, Consulting, or Expert Fees | | $ 531,915.96 |
| | Investigators | $ 49,517.74 |
| | Economic & Market Consultants | $ 376,018.43 |
| | Mediators | $ 70,326.78 |
| | Hague Commissioner | $ 29,744.68 |
| | Translation Vendor(s) | $ 2,058.33 |
| | Tax Preparation and Other Expenses | $ 4,250.00 |
| In-House Copying | | $ 33,204.80 |
| Postage, Mailing, FedEx, UPS, Fares & Messengers | | $ 902.70 |
| Service and Filing Fees | | $ 595.66 |
| **TOTAL** | | $ 766,031.42 |

5

11. The above schedule was prepared based upon expense records reflected in the Lowey's books and records. These books and records are prepared from expense vouchers, check records, receipts and other source materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2018

*/s/ Geoffrey Horn*