UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br>      Plaintiffs,<br><br>- against -<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br>      Defendants. | Docket No. 13-cv-02811 (PKC)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5-18-18 |

[PROPOSED]

FINAL APPROVAL ORDER OF SETTLEMENTS WITH BARCLAYS PLC, BARCLAYS
BANK PLC, BARCLAYS CAPITAL INC., DEUTSCHE BANK AG AND DB GROUP
SERVICES (UK) LTD., HSBC HOLDINGS PLC AND HSBC BANK PLC

This matter came for a duly-noticed hearing on May 18, 2018 (the "Settlement Hearing"), upon the Plaintiffs'[1] Motion for Final Approval of Settlements with Barclays plc, Barclays Bank plc, and Barclays Capital, Inc. (collectively, "Barclays"), Deutsche Bank AG and DB Group Services (UK) Ltd. (collectively, "Deutsche Bank") and HSBC Holdings plc and HSBC Bank plc (collectively, "HSBC" and, together with Barclays and Deutsche Bank, the "Settling Defendants") in the action captioned *Sullivan v. Barclays plc et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y.) (the "Action"), which was consented to by the Settling Defendants (together with Plaintiffs, the "Parties"). Due and adequate notice of: (1) the Settlement Agreement between Plaintiffs and Barclays dated October 7, 2015 (the "Barclays Settlement Agreement"); (2) the separate Settlement Agreement between Plaintiffs and Deutsche Bank entered into on May 10, 2017 (the "Deutsche Bank Settlement Agreement"); and (3) the separate Settlement Agreement between Plaintiffs and HSBC entered into on December 27, 2016 (the "HSBC Settlement Agreement," and together with the Barclays Settlement Agreement and Deutsche Bank Settlement Agreement, the "Settlement Agreements") having been given to the Settlement Class Members, the Settlement Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreements and all terms used herein. Except as otherwise expressly defined herein, the terms used shall have the same meanings as set forth in the Settlement Agreements.

---

[1] The Plaintiffs are California State Teachers' Retirement System ("CalSTRS"), Stephen Sullivan, White Oak Fund LP, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., and FrontPoint Australian Opportunities Trust.

2. For purposes only of the settlements of the Released Claims[2] set forth in the Settlement Agreements (the "Settlements"), the Court hereby finally certifies the following Settlement Class:

---

[2] With respect to Barclays:

> "Released Claims" means all claims, rights, demands, suits, matters, issues or causes of action that were asserted in the Action by the Plaintiffs, or that have arisen, could have arisen, arise now or relate in any manner to the subject matter of the claims that were asserted by the Plaintiffs in the Action relating to Euribor or Euribor Products, and expressly includes (a) any such claims based upon, arising out of or relating to the acts, facts or events described in or underlying the FSA Settlement, the NPA, the CFTC Order, the DOJ Immunity and/or the EC Immunity; and (b) any such claims arising out of or relating to the Action. The following claims shall not be released by this Settlement: (i) any claims against former Barclays employees arising from those former employees' conduct that occurred while not employed by Barclays or not otherwise acting within the scope of employment or agency of Barclays; (ii) any claims against the named Defendants in this Action other than Barclays; or (iii) any claims against inter-dealer brokers or their employees or agents when and to the extent they were engaged as employees or agents of the other Defendants or inter-dealer brokers.

Barclays Settlement Agreement ¶ 1.33.

With respect to Deutsche Bank:

> "Released Claims" means all claims, rights, demands, suits, matters, issues or causes of action, in law or in equity, that were asserted in the Action by the Plaintiffs, or that have arisen, could have arisen, arise now or relate in any manner to the subject matter of the claims that were asserted by the Plaintiffs in the Action relating to Euribor or Euribor Products including, but not limited to, any alleged manipulation of Euribor under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euribor (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former Deutsche Bank employees arising from those former employees' conduct that occurred while not employed by Deutsche Bank; (ii) any claims against the named Defendants in this Action other than Deutsche Bank; (iii) any claims against inter-dealer brokers or their employees or agents when and to the extent they were engaged as employees or agents of the other Defendants or inter-dealer brokers; or (iv) any claims against any defendant who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based on transactions executed entirely outside the United States by Settlement Class Members domiciled outside the United States.

Deutsche Bank Settlement Agreement ¶ 1.30.

