UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - *against* - <br><br> BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 13-cv-02811 (PKC) <br><br>  |

[PROPOSED] ORDER GRANTING CLASS COUNSEL'S
MOTION FOR AWARD OF ATTORNEYS' FEES

This matter came for a duly-noticed hearing on May 18, 2018 (the "Settlement Hearing"),

upon Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fee

and Expense Application") in the above-captioned action (the "Action"). The Court has considered

the Fee and Expense Application and all supporting and other related materials, including the

matters presented at the Settlement Hearing. Due and adequate notice of: (1) the Settlement

Agreement Between Plaintiffs and the Barclays Defendants entered into on October 7, 2015; (2) the

Settlement Agreement Between Plaintiffs and the Deutsche Bank Defendants entered

into on May 10, 2017; and (3) the Settlement Agreement Between Plaintiffs and the HSBC

Defendants entered into on December 27, 2016 (collectively, the "Settlements")[1] having been given

to the Settlement Class Members, the Settlement Hearing having been held, and the Court having

considered all papers filed and proceedings held herein and otherwise being fully informed in the

premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Court has personal jurisdiction over Plaintiffs, Barclays, Deutsche Bank, and

HSBC (the "Parties") and all Settlement Class Members and subject matter jurisdiction over the

Action to approve the Settlements and all exhibits attached thereto;

2.      Notice of the Fee and Expense Application was provided to potential Settlement

Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal

Rules of Civil Procedure and due process requirements;

3.      Plaintiffs' Counsel is hereby awarded attorneys' fees in the amount of

22.24% of the total Settlement Funds ($68,710,000), plus interest for the same time period and at

the same rate as earned by the Settlement Funds, which shall be paid out of the Settlement Funds;

4.      Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs'

Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such

counsel to the prosecution and settlement of the Action;

5.      In making this award of attorneys' fees, the Court has considered and found that:

a.      Plaintiffs' Counsel have prosecuted the Action and achieved the Settlements

with skill, perseverance, and diligent advocacy;

b.      The Action involves numerous complex factual and legal issues and was

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlements.

actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

c.    Had Plaintiffs' Counsel not achieved the Settlements, a risk would remain that Plaintiffs and the Settlement Class may have recovered less or nothing from Barclays, Deutsche Bank and HSBC;

d.    Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

e.    Notice was disseminated stating that Class Counsel would be moving for attorneys' fees in the amount of 23% of the Settlement Funds; and

f.    The amount of attorneys' fees awarded is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable percentage of the Settlement Funds, in view of the applicable legal principles and the particular facts and circumstances of the Action.

6.    In the event that the Settlements are terminated or the Effective Date does not occur in accordance with the terms of the Settlements, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties;

7.    Pursuant to Sections 8 and 31 of the Settlement Agreement Between Plaintiffs and the Barclays Defendants, Sections 8 and 34 of the Settlement Agreement Between Plaintiffs and the Deutsche Bank Defendants, and Sections 8 and 31 of the Settlement Agreement Between Plaintiffs and the HSBC Defendants, this fee award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and is also independent of the Court's consideration of the proposed Plan of Allocation; and

3

8.     The fees awarded herein may be paid to Plaintiffs' Counsel from the Settlement

Funds immediately upon entry of this Order, subject to the terms, conditions, and obligations of the

Settlements which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

This 18th day of May, 2018.

_____

Honorable P. Kevin Castel
United States District Judge

4