UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEPHEN SULLIVAN, WHITE OAK FUND
LP, CALIFORNIA STATE TEACHERS'
RETIREMENT SYSTEM, SONTERRA
CAPITAL MASTER FUND, LTD.,
FRONTPOIN PARTNERS TRADING FUND,
L.P. and FRONTPOINT AUSTRALIAN
OPPORTUNITIES TRUST, on behalf of
themselves and others similar situated,

              Plaintiff,

-against-

BARCLAYS PLC, BARCLAYS BANK PLC,
BARCLAYS CAPITAL INC., BNP PARIBAS
S.A., CITIGROUP, INC., CITIBANK, N.A.,
COOPERATIEVE CENTRALE RAIFFEISEN-
BOERENLEENBANK B.A., CRÉDIT
AGRICOLE S.A., CRÉDIT AGRICOLE CIB,
DEUTSCHE BANK AG, DB GROUP
SERVICES UK LIMITED, HSBC HOLDINGS
PLC, HSBC BANK PLC, ICAP PLC, ICAP
EUROPE LIMITED, J.P. MORGAN CHASE &
CO., JPMORGAN CHASE BANK, N.A., THE
ROYAL BANK OF SCOTLAND PLC,
SOCIÉTÉ GÉNÉRALE SA, UBS AG and JOHN
DOE NOS. 1-50,

              Defendant.
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-30-18

13-cv-2811 (PKC)

ORDER

CASTEL, U.S.D.J.

       The Court has reviewed plaintiffs' motion for preliminary approval of a class action settlement and the form and program of notice to the class. The submissions are voluminous and the Court has done its best to review them. Either the Court has overlooked the disclosure of plaintiffs' counsel's proposed attorneys' fees and expenses and the proposed

incentive payments to class representatives or they have not been disclosed. The fees, expenses and incentive awards are material in the Court's review because the amounts would be paid out of (and thereby reduce) the pool of funds available to class members.[1]

The proposed fees, expenses and awards do not appear in the 29-page Memorandum of Law, nor in the 14-page declaration of Briganti and Lovell. The Court has examined the 65-page, principally single-spaced Stipulation and Agreement of Settlement and found the following at F. 29.3(1): "Plaintiffs' Counsel shall seek attorneys' fees in an amount to be specified in the Notice." (Ex. 1 to Briganti and Lovell Decl.) This prompted the Court to next examine the proposed "Mailed Notice" that provides as follows:

> Class Counsel will ask the Court for an award of attorneys' fees in the amount of no more than ____ percent ____ of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of up to ____ all to be deducted from the Settlement Fund. . . The Plaintiffs similarly will seek reimbursement of their own expenses and compensation for their time devoted to this litigation in the aggregate amount to be determined by the Court to be paid from the Settlement Fund.

(Ex. 3 to Briganti and Lovell Decl.)(blanks-in-the-original.)[2]

The "Publication Notice" is even less informative. Under the heading "What Are Your Other Options?"[3] there is a reference to: "a request by the lawyers representing all Settlement Class Members (Lowey Dannenberg, P.C. and Lovell Stewart

---

[1] "Preliminary approval of settlements should be given if the settlement is the result of serious, informed and non-collusive negotiations and the proposed settlement has no obvious deficiencies, such as giving preferential treatment to class representatives, or granting excessive attorneys' fees." In re Medical X–Ray Film Antitrust Litig., 93–cv–5904, 1997 WL 33320580, at *6 (E.D.N.Y. Dec. 26, 1997) (citing In re Nasdaq Market–Makers Antitrust Litig., 176 F.R.D. 99 (S.D.N.Y.1997)) (emphasis added.).
Karvaly v. eBay, Inc., 245 F.R.D. 71, 86 (E.D.N.Y. 2007)

[2] To avoid future issues, the Mailed Notice and the Publication Notice, in addition to including a percentage, should accurately calculate the actual proposed figure. See Karvaly v. eBay, Inc., 245 F.R.D. 71, 86 (E.D.N.Y. 2007).

[3] A person diligently looking for the amount of the proposed fees, expenses and awards would not expect to find them under such an opaque heading.

- 3 -

Halebian Jacobson LLP) for an award of attorneys' fees of no more than _____percent (\_\_\_%) of the Settlement Fund for investigating the facts, litigating the case, and negotiating the settlement, and for reimbursement of their costs and expenses in the amount of no more than approximately $\_\_\_\_\_." (Ex. 4 to Briganti and Lovell Decl.)(blanks-in-the-original.)   No mention is made as to any incentive awards.

To folks who make their living bringing to light material omissions by others, these would be fairly glaring material omissions in a submission to the Court because the Court, in considering preliminary approval, would be deprived of knowing the proposed net settlement funds available to the class.[4]  The Court says "would be" because it hopes to hear back from plaintiffs' counsel that the Court has it all wrong and that the proposed fees, expenses and awards (or some not-to-exceed amount) were disclosed on page such and so of a particular portion of the submissions.

The application for preliminary approval is DENIED without prejudice.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 30, 2018

---

[4] The Court fully appreciates that plaintiffs' counsel did not intend to send a notice to the class containing blank spaces. The question is what counsel has disclosed to the Court in the preliminary approval process. Also, counsel can save themselves time and effort looking for an instance where this Court may have overlooked similar failures or omissions; if that be the case, then shame on the undersigned for having missed them.