UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sullivan et al.

                              Plaintiff(s),

-against-

Barclays plc et al

                              Defendant(s).

TOTAL OF FOUR (4) PAGES

Docket No: 13 CV2811(PKC)(SDNY)

NOTICE OF PRO SE ACTION,

OBJECTION TO SETTLEMENT &

PETITION

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☒ that all future correspondence be mailed to me at the address below, or

☐ that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

TZORTZAKAKIS EMMANOUIL *(Class Member)*      ☐ Plaintiff ☐ Defendant
Name (Last, First, MI)

| 27 Evrytanias st. | Egaleo-Athens | Greece | 12243 |
|---|---|---|---|
| Address | City | State | Zip Code |

+30210 59 08 919      info@tzortzakakis.com & sagorgianitis@hotmail.com

Telephone Number      e-mail address

05/13/2019
Date

Signature of the Settlement Class Member: *[signature]*

- 1 -

To Honourable Judge Kastel
Related to Euribor Settlement
13 cv 2811 (PLC) (NYDC)
Fax: 1-212-805-7949

Efstathios Agorgianitis & Despoina Tsigkourakou,
Attorneys at Law in Greece, members of the Athens Bar,
Both appointed at the Supreme Court of Athens,
**Acting pro se for Emmanouil Tzortzakakis,**
with the Power of Attorney signed on 28TH of March
Power of Attorney at the US Embassy of Athens of March 2019
ID 52386911 Settlement Class Member
(original copy kept at the 105 pro se assistance Office)
E-mail: sagorgianitis@hotmail.com

## OBJECTION TO THE PROPOSED SETTLEMENT & PETITION FOR REPRESENTATION AND POSSIBLE IMPROVEMENT OF THE SETTLEMENT

1. The only purpose of this filed objection is to contribute to the improvement of this settlement.

2. Pursuant to Paragraph 27 of the Preliminary Approval Order and Section III.C. of the Mailed Notice (ECF No. 465-1, at 15), those members of the Settlement Class requesting exclusion were to provide the following information: (among others):...(v) *a description of the Euribor Products transactions entered into by the Settlement Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction);* Additionally, all written requests were to be signed by the Settlement Class Member (or his, her or its legally authorized representative), notarized, and sent by United States First-Class Mail postmarked no later than April 12, 2019.

3. Same were to be provided by the Settlement Class Members wishing to object to the proposed Settlement [Paragraph 22], and same were to be provided by the Settlement Class Members wishing to be compensated by the Settlement Counsels, in case it will be approved and validated by the court.

4. <u>**Mr. Emmanouil Tzortzakakis, has really been very active in dealing with Euribor products**</u> (especially with futures) during this time period of 2005-2011. This is the reason that he is named a class action member in in both 2 class settlements, under code numbers 47871343 (approved settlement with Deutsche Bank) and the present. <u>*Unfortunately, he has no records of this activity, after all those years, so, he had not the opportunity to be properly informed about the possible impact on his activity by the mishandling of the Euribor.*</u>

5. Unfortunately, the Preliminary Approval Order, has not taken into consideration at all the case/fact that some or many of the Settlement Class Members **DO NOT HAVE ACCESS TO SUFFICIENT, enough, accurate and APPROPRIATE** information anymore (the right to be informed which has extensions and consequences to the right to be heard) about the Euribor Products transactions into which they entered [ due to the fact that these transactions took place initially many years ago ....at an unexpected time *"in tempore non suspecto"* , 7 years or more, even 12 years later from the time period between 2005 and 2011, which is the ending of the period related

-2-

to the proposed Settlement] and therefore couldn't predict years earlier that they should have to keep in advance a record of all those data's or transaction files related to this case .

6. Therefore it is a mistake to assume that because these transactions took place (at an unexpected time...years ago), Mr. Tzortzakakis still has access to all the accurate and multiple data's required to be provided by him before April the 12th ,2019 or that him (or even the administrator ) could easily track or demand information from the sources in a satisfactory way (complete, accurate and truthfull) in order to be heard and to submit his written request to either be part of the settlement class action that will be compensated or to exclude himself from the proposed settlement, reserving his right to sue the defendants himself.

7. Furthermore this constitutes a <u>reversal of the burden of proof</u> since the Settlement Class Members (who have no access to the automated -structured systems of the defendants banks) <u>have to make a disproportionate effort</u> in comparison with the defendants, and therefore (being the weakest part) tend to be discouraged to achieve protection if any kind of difficulty occurs in communication with the "sources" which in any case should aid plaintiffs by providing them detailed personal information  about transactions related to this case (if asked or if refused by other entities or needed).

