

May 16, 2019

<u>VIA ECF</u>
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Sullivan et al. v. Barclays PLC et al.,* **No. 13-cv-2811 (S.D.N.Y.)**

Dear Judge Castel:

We write on behalf of Plaintiffs to respond to the "Notice of Pro Se Action, Objection to Settlement & Petition/Objection to the Proposed Settlement & Petition for Representation and Possible Improvement of the Settlement" (the "Notice of Objection") filed with the Court by Efstathios Agorgianitis and Despoina Tsigkourakou, purported attorneys at law in Greece, "acting pro se for Emmanouil Tzortzakakis" ("Tzortzakakis"). ECF No. 494.

The Notice of Objection suggests a means of purportedly improving the process by which class members may submit a proof of claim relating to the Citi and JPMorgan settlement ("Settlement"). In particular, the Notice of Objection suggests that Defendants (and not the class member) should ultimately be responsible and bear the burden of accurately compiling all of the transaction data and other information that class members are responsible for in submitting a valid and timely proof of claim.  According to the Claims Administrator, other than the Notice of Objection belatedly filed by Mr. Tzortzakakis, there have been no other objections filed (timely or untimely) by any other potential class member.[1]

As set forth below, the Notice of Objection should be rejected as a legal nullity because Tzortzakakis failed to comply with the Court-ordered predicates to make an objection and, despite Class Counsel's efforts to work with Tzortzakakis long before the deadlines, he nevertheless filed the Notice of Objection extremely late.  In addition, the Notice of Objection is also defective and should be rejected because the facts Tzortzakakis has provided do not support his inclusion in the Class, or otherwise satisfy the Court-ordered mandates for filing an objection.  Lastly, the additional class notice relief the Notice of Objection seeks is impractical, and the transaction data Tzortzakakis seeks is likely available from sources within Tzortzakakis's possession, custody or control.

---

[1] The Notice of Objection does not challenge the adequacy of the Settlement, the process for reaching the Settlement, or Class Counsel's application for attorneys' fees and reimbursement of expenses.

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977  (p): 610-941-2760  (f): 610-862-9777



1. <u>**The Notice of Objection Fails to Comply with the Court-Ordered Objection Requirements**</u>.

The Court's Order preliminarily approving the proposed Settlement and scheduling the hearing on the Settlement (the "Settlement Hearing") for May 17, 2019 ("PAO"), required all objections to be filed with the Court and served on Class Counsel and counsel for Citi and JPMorgan no later than April 12, 2019. S*ee* ECF No. 454 ¶ 22.

Tzortzakakis's counsel faxed the Notice of Objection to the Court on May 14, 2019, over thirty days beyond the Court's objection deadline and merely three days before the Settlement Hearing. The PAO provides that any submission failing to comply with the objection requirements is barred and will not be considered by the Court absent good cause. Tzortzakakis does not suggest, much less demonstrate that he had good cause for filing the Notice of Objection late. The Notice of Objection makes clear that Tzortzakakis has known about the objection filing requirements for some time, and that any alleged difficulty he may face in obtaining his purported Euribor Products transaction information is not a recent development that excuses the untimeliness of the Notice of Objection.

According to our records, Tzortzakakis has been on notice of the Proof of Claim requirements since at least April 2018, when he contacted Class Counsel.   Further, we understand that a Greek brokerage firm directed the claims administrator to send the notice to Tzortzakakis. Because the class notice program was designed to be over-inclusive, the fact that Tzortzakakis received the notice does not definitively establish his status a member of the Settlement Class.

The PAO also requires a potential class member to provide six pieces of information for any objection to be considered valid, including:

(1) a heading that refers to the Action by case name and case number; (2) a statement of the specific legal and factual basis for each objection or intervention argument; (3) a statement of whether the objecting or intervening person or entity intends to appear at the Settlement Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Settlement Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Settlement Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Euribor Products transactions entered into by the Settlement Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6)

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977  (p): 610-941-2760  (f): 610-862-9777



a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years.

