UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>- *against* -<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br>Defendants. | Docket No. 13-cv-02811 (PKC) |

*PKC [signature]*

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE OF JPMORGAN CHASE & CO.,
JPMORGAN CHASE BANK, N.A., CITIGROUP INC., AND CITIBANK, N.A.

This matter came for a duly-noticed hearing on May 17, 2019, upon the Plaintiffs'[1] Motion for Final Approval of Settlement with Citigroup Inc. and Citibank, N.A. (collectively "Citi") and JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan" and, collectively with Citi, the "Settling Defendants") in the action captioned *Sullivan v. Barclays plc et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y.) (the "Action"), which was consented to by the Settling Defendants (together with Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Judgment hereby incorporates by reference the definitions in the Settlement Agreement between Plaintiffs and Settling Defendants dated November 21, 2018 (the "Settlement Agreement"). All terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to Citi and JPMorgan and without fees or cost.

3. Upon the occurrence of the Effective Date in accordance with the terms of the Settlement Agreement, all of the following claims shall be released. Specifically, the Releasors,[2] and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf

---

[1] The Plaintiffs are Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System ("CalSTRS"), Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, any subsequently named plaintiff(s), and any of their assignees that may exist now or in the future, including but not limited to Fund Liquidation Holdings, LLC.

[2] "Releasors" (or "Releasing Parties") means each and every Plaintiff and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacities as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacities as such. Notwithstanding that the United States Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasor includes any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasor. For the avoidance of doubt, the "Releasors" include all Persons entitled to bring Released Claims on behalf of any Settling Class Member.

2

of any Releasor, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Releasees[3] from:

> any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action or which could have been alleged in the Action against the Released Parties concerning any Euribor Products[4] or any similar financial instruments priced, benchmarked, or settled to Euribor purchased, sold, held, traded, and/or transacted by the Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of Euribor or Euribor Products under the Commodity Exchange Act, 7 U.S.C. § 1 et seq. or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euribor (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former employees of the Settling Defendants arising solely from those former

---

[3] "Releasees" (or "Released Parties") means each and every Settling Defendant, their predecessors, successors and assigns, each of their past, present, and future direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of the Settling Defendants), shareholders (in their capacity as shareholders of the Settling Defendants), attorneys, insurers or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasee. For the avoidance of doubt, "Releasees" shall not include any named Defendants other than the Settling Defendants.

[4] "Euribor Products" means any and all interest rate swaps, forward rate agreements, futures, options, structured products, and any other instrument or transaction related in any way to Euribor, including but not limited to, NYSE LIFFE Euribor futures contracts and options, CME Euro currency futures contracts and options, Euro currency forward agreements, Euribor-based swaps, Euribor-based forward rate agreements and/or any other financial instruments that reference Euribor.

3

employees' conduct that occurred while not employed by the Settling Defendants; (ii) any claims against the named Defendants in this Action other than the Settling Defendants; (iii) any claims against inter-dealer brokers or their employees or agents when and to the extent they were engaged as employees or agents of the other defendants or inter-broker dealers; or (iv) any claims against any Defendant not affiliated with the Settling Defendants who may be subsequently added in this Action. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

4. This release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.

With respect to the Settlement Agreement, the Releasors acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Releasors assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Citi and JPMorgan shall be

final and entered forthwith. The Court concludes that the risk of piecemeal appeals is low because of the absence of objectors.

**IT IS SO ORDERED.**

Signed this 17th day of May, 2019.

Honorable P. Kevin Castel
United States District Judge

5