# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated, | Docket No. 13-cv-02811 (PKC) |

Plaintiffs,

- against -

BARCLAYS PLC, BARCLAYS BANK PLC,
BARCLAYS CAPITAL INC., BNP PARIBAS S.A.,
CITIGROUP INC., CITIBANK, N.A., COÖPERATIEVE
CENTRALE RAIFFEISEN-BOERENLEENBANK B.A.,
CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB,
DEUTSCHE BANK AG, DB GROUP SERVICES UK
LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC,
ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN
CHASE & CO., JPMORGAN CHASE BANK, N.A.,
THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ
GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,

Defendants.

# [PROPOSED]
# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
# OF CRÉDIT AGRICOLE S.A. AND CRÉDIT AGRICOLE CIB

This matter came for a duly-noticed hearing on November 15, 2022, upon the Plaintiffs'[1] Motion for Final Approval of Settlement with Defendants Crédit Agricole S.A. and Crédit Agricole CIB (collectively "Crédit Agricole") in the action captioned *Sullivan, et al. v. Barclays plc, et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y.) (the "Action"), which was consented to by Crédit Agricole (together with Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement between Plaintiffs and Crédit Agricole dated March 10, 2022 (the "Settlement Agreement"). All terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Action, including each claim in the Action, is hereby dismissed with prejudice on the merits as to Crédit Agricole and without fees or cost.

3. Upon the occurrence of the Effective Date in accordance with the terms of the Settlement Agreement, all of the following claims shall be released. Specifically, the Releasors,[2]

---

[1] The Plaintiffs are Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System ("CalSTRS"), any subsequently named plaintiff(s), and any assignees of any named plaintiff(s) that may exist now or in the future, including but not limited to Fund Liquidation Holdings, LLC.

[2] "Releasors" (or "Releasing Parties") means each and every Plaintiff, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring Released Claims on behalf of Plaintiffs, Sonterra Capital

and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Releasees[3] from "Released Claims":

> any and all manner of claims, including, without limitation, unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, or damages, whenever incurred, or liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action or which could have been alleged in the Action against the Released Parties concerning Euribor, any Euribor Products[4] or any similar financial instruments priced, benchmarked, or settled to Euribor purchased, sold, held, traded, and/or transacted by the Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of Euribor or Euribor Products under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* or any

---

Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, and Settling Class Members.

[3] "Releasees" (or "Released Parties") means Crédit Agricole, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Crédit Agricole or its affiliates and subsidiaries), shareholders (in their capacity as shareholders of Crédit Agricole or its affiliates and subsidiaries), attorneys, insurers, or legal representatives, and their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Crédit Agricole as defined herein.

[4] "Euribor Products" means any and all interest rate swaps, forward rate agreements, futures, options, structured products, and any other instrument or transaction related in any way to Euribor, including but not limited to, NYSE LIFFE Euribor futures contracts and options, CME Euro currency futures contracts and options, Euro currency forward agreements, Euribor-based swaps, Euribor-based forward rate agreements and/or any other financial instruments that reference Euribor.

other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euribor (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former employees of Crédit Agricole arising solely from those former employees' conduct that occurred while not employed by Crédit Agricole; (ii) any claims against the named Defendants in this Action other than Crédit Agricole; (iii) any claims against interdealer brokers or their employees or agents when and to the extent they were engaged as employees or agents of the other Defendants or interdealer brokers; or (iv) any claims against any Defendant not affiliated with Crédit Agricole who may be subsequently added in this Action. For the avoidance of doubt, Released Claims do not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

4.     This release constitutes a waiver of any and all rights arising under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.

With respect to the Settlement Agreement, the Releasors acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the

discovery or existence of any such additional or different facts. In entering and making the Settlement Agreement, the Settling Parties assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Crédit Agricole shall be final and entered forthwith.  The Court concludes that the risk of piecemeal appeals is low because of the absence of objectors.


**IT IS SO ORDERED.**

Signed this 15th day of November, 2022.


_____

Honorable P. Kevin Castel
United States District Judge