UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br><br>Defendants | Docket No.: 13-cv-02811 (PKC) |

[PROPOSED]
**ORDER GRANTING CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came for a duly-noticed hearing on November 15, 2022 (the "Settlement Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Settlement Hearing. Due and adequate notice of

the Settlement Agreement between Plaintiffs and Defendants Crédit Agricole S.A. and Crédit Agricole CIB ("Crédit Agricole") entered into on March 10, 2022 (the "Settlement Agreement")[1] (ECF No. 518-1) having been given to the Settlement Class Members, the Settlement Hearing having been held, and the Court having considered all papers filed and proceedings held herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over Plaintiffs and Crédit Agricole and all Settlement Class Members who have not timely and validly requested exclusion, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards Class Counsel attorneys' fees of $9,055,000.00 (16.46% of the total Settlement Fund), and litigation expenses of $418,962.34, together with interest for the same time period and at the same rate as earned by the Settlement Fund until paid, which shall be paid out of the Settlement Fund.

4. Class Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

5. In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

  a. the Settlement Agreement with Crédit Agricole has created a fund of $55,000,000 in cash that Crédit Agricole has paid into escrow pursuant to the terms of the Settlement Agreement;

  b. Class Members who or which submit valid Proofs of Claim and Release will benefit from settlement reached because of the efforts of Plaintiffs' Counsel;

  c. Class Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

  d. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

  e. Had Class Counsel not achieved the Settlement with Crédit Agricole, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from Crédit Agricole;

  f. The contingent nature, risks and complexity of the Action favor the fee percentage awarded above;

  g. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

h. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees of not more than 16.5% of the Settlement Fund and payment of litigation expenses and costs not to exceed $1,000,000, plus interest; and

i. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7. In the event that the Settlement is terminated, or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8. Pursuant to the Settlement Agreement, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and are also independent of the Court's consideration of the Distribution Plan.

9. The attorneys' fees and payment of expenses awarded herein may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Signed this 15th day of November, 2022.

Honorable P. Kevin Castel
United States District Judge

4