UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    – against –<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br><br>                Defendants. | Docket No. 13-cv-02811 (PKC) |

[PROPOSED]
<u>ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT WITH SOCIÉTÉ GÉNÉRALE,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND
APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS</u>

WHEREAS, Plaintiffs[1] and Defendant Société Générale entered into a Stipulation and Agreement of Settlement ("Settlement Agreement") on March 31, 2023;

WHEREAS, Plaintiffs having moved for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Société Générale; and

WHEREAS, the Court having read and considered the Settlement Agreement and accompanying documents; and Plaintiffs and Société Générale (collectively, the "Settling Parties") having consented to the entry of this Order,

NOW, THEREFORE, this 8th day of April, 2023, upon application of the Settling Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement, including all exhibits thereto, under 28 U.S.C. § 1331, and that it has personal jurisdiction over the Settling Parties and all Class Members for the purpose of preliminarily approving the Settlement, including all exhibits thereto.

**A. The Settlement**

3. The terms of the Settlement Agreement, including the releases contained therein, are hereby preliminarily approved. The Court preliminarily finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order

---

[1] Plaintiffs are Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System ("CalSTRS"), any subsequently named plaintiff(s), and any assignees of any named plaintiff(s) that may exist now or in the future, including but not limited to Fund Liquidation Holdings, LLC.

because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

4. Solely for purposes of the Settlement, the Settlement Class shall be preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment. The Settlement Class for the Settlement is defined as:

> All Persons who purchased, sold, held, traded or otherwise had any interest in Euribor Products from June 1, 2005 through and including March 31, 2011, who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted in Euribor Products in the United States or its territories from June 1, 2005 through and including March 31, 2011, including, but not limited to, all Persons who traded CME Euro currency futures contracts, all Persons who transacted in NYSE LIFFE Euribor futures and options from a location within the United States, and all Persons who traded any other Euribor Product from a location within the United States. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate, or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.

5. Notwithstanding the sentence above that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for the purposes of this Settlement and the Settlement Class, the Settling Parties agree that Investment Vehicles are not excluded from the Settlement Class solely on the basis of their being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed

2

or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that Defendant's beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

6. The Court hereby appoints Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. Plaintiffs are hereby appointed as representatives of the Settlement Class for purposes of the Settlement.

8. The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund, which shall have such duties and responsibilities in such capacity as set forth in the Settlement Agreement.

9. All proceedings in the Action as to Société Générale, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement, are hereby stayed and suspended until further order of this Court.

10. The Court's preliminary certification of the Settlement Class for the Settlement, and appointment of Plaintiffs as Class Representatives for the Settlement, as provided herein is without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's certification of the Settlement Class for the Settlement as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

11. The Court appoints A.B. Data, Ltd. as Claims Administrator for purposes of the Settlement.

12. A hearing will be held on _September 7, 2023_ at _2_ [a.m./p.m.] (which date shall be at least 140 days after entry of this Order) in Courtroom 11D of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Settlement Hearing"). The foregoing date, time, and place of the Settlement Hearing shall be set forth in the Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the Settlement Class Members, other than that which may be posted at the Court or on www.EuriborSettlement.com (the "Settlement Website").

13. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class.

14. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a timely request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined from (i) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on the Released Claims; (iii) attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims; and (iv) assisting any

4

third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

15. No later than 30 days after entry of this Order (the "Notice Commencement Date"), the Claims Administrator or other notice agent shall commence mailing of Notice and cause copies of the mailed notice, in the form (without material variation) of Exhibit 3 to the Joint Declaration of Vincent Briganti and Christopher Lovell, dated April 14, 2023 ("April 2023 Joint Decl."), to be mailed by United States First-Class Mail, postage prepaid, as described in the proposed notice program attached to the Declaration of Elaine Pang, dated April 13, 2023 ("Pang Decl."), attached as Ex. 2 to the April 2023 Joint Decl. The foregoing initial mailings shall be substantially completed no later than 40 days after the Notice Commencement Date (the "Initial Mailing Completion Date"). All costs and expenses related to the mailing of Notice to potential Settlement Class Members shall be paid as set forth in the Settlement Agreement.

16. No later than the Notice Commencement Date, the Claims Administrator shall cause to be published a publication notice, without material variation from Exhibit 4 to the April 2023 Joint Decl., as described in the proposed notice program attached as Exhibit A to the Pang Decl. *See* April 2023 Joint Decl. at Ex. 2.

17. The Claims Administrator shall maintain the Settlement Website, www.EuriborSettlement.com, until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement (including exhibits), this Order, the mailed and publication notices, the motion for preliminary approval and all exhibits attached thereto and shall identify important deadlines and provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration of the Settlement. The Settlement Website shall be searchable on the Internet.

5

18.     The Claims Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

19.     The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Notice plan specified herein (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws.

20.     At least fifty-six (56) days prior to the Settlement Hearing, the Claims Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 15-18 of this Order.

21.     Any Settlement Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, motion for Incentive Awards, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard in the Action, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and Société Générale's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless, no later than _____ [thirty-five (35) days prior to the Settlement Hearing], the objecting Settlement

6

Class Member or governmental entity files with the Court a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Settlement Class Member or governmental entity wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member or governmental entity wishes to introduce in support of his, her, or its objection. Such submission must contain: (1) the name, address, and telephone number of the Person or entity objecting and must be signed by the objector (an attorney's signature is not sufficient); (2) a heading that refers to the Action by case name and case number; (3) a statement of the Person's objection or objections, and the specific legal and factual basis for each objection argument, including a description of any and all evidence the objecting Person or entity may offer at the Settlement Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; and all exhibits intended to be introduced at the Settlement Hearing; (4) documentary proof of the objecting Person's membership in the Settlement Class; (5) a statement of whether the objecting Person or entity intends to appear at the Settlement Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, telephone number, and e-mail address; (6) a description of the Euribor Products transactions entered into by the Person that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (7) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Settling Class Members and are not entitled to object.

