UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 13-cv-02811 (PKC) |

[PROPOSED]
**FINAL APPROVAL ORDER OF SETTLEMENT WITH SOCIÉTÉ GÉNÉRALE**

This matter came for a duly-noticed hearing on October 31, 2023 (the "Settlement Hearing"), upon the Plaintiffs'[1] Motion for Final Approval of Settlement with Defendant Société Générale ("Société Générale") in the action captioned *Sullivan v. Barclays plc et al.*, No. 13-cv-2811 (PKC) (S.D.N.Y.) (the "Action"), which was consented to by Société Générale (together with Plaintiffs, the "Parties"). Due and adequate notice of the Stipulation and Agreement of Settlement between Plaintiffs and Société Générale dated March 31, 2023 (the "Settlement Agreement") having been given to the Settlement Class Members, the Settlement Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein. Except as otherwise expressly defined herein, the terms used shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims[2] set forth in the

---

[1] The Plaintiffs are Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System ("CalSTRS"), any subsequently named plaintiff(s), and any assignees of any named plaintiff(s) that may exist now or in the future, including but not limited to Fund Liquidation Holdings, LLC.

[2] "Released Claims" means any and all manner of claims, including, without limitation, unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, or damages, whenever incurred, or liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action or which could have been alleged in the Action against the Released Parties concerning Euribor, any Euribor Products or any similar financial instruments priced, benchmarked, or settled to Euribor purchased, sold, held, traded, and/or transacted by the Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of Euribor or Euribor Products under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euribor (including, but not limited to, all claims under Section 1 of the Sherman

Settlement Agreement (the "Settlement"), the Court hereby finally certifies the following Settlement Class, and further adopts the definition of "Euribor Products" from the Settlement[3]:

> All Persons who purchased, sold, held, traded or otherwise had any interest in Euribor Products from June 1, 2005 through and including March 31, 2011, who were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted in Euribor Products in the United States or its territories from June 1, 2005 through and including March 31, 2011, including, but not limited to, all Persons who traded CME Euro currency futures contracts, all Persons who transacted in NYSE LIFFE Euribor futures and options from a location within the United States, and all Persons who traded any other Euribor Product from a location within the United States. Excluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate, or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government.[4]

3. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

---

Antitrust Act, 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former employees of Société Générale arising solely from those former employees' conduct that occurred while not employed by Société Générale; (ii) any claims against the named Defendants in this Action other than Société Générale; (iii) any claims against interdealer brokers or their employees or agents when and to the extent they were engaged as employees or agents of the other Defendants or interdealer brokers; or (iv) any claims against any Defendant not affiliated with Société Générale who may be subsequently added in this Action. For the avoidance of doubt, Released Claims do not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

[3] "Euribor Products" means any and all interest rate swaps, forward rate agreements, futures, options, structured products, and any other instrument or transaction related in any way to Euribor, including but not limited to, NYSE LIFFE Euribor futures contracts and options, CME Euro currency futures contracts and options, Euro currency forward agreements, Euribor-based swaps, Euribor-based forward rate agreements and/or any other financial instruments that reference Euribor.

[4] Notwithstanding that "[e]xcluded from the Settlement Class are the Defendants and any parent, subsidiary, affiliate or agent of any Defendant or any co-conspirator whether or not named as a Defendant, and the United States Government," and solely for the purposes of this Settlement and the Settlement Class, the Settling Parties agree that Investment Vehicles are not excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that Defendant's beneficial interest in the Investment Vehicle is excluded from the Settlement Class.

4. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to the Defendants' alleged manipulation of Euribor, and the prices of Euribor Products, FED. R. CIV. P. 23(a)(2); (iii) the Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, FED. R. CIV. P. 23(a)(3); and (iv) the Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class, and Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP ("Class Counsel") have adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

5. This Court has personal jurisdiction over Plaintiffs, Société Générale, and all Settlement Class Members and subject matter jurisdiction over the Action for the purpose of approving the Settlement Agreement and all exhibits attached thereto.

6. The Court finds that the mailed notice, publication notice, website, and class notice plan implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Settlement Hearing, of the Distribution Plan, of Class Counsel's application for an attorneys' fees award and for reimbursement of expenses associated with the Action, and Plaintiffs' motion for Incentive

3

Awards; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. Based upon Société Générale's submission to the Court dated April 21, 2023 (ECF No. 565), the Court further finds that Société Générale has complied with the obligations imposed by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. The Court finds that seven (7) members of the Settlement Class have validly requested to be excluded from the Settlement Class. Those excluded members of the Settlement Class are identified at ECF No. 589-1.

8. The Court finds that no objections to the proposed Settlement have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

9. It is hereby determined that all Settling Class Members are bound by the Settlement Agreement and this Final Approval Order, regardless of whether such member of the Settlement Class executes and delivers a Proof of Claim and Release, and all of their Released Claims against the Releasees,[5] as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

---

[5] "Releasees" (or "Released Parties") means Société Générale, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Société Générale or its affiliates and subsidiaries), shareholders (in their capacity as shareholders of Société Générale or its affiliates and subsidiaries), attorneys, insurers, or legal representatives, and their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. For the avoidance of doubt, "Released Parties" shall not include any named Defendants other than Société Générale as defined herein.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, including the Plaintiffs. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

11. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by the Plaintiffs or Société Générale, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or the Effective Date fails to occur, then the provisions of this Final Approval Order dismissing the Plaintiffs' claims shall be null and void with respect to such Settlement; the Plaintiffs' claims shall be reinstated; Société Générale's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein,

shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive termination shall continue to have the same force and effect intended by the Parties.

