UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN SULLIVAN, WHITE OAK FUND LP, CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, SONTERRA CAPITAL MASTER FUND, LTD., FRONTPOINT PARTNERS TRADING FUND, L.P., AND FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>— against —<br><br>BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BNP PARIBAS S.A., CITIGROUP, INC., CITIBANK, N.A., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., CRÉDIT AGRICOLE S.A., CRÉDIT AGRICOLE CIB, DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, HSBC HOLDINGS PLC, HSBC BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE ROYAL BANK OF SCOTLAND PLC, SOCIÉTÉ GÉNÉRALE SA, UBS AG AND JOHN DOE NOS. 1-50,<br><br>Defendants | Docket No.: 13-cv-02811 (PKC) |

[PROPOSED]
**ORDER APPROVING DISTRIBUTION OF THE NET SETTLEMENT FUNDS**

Plaintiffs Stephen Sullivan, White Oak Fund LP, California State Teachers' Retirement System, any subsequently named plaintiff(s), and any of their assignees of any named plaintiff(s) that may exist now or in the future, including but not limited to Fund Liquidation Holdings, LLC (collectively, "Plaintiffs"), by and through their counsel, Lowey Dannenberg, P.C. and Lovell Stewart Halebian Jacobson LLP ("Class Counsel"), having applied for an order approving the distribution of the Net Settlement Funds of the Settlements previously approved in the above-captioned action (the "Action"); the Court having read and considered all materials and arguments submitted in support of Plaintiffs' motion, including the Declaration of Jack Ewashko in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants (the "Ewashko Declaration"), and the Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds from Settlements with Barclays plc, Barclays Bank plc, Barclays Capital Inc., Deutsche Bank AG, DB Group Services (UK) Ltd., HSBC Holdings plc, HSBC Bank plc, Citigroup Inc., Citibank, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Crédit Agricole S.A., Crédit Agricole CIB, and Société Générale;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Unless otherwise defined herein, this Order adopts and incorporates the definitions in the Stipulations and Agreements of Settlement ("Settlement Agreements") filed in this Action in connection with the Settlements with (1) Barclays plc, Barclays Bank plc, and Barclays Capital Inc.; (2) Deutsche Bank AG and DB Group Services (UK) Ltd.; (3) HSBC Holdings plc and HSBC Bank plc; (4) Citigroup Inc., Citibank, N.A., JPMorgan Chase & Co., and JPMorgan Chase Bank,

N.A.; (5) Crédit Agricole S.A. and Crédit Agricole CIB; and (6) Société Générale (collectively, the "Settling Defendants"), and in the Distribution Plan.[1]

2. The Court has subject matter jurisdiction over this Action and over all parties to the Action, including all Claimants.

3. Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants is **GRANTED**. Accordingly:

a. The administrative recommendations of the Court-approved Settlement Administrator, A.B. Data, Ltd. ("A.B. Data") to accept the Timely Eligible Claims set forth in Exhibit A to the Ewashko Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit B to the Ewashko Declaration are approved.

b. A.B. Data's administrative recommendations to reject the Rejected Claims set forth in Exhibit C to the Ewashko Declaration are approved;

c. A.B. Data will calculate award amounts for all Authorized Claimants (Exhibits A and B to the Ewashko Declaration) as if the Net Settlement Funds, after deducting all payments of fees and expenses incurred in connection with administering the Net Settlement Funds and previously approved by the Court, any estimated future payments for such fees and expenses, as well as any further payments for escrow fees, taxes, and costs of preparing appropriate tax returns, were to be distributed now, by calculating each Authorized Claimant's *pro rata* share of the Net Settlement Funds in accordance with the Court-approved Plan of Allocation (an Authorized Claimant's "Distribution Amount").

---

[1] *See* ECF Nos. 218-1, 276-1, 360-1, 451-1, 518-1, 562-1 and 382-1.

