**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBS AG and THE ROYAL BANK OF SCOTLAND PLC,<br><br>Defendants. | Docket No. 13-cv-2811 (PKC) |

**[PROPOSED] ORDER GRANTING SOCIÉTÉ GÉNÉRALE'S UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DATA PRIVACY MONITOR AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court, having reviewed the Notice of Motion and the Declaration of Henninger S. Bullock, dated April 16, 2026, together with the exhibits annexed thereto in support of settling defendant Société Générale's ("SG's") Uncontested Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Data Privacy Monitor, and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

(1)   The Motion is GRANTED.

(2)   The form of Request for Assistance annexed to the Joint Motion as Exhibit A is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3)   Pursuant to Article 17 of the Hague Convention, Mr. Alexander Blumrosen, whose address is Polaris Law, 4 avenue Hoche 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

   (a)   receive from SG its French-originated documents that SG agreed to produce in its settlement agreement with Plaintiffs in this action (the "SG Settlement Agreement") (ECF No. 562-1) which the court approved on November 1, 2023 (ECF No. 590);

   (b)   simultaneously transmit the settlement cooperation documents to counsel for Plaintiffs and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as commissioner and duties thereunder; and

   (c)   upon completion, inform the French Ministère de la Justice.

(4)   Following receipt of the Documents by the Commissioner, he shall simultaneously transmit the Documents to respective counsel for Plaintiffs and SG. The Documents shall be for use in this litigation only.

(5)   This signed Order and the signed Request for Assistance will be given to Mayer Brown LLP, counsel for SG, which will file or will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau

2

de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6) This signed Order and the signed Request for Assistance will be filed with the Ministère de la Justice within five (5) business days of their receipt. SG will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor.

(7) SG's initial transmission of Documents to the Commissioner will occur by approximately 10 business days, or as early thereafter as possible, after the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor. SG will transmit the remaining Documents, if any, to the Commissioner for rolling productions.

(8) By agreement of the parties, SG will anonymize confidential client information and relevant personal data.

(9) The Stipulation and Protective Order (ECF No. 363) entered on June 28, 2017, and the additional confidentiality provisions of the SG Settlement Agreement shall apply to SG's production of Documents.

(10) Any unresolved disputes between SG and Plaintiffs regarding the production of the Documents received by the Commissioner shall be determined pursuant to the dispute resolution provisions of the SG Settlement Agreement.

(11) Plaintiffs will not seek relief from this Court with respect to the Request for Assistance so long as the filing of this signed Order and the signed Request for Assistance with the Ministère de la Justice and transmission of the Documents

3

to the Commissioner for production occur within the timeframes set forth in paragraphs (6) – (7) above. Plaintiffs maintain all other rights, except as modified by the SG Settlement Agreement.

(12)     Neither this Order, the transmission of Documents by SG to the Commissioner pursuant to the Hague Convention, any examination of Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of Plaintiffs or SG in the above-captioned action, including any defense to personal jurisdiction that SG has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

(13)     Mr. Blumrosen is also hereby appointed Data Privacy Monitor, to oversee and to certify, as may be required, SG's compliance with applicable French and EU data protection laws.

**Costs:** Subject to the Société Générale Settlement Agreement, costs related to this Hague Convention process, including, without limitation, the fees of the Commissioner and translation fees for these motion papers will be borne equally by SG and Crédit Agricole. Société Générale

4

shall be responsible for its own costs associated with transmitting documents in connection with this Hague Convention process. Each of Plaintiffs and Société Générale will also be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process. Any additional costs related to this Hague Convention process shall be allocated in accordance with the Société Générale Settlement Agreement.

Dated: New York, New York
April 21 ___, 2026

SO ORDERED

_____
P. Kevin Castel
UNITED STATES DISTRICT JUDGE

5