**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UBS AG and THE ROYAL BANK OF SCOTLAND PLC,<br><br>        Defendants. | Docket No. 13-cv-2811 (PKC) |

**[PROPOSED] ORDER GRANTING CRÉDIT AGRICOLE'S REQUEST FOR RELIEF IN CONNECTION WITH THE JOINT UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DATA PRIVACY MONITOR, AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court, having reviewed the Joint Notice of Motion, the exhibits annexed thereto, and the Declaration of Andrew W. Hammond, dated April 16, 2026, submitted in support of defendants Crédit Agricole S.A.'s and Crédit Agricole CIB's (collectively, "Crédit Agricole") request for relief in connection with the Joint Uncontested Motion for Issuance of a Request for International Judicial Assistance, Appointment of Commissioner and Data Privacy Monitor, and Direction of Submission of Hague Convention Application (the "Joint Motion"), and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

(1)     The Joint Motion is GRANTED.

(2)     The form of Request for Assistance annexed to the Joint Motion as Exhibit A is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3)     Pursuant to Article 17 of the Hague Convention, Mr. Alexander Blumrosen, whose address is Polaris Law, 4 avenue Hoche 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

(a)     receive from Crédit Agricole its French-originated documents that Crédit Agricole agreed to produce in its settlement agreement with Plaintiffs in this action (the "Crédit Agricole Settlement Agreement") (ECF No. 518-1) which the court approved on November 15, 2022 (ECF No. 548);

(b)     simultaneously transmit the settlement cooperation documents to counsel for Plaintiffs and Crédit Agricole pursuant to Article 17 of the Hague Convention and in performance of his appointment as Commissioner and duties thereunder; and

(c)     upon completion, inform the French Ministère de la Justice.

(4)     The documents received by the Commissioner from Crédit Agricole and transmitted to respective counsel for Plaintiffs and Crédit Agricole shall be for use in this litigation only.

2

(5)     This signed Order and the signed Request for Assistance will be given to White & Case LLP, counsel for Crédit Agricole, which will file or will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6)     This signed Order and the signed Request for Assistance will be filed with the Ministère de la Justice within five (5) business days of their receipt. Crédit Agricole will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor.

(7)     Crédit Agricole's initial transmission of documents to the Commissioner will occur by approximately 10 business days, or as early thereafter as possible, after the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor. Crédit Agricole will transmit the remaining documents, if any, to the Commissioner for rolling productions.

(8)     By agreement of the parties, Crédit Agricole will anonymize confidential client information and relevant personal data.

(9)     The Stipulation and Protective Order (ECF No. 363) entered on June 28, 2017, and the additional confidentiality provisions of the Crédit Agricole Settlement Agreement shall apply to Crédit Agricole's production of documents.

(10) Any unresolved disputes between Crédit Agricole and Plaintiffs regarding the production of the documents received by the Commissioner shall be determined pursuant to the dispute resolution provisions of the Crédit Agricole Settlement Agreement.

(11) Plaintiffs will not seek relief from this Court with respect to the Request for Assistance so long as the filing of this signed Order and the signed Request for Assistance with the Ministère de la Justice and transmission of the documents to the Commissioner for production occur within the timeframes set forth in paragraphs 6–7 above. Plaintiffs maintain all other rights, except as modified by the Crédit Agricole Settlement Agreement.

(12) Neither this Order, the transmission of documents by Crédit Agricole to the Commissioner pursuant to the Hague Convention, any examination of documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of Plaintiffs or Crédit Agricole in the above-captioned action, including any defense to personal jurisdiction that Crédit Agricole has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the

4

Case 1:13-cv-02811-PKC   Document 637-1   Filed 04/16/26   Page 5 of 5

United States District Courts for the Southern and Eastern Districts of New York.

(13)   Mr. Blumrosen is also hereby appointed Data Privacy Monitor, to oversee and to certify, as may be required, Crédit Agricole's compliance with applicable French and EU data protection laws.

**Costs:** Subject to the Crédit Agricole Settlement Agreement, costs related to this Hague Convention process, including, without limitation, the fees of the Commissioner and translation fees for these motion papers will be borne equally by Société Générale and Crédit Agricole. Crédit Agricole shall be responsible for its own costs associated with transmitting documents in connection with this Hague Convention process. Each of Plaintiffs and Crédit Agricole will also be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process. Any additional costs related to this Hague Convention process shall be allocated in accordance with the Crédit Agricole Settlement Agreement.

Dated: _____April 21_____, 2026

SO ORDERED

_____
P. Kevin Castel
UNITED STATES DISTRICT JUDGE

5