UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRONTPOINT AUSTRALIAN
OPPORTUNITIES TRUST and CALIFORNIA
STATE TEACHERS' RETIREMENT SYSTEM,
on behalf of themselves and all others similarly
situated,

                    Plaintiffs,

                                              13-cv-2811 (PKC)

          -against-                        ORDER ON SEALING


UBS AG and THE ROYAL BANK OF
SCOTLAND,

                   Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        Three sealing motions have been filed in connection with the parties' pre-motion letters on defendants' proposed Rule 12(b)(6) motion.  (ECF 639, 652, 657.)  The motions seek to redact details about a confidential settlement in Allianz Global Investors GmbH, et al. v. Bank of America Corporation, et al., 18-cv-10364 (LGS) (S.D.N.Y.) (the "Allianz Settlement"), contained in their pre-motion letters, as well as the full sealing of the underlying Allianz settlement agreement.  (ECF 639, 658.)  Plaintiffs seek to redact portions of paragraphs 62, 421 and 422 of their proposed amended complaint, filed at ECF 625-1 and -2, which consist of chat transcripts of employees of former defendants in this case.  (ECF 652.)  Plaintiffs explain that these communications were produced by former defendants Deutsche Bank and HSBC and are subject to protective orders.  (ECF 652 at 1; see also ECF 616.)

A three-step analysis governs whether a filing may be submitted under seal. First, the court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, the court must identify and weigh factors "that legitimately counsel" against public access. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access. Id.

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). Whether a submission is a "judicial document" is determined as of the time of filing and is not dependent upon the Court's ultimate reliance upon the document. Giuffre v. Maxwell, 146 F.4th 165, 175 (2d Cir. 2025) ("Maxwell II" ) ("we here state explicitly that a judicial document determination is properly made by evaluating the relevant materials at the time of their filing with the court.").

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II"). "The presumption attached to non-dispositive motions, such as an application for a temporary restraining order, is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." SEC v. Telegram Grp. Inc., 2020 WL 3264264, at *2 (S.D.N.Y. June 17, 2020) (quotation marks omitted).

The parties' consent to file materials under seal or with redaction is not sufficient to overcome the presumption of public access. In re Gen. Motors LLC Ignition Switch Litig., 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). However, the protection of commercially sensitive, proprietary information may weigh against public disclosure. Amodeo II, 71 F.3d at 1051. The sensitive nature of documents related to settlement negotiations also may weigh against public disclosure. United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857–58 (2d Cir. 1998); Telegram Grp., 2020 WL 3264264, at *5. In light of the strong public policy favoring settlement, there is a "weak" presumption of access to the agreed-upon amount of a confidential settlement that does not require judicial approval. Gambale v. Deutsche Bank AG, 377 F.3d 133, 144-45 (2d Cir. 2004).

The Court finds that the parties' submissions are judicial documents because they preview issues the parties expect to raise in defendants' motion to dismiss and relate to the Court's supervisory powers under Article III. Second, they are afforded at least some presumption of judicial access, but because they relate primarily to the scope of an anticipated, not-yet-filed motion to dismiss, the presumption is weaker than if they were submitted in connection with the dispositive motion itself.

At the pre-motion stage, the Court concludes that the interests in the confidentiality of non-parties outweighs the presumption of public access. The letters' redactions concerning the Allianz Settlement are narrowly tailored and it is appropriate that the entire agreement be filed under seal. In preparing the motion to dismiss, however, defendants should endeavor to submit without redaction the relevant release language of the Allianz Settlement that they urge bars CALSTRS's claims. That language will likely be of heightened importance to the performance of the judicial function and does not at first glance implicate the

- 3 -

sensitive interests of any party or non-party.  The remainder of the 25-page Allianz Settlement agreement, however, has no apparent bearing on the anticipated motion, implicates the privacy interests of non-parties, relates to the important goal of advancing private settlement, and likely need not be subject to public inspection.

CALSTRS should similarly endeavor to file its Fifth Amended Complaint without redactions to paragraphs 62, 421 and 422.  These chat transcripts appear consistent with similar communications that have already been subject to public inspection.  (See, e.g., Fourth Amended Compl't ¶¶ 164-86 (ECF 174).)  CALSTRS cites the existence of protective orders (ECF 652 at 1 n.2) but does not assert that these chats contain non-parties' commercially sensitive or proprietary information, or otherwise advance a justification for the redactions.  The Fifth Amended Complaint should either be filed without redaction, or, if CALSTRS believes that redaction is warranted, supported by a significantly stronger showing consistent with Lugosch and related authority.

For the limited purpose of the pre-motion letters, however, the sealing motions are GRANTED, and the Clerk is respectfully directed to terminate the motions.  (ECF 639, 652, 657.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        May 27, 2026

- 4 -