With respect to HSBC:

> "Released Claims" means all claims, rights, demands, suits, matters, issues or causes of action that were asserted in the Action by the Plaintiffs, or that have arisen, could have arisen, arise now or relate in any manner to the subject matter of the claims that were asserted by the Plaintiffs in the Action relating to Euribor or Euribor Products including, but not limited to, any alleged manipulation of Euribor under the Commodity Exchange Act, 7 U.S.C. § 1 et seq., or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euribor (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute or common law). The following claims shall not be released by this Settlement: (i) any claims against former HSBC employees arising from those former employees' conduct that occurred while not employed by HSBC or not otherwise acting within the scope of employment or agency of

2

> All Persons that purchased, sold, held, traded or otherwise had any interest in Euribor Products from June 1, 2005 through and including March 31, 2011, who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted Euribor Products in the United States or its territories from June 1, 2005 through and including March 31, 2011, including, but not limited to, all Persons who traded CME Euro currency futures contracts, all Persons who transacted in NYSE LIFFE Euribor futures and options from a location within the United States, and all Persons who traded any other Euribor Product from a location within the United States. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a defendant, and the United States Government.

3. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlements.

4. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of these Settlements, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to the Settling Defendants' alleged manipulation of Euribor, and the prices of Euribor Products, FED. R. CIV. P. 23(a)(2); (iii) the Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class and Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP ("Class Counsel") has adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions

---

HSBC; (ii) any claims against the named Defendants in this Action other than HSBC; or (iii) any claims against inter-dealer brokers or their employees or agents when and to the extent they were engaged as employees or agents of the other Defendants or inter-dealer brokers. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based on transactions executed entirely outside the United States by Settlement Class Members domiciled outside the United States.

HSBC Settlement Agreement ¶ 1.30.

affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

5. This Court has personal jurisdiction over the Plaintiffs, Barclays, Deutsche Bank, HSBC, and all members of the Settlement Class and subject matter jurisdiction over the Action to approve the Settlement Agreements and all exhibits attached thereto.

6. The Court finds that the mailed notice, publication notice, website, and class notice plan implemented pursuant to the Settlement Agreements: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlements, of their right to appear at the Settlement Hearing, of the Plan of Distribution,[3] and of Class Counsel's application for the Attorneys' Fees Award and any Incentive Award, and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law. Based upon Barclays', Deutsche Bank's and HSBC's submissions to the Court dated March 23, 2018, March 21, 2018, and March 23, 2018, respectively, the Court further finds that the Settling Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. The Court finds that eight members of the Settlement Class have validly requested to be excluded from the Settlement Class. Those excluded members of the Settlement Class are identified at ECF No. 420-1.

---

[3] *See* ECF No. 382-1.

4

8. The Court finds that no objections to the proposed Settlements have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlements.

9. It is hereby determined that all members of the Settlement Class are bound by the Settlement Agreements and this Final Approval Order, regardless of whether such member of the Settlement Class executes and delivers a Proof of Claim and Release, and all of their Released Claims against the Releasees,[4] as provided under the Settlement Agreements, are hereby dismissed with prejudice and released.

---

[4] With respect to Barclays:

> "Releasees" means Barclays, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries and affiliates, and its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Barclays), shareholders (in their capacity as shareholders of Barclays), attorneys, or legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing. "Affiliates" in this provision means entities controlling, controlled by, or under common control with a Releasee.

Barclays Settlement Agreement ¶ 1.34.

With respect to Deutsche Bank:

> "Releasees" means Deutsche Bank, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries and affiliates, and its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Deutsche Bank), shareholders (in their capacity as shareholders of Deutsche Bank), attorneys, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasee.

Deutsche Bank Settlement Agreement ¶ 1.31.

With respect to HSBC:

> "Releasees" means HSBC, their predecessors, successors and assigns, their direct and indirect parents, direct and indirect subsidiaries and direct and indirect affiliates, and their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of HSBC or its affiliates or subsidiaries), shareholders (in their capacity as shareholders of HSBC or its affiliates or subsidiaries), attorneys, or legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing. "Affiliates" in this provision means entities controlling, controlled by, or under common control with a Releasee. For the avoidance of doubt, HSBC France is a Releasee.

10.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlements, as set forth in the Settlement Agreements, and finds that the Settlements are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, including the Plaintiffs. This Court further finds that the Settlements set forth in the Settlement Agreements are the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, with the assistance of skilled mediators, Kenneth R. Feinberg, Esq. with respect to the Barclays Settlement, the Honorable Daniel Weinstein (Ret.) with respect to the Deutsche Bank Settlement, and Gary McGowan, Esq. with respect to the HSBC Settlement, and that Class Counsel and the Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreements. Accordingly, the Settlements embodied in the Settlement Agreements are hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreements in accordance with all of their terms and provisions, including the termination provisions.