8. As a result, those persons  [ *settlement class members who were <u>enabled to have access to the required appropriate and detailed informations (due to the fact that a long period of time occurred between the time these transactions took place initially and this class action)</u> and therefore those who were enabled to provide the court with detailed and accurate data's -information about all their transactions related to this case (which took place years ago from 2005 till 2011 at "tempore non suspecto") and <u>which are necessary</u> (condition set by the Preliminary Order)*] <u>either to be excluded, or to be able to object, or to be named as beneficiaries of the settlement, are practically unable to exercise their right to be compensated for their property loss.</u>

9. <u>Consequently, even if they initially already have been acknowledged by lists prepared by the Defendants themselves as Settlement Class Members, they will never be compensated.</u>

10. <u>This also has the meaning, that the portion of those LESS INFORMED Class Members, will actually be added as a gift value to the  portion of the rest, BEST INFORMED Class Members, which would confirm an unfair treatment of the weakest parts.</u>

11. <u>If the above condition is to be followed, then 7 of the 8 Requests for Exclusion (see A.B. Data Manager affidavit), attached to the Report of A.B. Data, will be rejected, since they don't include this information</u>

12. Additionally, while the Banking Institutions, who were/ are the Defendants, *<u>seem to know perfectly well, all the Information which is asked by the Class Counsels</u>*, since they prepare those lists and yet, they fail to provide full information to them.

13. Without the requested Informations <u>the Court:</u>

    a) <u>can not be sure</u> about <u>the real number of possible beneficiaries</u>, the number of transactions, and the quality of the transactions (amounts) performed by each class member and
    b) can not estimate <u>the fairness of the offered amounts,</u> and the extent of the damage which took place and the possible impact of the Euribor mishandling.

14. <u>*Finally, after this information is provided, there should be appointed an Independent Financial Consultant, to make clear all the above*</u>

15. The result of this handling, is:

    a) the exclusion of the above Settlement Class Members from their right to be compensated
    b) the <u>limitation of the persons</u> who will finally become beneficiaries from the Settlement and
    c) the lack of control of the number of possible beneficiaries of the Settlement.

16. This is easy to be confirmed, since **Mr. Tzortzakakis Emmanouil**, has been <u>named as a class member not only in this settlement, but also in a previous similar settlement</u>, between the same plaintiffs vs. Deutsche Bank plc et al, under the ID 46871343.

17. The purpose of this is not malicious. If Mr. Tzortzakakis wanted to propose a malicious objection, he would have done so at the previous settlement, which was finally approved by the same court. He did not.
    *On the contrary, he had CORRESPONDENCE with the Settlement Counsel, Mr. Sitso W. Bediako, in the spring of 2018, asking for the detailed information about all lists, and asking tracking records and sources, related to him, which is at your disposal anytime. This e- correspondence PROVES his genuine interest for this trial and his intention to contribute to a fair settlement.*

Therefore we <u>ask from your court in order to make this settlement fairer, and more reasonable and more efficient for the class members:</u>

a. To allow the filing of this objection-petition related to the court hearing dated 17th of May 2019, and to take it into consideration.

b. To order a postponement of the court hearing, taking also into consideration the following:

c. To order the banking institutions (and all other possible sources of financial information about Euribor products), which provided the lists to the Settlement Counsel, <u>to deliver to the above Counsel analytic full lists,</u> including all sufficient information related to all individuals-class members like myself, including the total number of the individuals, and the total number of transactions.

d. To order the Settlement Counsels to <u>collect and verify the lists</u> provided by the above sources and Institutions, before mailing them to members of the class.

e. To appoint an <u>experienced independent financial consultant</u> to <u>evaluate</u> all aspects of this settlement and to propose improvements.

f. To order those informations to be announced to the individuals-class members, like myself, in order to be verified by them at a certain date before the new hearing.

g. To provide the class members the right to object or exclude themselves from the settlement, for a certain period of time, <u>after all sufficient information</u> plus the Financial Consultants report is mailed to them

On behalf of Emmanouil Tzortzakakis, acting pro se

Efstathios Agorgianitis-Despoina Tsigkourakou



# Fax Cover Sheet

Date __14/05/2019__

Number of pages __5__ (including cover page)

**To:**

Name __Judge__

Company __Kastel__

Telephone _____

Fax __212 805 7949__

**From:**

Name __Agorgiainitis Efstathiu__

Company __Attorney at Law, Greece__

Telephone _____

Comments _____

Fax - Local Send  
7 90363 00711 1

Fax - Domestic Send  
7 90363 00714 2

Fax - International Send  
7 90363 00720 3

fedex.com 1.800.GoFedEx 1.800.463.3339

© 2015 FedEx. All rights reserved. Products, services and hours vary by location. 615.OPD0.002

OD1774SPM