ECF No. 454 ¶ 22.

The Notice of Objection fails to include the most basic information about whether Tzortzakakis is even a member of the Settlement Class, including the types of Euribor Products that Tzortzakakis allegedly traded, when such transactions allegedly occurred, or the identity of the exchanges, broker(s), dealer(s), or counterparties that were involved in the trades.  There is also no evidence whatsoever that Tzortzakakis, whose self-admitted domicile address is in Greece, is a member of the Settlement Class which is limited to persons who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted in Euribor Products in the United States.  *See* ECF No. 454 ¶ 4 (defining the Settlement Class).  Without such information, the Court has no basis to evaluate whether Tzortzakakis is a member of the Settlement Class with standing to object.

Further, Tzortzakakis does not reference whether he or his counsel intends to appear at the Settlement Hearing or if he intends to offer any evidence supporting his Notice of Objection.  He also fails to inform the Court whether he has objected in other class action cases in the last five years.  In total, at least four of the six required elements for filing a valid objection are missing.

For these reasons, the Notice of Objection is invalid and should be rejected. *See, e.g., In re: Motor Fuel Temperature Sales Practices Litig.*, 872 F.3d 1094, 1112 (10th Cir. 2017), *cert. denied sub nom. Speedway LLC v. Wilson*, 138 S. Ct. 1299, 200 L. Ed. 2d 502 (2018) (affirming district court's ruling that objections were not properly before it where submission did not comply with requirements of the preliminary approval order); *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (same).

   2. **Tzortzakakis Has Waived His Right to Object to the Settlement**.

In accordance with the Court's PAO, "[a]ny Settlement Class Member or governmental entity that fails to object or move to intervene in the manner described in paragraphs 22-25 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement." (*see* ECF No. 454 ¶ 26) (emphasis added). By missing the April 12th objection deadline, Tzortzakakis has waived his right to object to the Settlement.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977  (p): 610-941-2760  (f): 610-862-9777



3. **Tzortzakakis Lacks Standing to Object Due to His Failure to Timely Submit a Valid Proof of Claim**.

This Court has held that where a potential class member fails to timely submit a valid proof of claim, the class member lacks standing to object to a class action settlement, including with respect to the form of notice. *See In re WorldCom, Inc. Sec. Litig.*, 388 F.Supp.2d 319, 340 (S.D.N.Y. 2005) (finding that a potential member of securities fraud class action who did not file proof of claim lacked standing to object to proposed settlement). *Accord Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1128 (9th Cir. 2002) (holding objector who did not participate in a settlement lacked standing to challenge class counsel's fee award because he had no stake in the common fund). Tzortzakakis, by his own admission, failed to timely file a valid proof of claim.  He therefore lacks standing to object to any aspect of the Settlement.

4. **Even if the Technical Defects of the Notice of Objection Are Ignored, Which They Should Not Be, the Notice of Objection is Substantively Defective**.

The Notice of Objection seeks to modify the process by which potential class members may submit proofs of claims.  Specifically, the Notice of Objection suggests that Defendants (and not the class member) should ultimately be responsible and bear the burden of accurately compiling all of the transaction data and other information that class members are responsible for in submitting a valid and timely proof of claim in the Settlement.  Tzortzakakis's reasoning is that the Defendants, and not the class member, have superior knowledge about each class member's trading in Euribor products. This is not true in a number of significant respects.

First, although it is not definitive, the Notice of Objection states that Tzortzakakis may have traded futures contracts.  If this is true, trading data reflecting such futures contracts would <u>not</u> be in the possession of the Defendants, but instead would potentially be in the possession, custody or control of Tzortzakakis, the exchange upon which the futures contracts were traded (here the Chicago Mercantile Exchange (CME) or the London International Financial Futures and Options Exchange (LIFFE)), or any futures commission broker that Tzortzakakis utilized.  Futures contracts are traded anonymously on an exchange.  *See ADM Inv'r Servs., Inc. v. Collins*, 515 F.3d 753, 756 (7th Cir. 2008) (futures trading involves clearing corporations, allowing trading to be "anonymous and contracts homogenous"). Thus, transaction data regarding Tzortzakakis's trading of futures contracts that falls within the Settlement Class definition would not be in the possession, custody, or control of the Defendants.