7

22. A Settling Party may apply to the Court for permission to examine an objector on terms and conditions set by the Court.

23. Any Settlement Class Member or governmental entity that fails to object or move to intervene in the manner described in paragraphs 21-22 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement shall be completed no later than ten (10) days before the Settlement Hearing. Class Counsel and Société Générale's counsel, and any other Persons wishing to oppose timely filed objections in writing may do so not later than ten (10) days before the Settlement Hearing.

24. Any Request for Exclusion from the Settlement by a Settlement Class Member must be sent in writing to the Claims Administrator at the address in the mailed notice and post marked by no later than _____ [forty-two (42) days before the Settlement Hearing] (the "Exclusion Bar Date"). For the avoidance of doubt, any Request for Exclusion applies to the entirety of the Settlement. Any Request for Exclusion must contain the following information:

    (a) the name, address, and telephone number of the Settlement Class Member seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person, as well as a list of all trade names or business names that the Settlement Class Member requests to be excluded;

    (b) the name of the Action ("*Sullivan, et al. v. Barclays plc, et al.*, No. 13-cv-02811 (PKC) (S.D.N.Y.).");

    (c) a statement certifying such person is a Settlement Class Member;

    (d) a description of the Euribor Products transactions entered into by the Settlement Class Member that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type (including direction) of the transaction, the counterparty (if any), the exchange on which the transaction occurred (if

8

any), any transaction identification numbers, the rate, and the notional amount of the transaction); and

(e)  a statement that "I/we hereby request that I/we be excluded from the Settlement Class as to the Settlement with Société Générale in *Sullivan, et al. v. Barclays plc, et al.*, No. 13-cv-02811(PKC) (S.D.N.Y.)."

25. Any Request for Exclusion from the Settlement submitted by a Settlement Class Member pursuant to paragraph 24 of this Order must be signed by the Settlement Class Member (or his, her, their, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Settlement Class Member or his, her, their, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 24 of this Order and is postmarked by the Exclusion Bar Date, as set forth in the Notice.

26. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

27. The Claims Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Société Générale's counsel.

28. The Claims Administrator shall furnish Class Counsel and counsel for Société Générale with copies of any and all objections, motions to intervene, notices of intention to appear,

9

and other communications that come into its possession (except as otherwise expressly provided in the Settlement) within two (2) Business Days of receipt thereof.

29. At least thirty (30) days before the Settlement Hearing, the Claims Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The Claims Administrator shall provide counsel for Société Générale and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Claims Administrator and, in any event, within two (2) Business Days after receipt by the Claims Administrator and, in no event, later than thirty (30) days before the Settlement Hearing. Class Counsel shall file the opt-out list and affidavit of the Claims Administrator attesting to the accuracy of such list with the Court.

30. All Proof of Claim and Release forms shall be submitted by Settlement Class Members to the Claims Administrator as directed in the mailed notice and must be postmarked no later than thirty (30) days after the Settlement Hearing.

31. To effectuate the Settlement and the Notice plan, the Claims Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and the Settlement Website; (b) effectuating the Notice plan, including by running potential Settlement Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proof of Claim and Release forms, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among

Settlement Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Settlement Class Members, including the adequacy of the supporting documents submitted by Settlement Class Members; (f) corresponding with Settlement Class Members regarding any deficiencies in their Proof of Claim and Release forms and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for Société Générale; and (j) providing Class Counsel and counsel for Société Générale with copies of any Requests for Exclusion (including all documents submitted with such requests).

32. The Claims Administrator shall maintain a copy of all paper Settlement-related communications for a period of one (1) year after distribution of the Net Settlement Funds and shall maintain a copy of all electronic Settlement-related communications for a period of three (3) years after distribution of the Net Settlement Funds, after which time all such materials shall be destroyed, absent further direction from the Settling Parties or the Court.

33. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

34. Neither the Settlement Agreement (nor any of its exhibits), whether or not the Effective Date occurs, nor any negotiations, documents, and discussions associated with them, nor the Final Approval Order and Final Judgment is or shall be deemed or construed to be an admission, adjudication, or evidence of (a) any violation of any statute or law or of any liability or wrongdoing by Société Générale or any Released Party; (b) the truth of any of the claims or

11

allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not the Effective Date occurs, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which the Settlement Agreement is asserted as a defense. All rights of Société Générale and Plaintiffs are reserved and retained if the Effective Date does not occur in accordance with the terms of the Settlement Agreement.

35.    Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least fifty-six (56) days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than ten (10) days before the Settlement Hearing.

36.    If the Settlement is approved by the Court following the Settlement Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

37.    The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlement Website, www.EuriborSettlement.com.

38.    In the event that the Settlement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with them, and any Requests for

Exclusion from the Settlement previously submitted and deemed to be timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Settling Parties, and the Settlement Amount, and all interest earned in the Settlement Fund on that Settlement Amount, shall be refunded, reimbursed, and repaid to Société Générale to the extent provided in the Settlement Agreement.

39. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Settling Parties will have sufficient time to prepare for the resumption of litigation.

40. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this 8th day of April, 2023, at the Courthouse for the United States District Court for the Southern District of New York.

Honorable P. Kevin Castel
United States District Judge