12. The Settlement Fund defined in the Settlement Agreement ("Settlement Fund") has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

13. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes arising out of or relating to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Paragraph 24.7 of the Settlement Agreement, which disputes and controversies shall be governed by the terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Authorized Claimants. In addition, without affecting the finality of this Final Approval Order, Plaintiffs, Société Générale, and the Settling Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern

District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving Plaintiffs, Société Générale or the Settling Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

14. Each Settling Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release, to receive the Settling Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement. The Court hereby confirms the appointment of A.B. Data, Ltd. as Claims Administrator, and directs that the Claims Administrator shall ensure that each Proof of Claim and Release provided to Settlement Class Members contains a copy of such release and covenant not to sue. However, each Settling Class Member's claims shall be released pursuant to Paragraphs 15-16 of the Settlement Agreement, regardless of whether the Settling Class Member executes a release and covenant not to sue pursuant to this Paragraph 14.

15. The Court hereby approves the Releasors'[6] release of claims[7] as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.

---

[6] "Releasors" (or "Releasing Parties") means each and every Plaintiff, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, and each and every Settling Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons. Notwithstanding that the U.S. Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring Released Claims on behalf of Plaintiffs, Sonterra Capital Master Fund, Ltd., FrontPoint Partners Trading Fund, L.P., FrontPoint Australian Opportunities Trust, and Settling Class Members.

[7] Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the

16. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Releasees encompassed by the Released Claims that are maintained by or on behalf of any Releasor, regardless of whether the Releasor previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released

---

Judgment shall have, fully, finally, and forever released, relinquished, and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim against any Releasee in any lawsuit, arbitration or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law, including N.Y. General Obligations Law § 15-108 which bars claims for contribution by joint tortfeasors and other similar claims, and are to be construed under New York law without regard to its conflict of law principles. The Settlement Agreement is expressly intended to absolve Releasees against any claims for contribution, indemnification, or similar claims from other Defendants in the Action or any defendant who may be subsequently added to this Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York (including, without limitation, N.Y. General Obligations Law § 15-108) or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant or defendant subsequently added to this Action is or was legally entitled to any kind of contribution or indemnification from Société Générale arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant or defendant subsequently added to this Action shall be reduced to an amount such that, upon paying the entire amount, the Defendant or defendant subsequently added to this Action would have no claim for contribution, indemnification or similar claims against Société Générale.

Although the release set forth above is not a general release, such release constitutes a waiver of any and all rights arising under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The release set forth above also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state, or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making the Settlement Agreement, the Settling Parties assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

Claims, and even if such Releasor never received actual notice of the Action or this proposed Settlement.

17. The Court permanently bars and enjoins the Releasors from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Société Générale, or any Releasees based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settling Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Société Générale, or any Releasees based on the Released Claims; (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Société Générale, or any Releasees based on the Released Claims; and (d) assisting any third party in commencing or maintaining any suit against any Releasee related in any way to any Released Claims.

18. The Court permanently bars and enjoins claims by any Person against Société Générale or any Releasees for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims against Société Générale, and any Releasees, for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other

Person subsequently added or joined as a party in the Action. Should any court determine that any Defendant is or was legally entitled to any kind of set-off, apportionment, contribution, or indemnification from Société Générale or any Releasee arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Société Générale or any Releasee.

19. Neither the Settlement Agreement (nor its exhibits), whether or not the Effective Date occurs, nor any negotiations, documents exchanged among counsel for the Plaintiffs and Société Générale in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Judgment are or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of Releasees; (b) any liability, fault or omission of the Releasees in any civil, criminal, or administrative proceeding before any court, administrative agency, arbitration panel or other tribunal; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not the Effective Date occurs, nor any negotiations, documents exchanged among counsel for Plaintiffs and Société Générale in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Judgment, nor any act performed or document executed pursuant to or in furtherance of the Settlement, shall be discoverable, admissible, or used directly or indirectly for any purpose whether in the Action or in any other proceeding of any nature for any purpose, except to enforce the terms of the

Settlement, and except that the Releasees may file the Settlement Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in support of a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim. Plaintiffs' Counsel may use any and all of the information and documents obtained from Société Générale only for the purpose of the Action against the non-settling defendants, but not for the institution or prosecution of any other action or proceeding against any Releasee or for any other purpose whatsoever. Plaintiffs and Société Générale, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

20. The Court finds that, during the course of the Action, Plaintiffs, Société Générale, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by Settling Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Claims Administrator, Class Counsel, experts and/or consultants acting on behalf of the Settlement Class. In no event shall a member of the Settlement Class's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21. The Proof of Claim and Release form and Distribution Plan are each approved as fair, reasonable, and adequate.

22.  The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

23.  The Court's certification of the Settlement Class and appointment of the Plaintiffs as class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by the Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any other class or to appoint other class representatives in this litigation or any challenge to the Plaintiffs' capacity to litigate against other Defendants or to represent another putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this 31st day of October, 2023.

Honorable P. Kevin Castel
United States District Judge