2

*Initial Distribution*

d. A.B. Data will then conduct an "Initial Distribution" of the Net Settlement Funds as follows:

   i. Authorized Claimants whose Distribution Amount is greater than $0 and less than $30 will be paid $30 (the "Minimum Payment") in full.

   ii. Authorized Claimants whose Distribution Amount is greater than or equal to $30 but less than $250,000 will receive their full Distribution Amount.

   iii. After deducting the payments to Authorized Claimants receiving the Minimum Payment, and Authorized Claimants receiving less than $250,000, eighty-five percent (85%) of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $250,000 or greater.

   iv. The remaining fifteen percent (15%) of payments will be held in reserve (the "Reserve") to address any contingencies that may arise after the distribution with respect to claims and/or to pay for any future fees or expenses incurred in connection with administering then Net Settlement Funds that are authorized by the Court, as well as any further escrow fees, taxes, and the cost of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distribution(s) of these Settlements.

e. To encourage Authorized Claimants to promptly deposit distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear the notation, **"CASH PROMPTLY. VOID SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."** A.B. Data is authorized to take appropriate action to locate and/or contact any

3

Authorized Claimant who or which has not negotiated his, her, or its payment within said time, as detailed in the Ewashko Declaration.

f. Authorized Claimants who or which do not negotiate their Initial Distribution payments (or subsequent distribution payments should such distributions occur) within the time allotted will irrevocably forfeit all recovery from the Net Settlement Funds. The funds allocated to all such unnegotiated payments will be available for redistribution to other Authorized Claimants, if Class Counsel, in consultation with A.B. Data, determines that it is cost-effective to conduct a subsequent distribution.

*Second Distribution*

g. After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their payments, A.B. Data shall, if Class Counsel, in consultation with A.B. Data, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Funds after the Initial Distribution (including the Reserve and any funds from void, stale-dated, or returned checks or failed wire transfers), after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including estimated costs of such Second Distribution, subject to Court approval), escrow fees, taxes, and the costs of preparing appropriate tax returns. The Second Distribution, if it occurs, would be distributed to all Authorized Claimants from the Initial Distribution that: (a) have a Distribution Amount of $250,000 or more; (b) negotiated their first distribution payments; and (c) who are entitled to at least $30 from such redistribution based on their *pro rata* share of the remaining funds.

4. Additional distributions, after deduction of costs and expenses, as described above and subject to the same conditions, may occur thereafter until Class Counsel, in consultation with A.B. Data, determines that further redistribution is not cost-effective.

5. Unless otherwise ordered by the Court, no Claim Forms received after June 27, 2024 may be accepted for payment from the Settlements, and no further adjustments to Claim Forms received on or before June 27, 2024 may be made for any reason, except as related to any timely written submission seeking Court review. All Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are hereby released and discharged from any and all claims arising from such involvement, and all Class Members, regardless whether they receive payment from the Net Settlement Funds, are hereby banned from making any further claims against the Net Settlement Funds, Plaintiffs, Class Counsel, the Settlement Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Funds or the Net Settlement Funds, or any other person released pursuant to the Settlement Agreements, beyond the amounts allocated to Authorized Claimants.

6. Unless otherwise ordered by the Court, the Settlement Administrator shall destroy the paper and electronic copies of Claim Forms and all supporting documents one year after (a) all funds have been distributed in connection with Settlements with Settling Defendants and any subsequent settlements that may be reached in this Action; and (b) the Action has finally terminated.

7. The Settlement Administrator may be paid up to an additional $78,213.72 from the Net Settlement Funds for estimated fees and expenses expected to be incurred in connection with

5

the distribution of the Net Settlement Funds. Any costs or expenses in excess of $78,213.72 may be paid from the Net Settlement Fund upon approval of the Court.

8.   This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements with Settling Defendants, and such other further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Signed this 23rd day of July, 2024.

_____
Honorable P. Kevin Castel
United States District Judge

*The Clerk is directed to terminate the motion at ECF 600.*