11.    Notwithstanding the entry of this Final Approval Order, if any of the Settlement Agreements is validly terminated by the Plaintiffs or any Settling Defendant(s), is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing the Plaintiffs' claims shall be null and void with respect to such Settlement(s); the Plaintiffs' claims shall be reinstated; the Settling Defendant(s)' defenses (including any defense that the Settling Defendant(s) are not subject to the personal jurisdiction of this Court with respect to any of Plaintiffs' claims) shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement(s), and all actions associated with them, including but not limited to any requests for exclusion from the Settlement(s)

---

HSBC Settlement Agreement ¶ 1.31.

previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement(s), including their exhibits, and any and all negotiations, documents, and discussions associated with them and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement(s) were signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement(s) that the Parties have agreed shall survive termination shall continue to have the same force and effect intended by the Parties.

12. The Settlement Fund defined in the Barclays Settlement Agreement (the "Barclays Settlement Fund"), the Settlement Fund defined in the Deutsche Bank Settlement Agreement (the "Deutsche Bank Settlement Fund") and the Settlement Fund defined in the HSBC Settlement Agreement (the "HSBC Settlement Fund" and, collectively with the Barclays Settlement Fund and Deutsche Bank Settlement Fund, the "Settlement Funds") have been established as trusts and shall be established as fiduciary accounts (the "Settlement Fiduciary Accounts"). The Court further approves the establishment of the Settlement Fiduciary Accounts under the Settlement Agreements as qualified settlement funds pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

13. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreements and the Settlements contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes arising out of or relating to the Settlement Agreements, the Settlements, or the Settlement Funds (except for such disputes and controversies as are subject to Paragraph 23.5 of the Deutsche Bank Settlement Agreement, which disputes and controversies shall be governed by the terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses

incurred to administer the Settlements after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of this Final Approval Order, the Plaintiffs, Barclays, Deutsche Bank, HSBC, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreements. Any disputes involving the Plaintiffs, Barclays, Deutsche Bank, HSBC, or members of the Settlement Class concerning the implementation of the Settlement Agreements shall be submitted to the Court.

14. Each Settlement Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreements, as incorporated into the Proof of Claim and Release, to receive the Settlement Class Member's share(s), if any, of the Net Settlement Fund defined in the Barclays Settlement Agreement, the Net Settlement Fund defined in the Deutsche Bank Settlement Agreement and the Net Settlement Fund defined in the HSBC Settlement Agreement. The Court hereby confirms the appointment of A.B. Data, Ltd. as Claims Administrator, and directs that the Claims Administrator shall ensure that each Proof of Claim and Release provided to Settlement Class Members contains a copy of such release and covenant not to sue. However, each Settlement Class Member's claims shall be released pursuant to Paragraph 14 of the Barclays Settlement Agreement, Paragraph 14 of the Deutsche Bank Settlement Agreement and/or Paragraph 14 of the HSBC Settlement Agreement, as the case may be, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

15. The Court hereby approves the Releasors'[5] releases of claims [6] as set forth in this Final Approval Order as of the Effective Date.

---

[5] With respect to Barclays:

> "Releasors" means Plaintiffs and each and every Settlement Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, their current and former officers, directors, employees, agents, fiduciaries, beneficiaries or legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing, and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons. With respect to any Settlement Class Member that is a government entity, Releasor includes any Settlement Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasor.

Barclays Settlement Agreement ¶ 1.35.

With respect to Deutsche Bank:

> "Releasors" means Plaintiffs and each and every Settlement Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacities as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacities as such. With respect to any Settlement Class Member that is a government entity, Releasor includes any Settlement Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasor.

Deutsche Bank Settlement Agreement ¶ 1.32.

With respect to HSBC:

> "Releasors" means Plaintiffs and each and every Settlement Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, their current and former officers, directors, employees, agents, fiduciaries, beneficiaries or legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing, and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons. With respect to any Settlement Class Member that is a government entity, Releasor includes any Settlement Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasor. For the avoidance of doubt, the Releasors include all persons entitled to bring claims on behalf of Settlement Class Members relating to their transactions in Euribor Products.

HSBC Settlement Agreement ¶ 1.32.

[6] With respect to Barclays:

> Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim in any lawsuit, arbitration or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and are to be construed under New York law, including N.Y. General Obligations Law § 15-108, which bars claims for contribution by joint tortfeasors and other similar claims. This Agreement is expressly intended to absolve Releasees against any claims for contribution, indemnification or similar claims from other defendants

9

in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant is/was legally entitled to any kind of contribution or indemnification from Barclays arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification or similar claims against Barclays. Except in the event of termination of this Settlement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

Barclays Settlement Agreement ¶ 14.