Second, it is very unlikely that Tzortzakakis traded Euribor Products over-the-counter (OTC) directly with any Defendant.  Unlike futures contracts, OTC derivatives are traded between two parties and not through an exchange or intermediary. The growth of the foreign exchange and interest rate swap markets, which together account for trillions of dollars in daily trades, prompted the creation of the ISDA Master Agreement in 1985. It was subject to updates and revisions in 1992

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977  (p): 610-941-2760  (f): 610-862-9777



Letter to The Honorable P. Kevin Castel
May 16, 2019
Page 5 of 5

and again in 2002, both of which are currently available for use. The agreement is widely used by banks and corporations worldwide to trade OTC derivatives. *See In re Lehman Bros Holdings Inc.*, No. 08-13555 SCC, 2015 WL 7194609, at *1 n.1 (S.D.N.Y. Sept. 16, 2015) (ISDA Master Agreement "serve[] as the contractual foundation for more than 90% of derivatives transactions globally"). The size of the OTC market means that risk managers must carefully oversee traders and ensure approved transactions are properly managed, and that the two parties involved have the financial wherewithal to mitigate credit risk by stipulating the terms and conditions under which they are required to post collateral to each other. As a result, only a small number of individuals have sufficient credit to merit having an ISDA Master Agreement to trade OTC derivatives.[2] It is unlikely that Tzortzakakis individually had the financial wherewithal to trade Euribor Products OTC directly with any Defendant. If he did have the resources to trade OTC derivatives directly via an ISDA Master Agreement, he should have the resources to access his trading data. Notably, Tzortzakakis does not provide any detail relating to any efforts to obtain transaction information from any exchanges, brokers, or potential counterparties.

Finally, the Proof of Claim requirement that class members bear the ultimate responsibility for collecting, verifying, and submitting transaction data that supports their claim to Settlement proceeds has not prevented thousands of class members from submitting Proofs of Claims with the required transaction data. The foregoing procedure has been utilized time and again in similar class action settlements, including various Interbank Offered Rate (IBOR) settlements, and the prior settlements in this litigation. *See In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, at *12 (S.D.N.Y. Nov. 12, 2004) (overruling objection made to length and complexity of the proof of claim form, holding that "information that claimants are required to submit is necessary in order for a fair distribution of the settlement proceeds . . . . [documentation] provisions are important in helping to insure that the settlement fund is distributed to class members who deserve to recover from the fund").

For these reasons, the Court should reject the Notice of Objection.

Respectfully submitted,

/s/ Vincent Briganti                                    /s/ Christopher Lovell
**LOWEY DANNENBERG, P.C.**                  **LOVELL STEWART**
                                                        **HALEBIAN JACOBSON LLP**

cc:    All Counsel of Record (*via* ECF)
       Emmanouil Tzortzakakis (*via* email)
       Efstathios Agorgianitis, Greek counsel for Emmanouil Tzortzakakis (*via* email)

---

[2] For background, *see* Alastair March, *Inside the World's Most Elite (and Secret) Traders' Club*, BLOOMBERG, Mar. 3, 2018, *available at* https://www.bloomberg.com/news/features/2018-05-03/inside-the-world-s-most-elite-and-secret-traders-club. According to the article, at least $25 million in assets would be required to have an ISDA Master Agreement, and fewer than 12 individuals have been identified with ISDA Master Agreements.

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601  (p) 914-997-0500  (f) 914-997-0035
Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, West Conshohocken, PA 19428-2977  (p): 610-941-2760  (f): 610-862-9777