With respect to Deutsche Bank:

Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim in any lawsuit, arbitration or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and are to be construed under New York law without regard to its conflict of law principles, including N.Y. General Obligations Law § 15-108, which bars claims for contribution by joint tortfeasors and other similar claims. This Agreement is expressly intended to absolve Releasees against any claims for contribution, indemnification, or similar claims from other Defendants in the Action or any defendant who may be subsequently added in this Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant is or was legally entitled to any kind of contribution or indemnification from Deutsche Bank arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification or similar claims against Deutsche Bank. Except in the event of termination of this Settlement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure, or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

Deutsche Bank Settlement Agreement ¶ 14.

With respect to HSBC:

Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim in any lawsuit, arbitration or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and are to be construed under New York law, including N.Y. General Obligations Law § 15-108, which bars

claims for contribution by joint tortfeasors and other similar claims. This Agreement is expressly intended to absolve Releasees against any claims for contribution, indemnification or similar claims from other defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant is/was legally entitled to any kind of contribution or indemnification from HSBC arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification or similar claims against HSBC. Except in the event of termination of this Settlement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

HSBC Settlement Agreement ¶ 14.

As set forth in the Barclays and HSBC Settlement Agreements:

> The release set forth in ¶ 14, above, constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:
>
>> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.
>
> The release set forth in ¶ 14, above, also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Releasors acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Releasors assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

Barclays Settlement Agreement ¶ 15; HSBC Settlement Agreement ¶ 15.

As set forth in the Deutsche Bank Settlement Agreement:

> Although the release set forth in ¶ 14 is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:
>
>> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.
>
> The release set forth in ¶ 14 also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state, or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Settling Parties assume the risk of

16. The Court declares that the Settlement Agreements and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Releasees encompassed by the Released Claims that are maintained by or on behalf of any Releasor, regardless of whether the Releasor previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Releasor never received actual notice of the Action or these proposed Settlements.

17. The Court permanently bars and enjoins the Releasors from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Barclays, Deutsche Bank, HSBC, or any Releasees based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Barclays, Deutsche Bank, HSBC, or any Releasees based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Barclays, Deutsche Bank, HSBC, or any Releasees based on the Released Claims.

18. The Court permanently bars and enjoins claims by any Person against Barclays, Deutsche Bank or HSBC or any Releasees for all or a portion of any amounts paid or awarded in the

---

any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

Deutsche Bank Settlement Agreement ¶ 15.

Action by way of settlement, judgment, or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims against Barclays, Deutsche Bank and HSBC and any Releasees for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, or indemnification from Barclays, Deutsche Bank, HSBC or any Releasee arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Barclays, Deutsche Bank, HSBC or any Releasee.

19. Neither the Settlement Agreements (nor their exhibits), whether or not they shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiffs and the Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Judgment are or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of Releasees; (b) any liability, fault or omission of the Releasees in any civil, criminal, or administrative proceeding before any court, administrative agency, arbitration panel or other tribunal; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlements. Further, neither the Settlement Agreements (nor their exhibits), whether or not they shall become final, nor any negotiations, documents exchanged among counsel for the Plaintiffs and the Settling Defendants in connection with settlement

13

discussions, and discussions associated with them, nor the Final Approval Order and Judgment, nor any act performed or document executed pursuant to or in furtherance of these Settlements, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlements, and except that the Releasees may file the Settlement Agreements and/or the Judgment in any action for any purpose, including, but not limited to, in support of a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim. Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by the Settling Defendants to the Plaintiffs or by the Plaintiffs to the Settling Defendants in connection with the Settlements or the Action. Plaintiffs and Settling Defendants, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreements and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

20. The Court finds that, during the course of the Action, the Plaintiffs and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by members of the Settlement Class in connection with the submission of claims shall be held in strict confidence, available only to the Claims Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a member of the Settlement Class's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21. The Proof of Claim and Release form, Plan of Allocation, and the Supplemental Agreement referenced in Paragraph 40 of the Deutsche Bank Settlement Agreement are each approved as fair, reasonable, and adequate.

22. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

23. The Court's certification of the Settlement Class and appointment of the Plaintiffs as class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any other class or to appoint other class representatives in this litigation or any challenge to the Plaintiffs' capacity to litigate against other Defendants or to represent another putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this 18th day of May, 2018.

Honorable P. Kevin Castel
United States District Judge