**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>UBS AG and THE ROYAL BANK OF SCOTLAND PLC,<br><br>Defendants. | Docket No. 13-cv-2811 (PKC)<br><br>ECF Case |

**<u>~~PROPOSED~~ STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY</u>**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Order of Confidentiality (the "Stipulation and Order") govern disclosure and use by the parties of all documents, including but not limited to electronically stored information, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information produced or provided in the above-referenced litigation including any interlocutory appeals and attempted settlement thereof (the "Action").

1. <u>DEFINITIONS</u>.

1.1. <u>Party</u>: Any named, non-dismissed party to the Action whose counsel has signed this Stipulation and Order below. For the avoidance of doubt, any defendant that has been dismissed from the Action is a non-party in the Action, as that term is used in this Stipulation and

Order, rather than a Party. The term "Party" includes all of a Party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2. Discovery Material(s): All information and documents of any kind provided in the course of discovery in this Action, including without limitation documents, electronic files, trade data, written discovery responses, deposition testimony, and deposition exhibits. Information copied or extracted from Discovery Material, as well as all copies, excerpts, summaries, or compilations thereof, shall constitute Discovery Material. Any information obtained through means outside the Court's discovery processes, such as through independent investigation, shall not constitute Discovery Material, provided however that this does not mean that any such material is immune from discovery. Any person subject to this Stipulation and Order who receives from any other person any Discovery Material shall not disclose said Discovery Material to anyone else except as expressly permitted hereunder.

1.3. "Confidential" Information or Items: Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this Action that the Disclosing Person reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the protections provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Confidential Information includes information (including Personal Data as defined herein) of which applicable law - foreign or domestic - requires the equivalent of "Confidential" treatment as set forth in this Stipulation and Order. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 3 of 39

data is designated as "Confidential." Confidential Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of a Receiving Party.

1.4. "Highly Confidential" Information or Items: "Confidential" Information or Items that the Disclosing Person reasonably and in good faith believes contains (a) material regarding trading and investment strategies, pricing and cost information, customer lists, business strategy, trade secrets and other commercial or financial information the disclosure of which to another Party or non-party would create a substantial risk of causing the Disclosing Person to suffer monetary or non-monetary injury or competitive or commercial disadvantage; or (b) Personal Data, as defined herein, including, but not limited to, social security numbers; home telephone numbers and addresses; tax returns; medical, personal credit, or banking information; or personal financial information. Highly Confidential information also includes information as to which applicable law—foreign or domestic—requires the equivalent of "Highly Confidential" treatment as set forth in this Stipulation and Order. Examples of such laws potentially include but are not limited to: the English law of confidence (created by the courts rather than by statute, and including its equivalents in other common law legal systems); French Bank Secrecy Statute (Article L.511-33 of the French Monetary and Financial Code); the French Personal Data Protection Law (Law no. 78-17 dated 6 January 1978, as modified in particular by Law no. 2004-801 dated 6 August 2004); the Japanese law of customer confidentiality (also created by the courts); Section 47 (and related provisions) of the Banking Act (Cap. 19) of Singapore; the Swiss Federal Act on Banks and Savings Banks 1934; and the Swiss Federal Act on Data Protection 2020, in each case as amended. If a Disclosing Person designates Discovery Material as "Highly Confidential" based on foreign law, the Disclosing Person will, in good faith, identify the foreign

law(s) of which it is aware that may apply to the "Highly Confidential" Information or items produced by it within seven (7) days after such documents or items are first produced; provided, however, the Parties acknowledge that additional foreign laws applicable to the productions made by a Disclosing Person may be implicated after documents or items have been first produced. If the Receiving Party objects to the designation of a particular document on the grounds that it does not qualify for "Highly Confidential" treatment under the specified foreign law(s), the Disclosing Person will identify in writing the basis in foreign law for its designation. Highly Confidential Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of a Receiving Party. If there is a dispute as to the designation of the document as Highly Confidential, the Parties shall meet and confer in an effort to resolve any disagreement, and if they cannot, the Receiving Party may apply to the Court on notice, consistent with the governing local rules and individual practices of the assigned judge, on the propriety or determination of the designation. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Highly Confidential."

1.5. Disclosing Person: A Party or a non-party that produces Discovery Material in the Action.

1.6. Receiving Party: A Party that receives Discovery Material from a Disclosing Person in the Action.

1.7. Personal Data: Any information that a Party or Disclosing Person (whether or not a Party) believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Personal Data constitutes material requiring special protection. Examples of such data protection laws potentially include but are not limited to: The Health

Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); the General Data Protection Regulation of the European Union Data (2016/679); Data Protection Act 2018 (c. 12) (United Kingdom personal information); French Bank Secrecy Statute (Article L.511-33 of the French Monetary and Financial Code); the French Personal Data Protection Law (Law no. 78-17 dated 6 January 1978) including subsequent revisions in 2021 (Law No. 2021-988 of July 30, 2021), 2022 (Law No. 2022-52 of January 24, 2022) and 2024 (Law No. 2024-449 of May 21, 2024); the Japanese Act on the Protection of Personal Information; the Personal Data Protection Act 2012 of Singapore, including subsequent revisions in 2020 (No. 40 of 2020); Swiss Federal Act on Data Protection 2020 (Swiss personal information); and Swiss Criminal Code 1937, in each case as amended. Nothing in this Section shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

1.8. Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential."

1.9. Outside Counsel: Attorneys, paralegals, and other law firm personnel, employees and contractors who are not employees of a Party but who are retained to represent or advise a Party in the Action.

1.10. In-House Counsel: Attorneys, paralegals, and other legal department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this litigation.

1.11. Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

1.12. Principal: An owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

1.13. Expert: A person who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this litigation, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the prosecution or defense of the Action, including his or her employees and support personnel. This definition includes, without limitation, professional jury or trial consultants retained in connection with the Action.

1.14. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; or organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2. LIMITATION ON USE OF DISCOVERY MATERIAL.

2.1. General Limitations on Use of Discovery Material. All Discovery Material produced or disclosed in connection with the Action shall only be used for the prosecution or the defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to this Action, and for no other purpose whatsoever, including use in other legal actions, present or future.

2.2. Any Party receiving Discovery Material produced by a non-party in the Action shall ensure that all other Parties receive copies of such Discovery Material within ten (10) business days of the Party's receipt of such Discovery Material, or in the case of voluminous material or other exceptional circumstances, the Party receiving such Discovery Material shall notify all other Parties' Outside Counsel of its receipt of such Discovery Material within five (5)

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 7 of 39

business days, and shall provide copies of the Discovery Material to all other Parties as soon as practicable.

3. DESIGNATING MATERIAL. Any Disclosing Person may, subject to the provisions of this Stipulation and Order, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Disclosing Person shall apply a confidentiality designation only when the party has a reasonable, good-faith basis that the information so designated constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. In order to expedite production of voluminous materials that have previously been produced to a regulator or to another party in litigation, a Disclosing Person may, at its sole option, but is not required to, produce materials without a detailed further review. In so doing, the Disclosing Person may designate those collections of documents, that by their nature contain confidential or highly confidential material, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," notwithstanding that some of the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, the Receiving Party may, pursuant to the procedures set forth in Section 9, challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection asserted. The protections conferred by this Stipulation and Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

3.1. Manner and Timing of Designations: Except as otherwise provided in this Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be designated

for protection under this Stipulation and Order by clearly designating the material before it is disclosed or produced.

3.2. The designation of materials as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made as follows:

3.2.1. For ESI, whenever possible, by either imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated. If imprinting on the face of the document is not possible, by (1) affixing a stamp with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; and (2) designating the production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the transmittal cover letter.

3.2.2. For produced documents, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

3.2.3. For written discovery responses, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to or above any response to a discovery request or on each page of a response.

3.2.4. For depositions, by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, the offering or sponsoring Party may designate such transcript or recording or any portion or portions thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying the other Parties' Outside Counsel, in writing, of the specific pages and lines of the transcript or recording that should be

treated as Confidential Discovery Material or Highly Confidential Discovery Material. All transcripts or recordings of depositions shall be treated as "HIGHLY CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

3.2.5. For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

3.3. Upward Designation of Information or Items Produced by Other Parties or Non-Parties: Subject to the standards of Section 3, a Party may upward designate (i.e., change any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Discovery Material produced as "Confidential" to a designation of "Highly Confidential") any Discovery Material produced by another Party or non-party, provided that said Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic.

3.3.1. Upward designation shall be accomplished by providing written notice to all Other Parties' Outside Counsel and the relevant Disclosing Person identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days from the discovery by the Party that these Discovery Materials should be upward designated. Failure to upward designate within thirty (30) days, alone, will not prevent a Party from obtaining the agreement of the Disclosing Person to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward

designation of Discovery Material pursuant to the procedures set forth in Section 9 regarding challenging designations.

3.3.2. In addition, it is possible that a Party or non-party may conclude that certain Personal Data should be given alternative or additional protections beyond those afforded by this Stipulation and Order, in which event the relevant Parties and/or non-parties shall meet and confer in good faith in order to try to arrive at a mutually agreeable solution for the treatment of such Personal Data, and if unsuccessful, shall present the issue to the Court for resolution. However, nothing in this section shall prevent any Discovery Material that has already been produced from being shown to a deponent at his or her deposition consistent with the terms of this Stipulation and Order unless a request for alternative or additional protections for that specific Discovery Material has been made in writing at least five (5) days prior to the date of the deposition. Nothing in this Section shall be used to imply that any particular law applies or does not apply, or that any applicable law would or would not permit the production of certain data.

3.3.3. If it comes to a Party's attention that any Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Party must promptly notify all the other Parties' Outside Counsel that it is withdrawing the mistaken designation.

4. <u>DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE OR FOREIGN LAW</u>.

4.1. This Stipulation and Order is without prejudice to any Disclosing Person's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, and is without prejudice to any Party's right to contest such a claim of privilege or protection.

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 11 of 39

4.2. Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is (a) protected from disclosure under the attorney-client privilege, the work product doctrine, regulations governing confidential supervisory information, or any other applicable privilege or immunity ("Privileged Material") or (b) is protected under foreign data protection, statutory, or bank secrecy laws, including but not limited to the Swiss Criminal Code 1937, ("Foreign Law Protected Material") and requests that the Discovery Material be returned, redacted, destroyed, or treated pursuant to 4.2.1, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

4.2.1. In addition, it is possible that a Party or non-party may conclude that certain Foreign Law Protected Material, whether disclosed or undisclosed, should be given alternative or additional protections beyond those afforded by this Stipulation and Order, in which event the Parties and/or non-parties shall meet and confer in good faith in order to try to arrive at a mutually agreeable solution for the treatment of such Foreign Law Protected Material, and if unsuccessful, shall present the issue to the Court for resolution.

4.2.2. If a Party or non-party withholds Discovery Material from production on the ground that it is Foreign Law Protected Material, the Party must disclose this fact and the Parties and/or non-parties shall thereafter meet and confer in good faith to try to arrive at a mutually agreeable solution for the treatment of such Foreign Law Protected Material, and if unsuccessful, shall present the issue to the Court for resolution.

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 12 of 39

4.2.3. Nothing in this Stipulation and Order shall be used to imply that any particular law applies or does not apply, or that any applicable law would or would not permit the production of certain data.

4.3. If a Disclosing Person believes that Privileged Material or Foreign Law Protected Material was inadvertently produced, that Disclosing Person shall notify in writing any Party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26 (a "Privileged Material Notice") and SDNY Local Rules or, in the case of Foreign Law Protected Material, to the extent reasonably necessary to set forth the basis of the assertion (including the specific foreign law provisions being relied upon) (a "Foreign Law Protected Material Notice").

4.3.1. Subject to the provisions below in this paragraph, within ten (10) business days of receipt of a Privileged Material Notice, any Party to which the Privileged Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below), returned, or destroyed, and shall not use such items for any purpose until further order of the Court. The obligation to destroy Privileged Material does not apply to material stored in a manner that makes it unreasonably difficult to destroy, in particular material that is (i) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes or (ii) located in the email archive system or archived electronic files of departed employees, but such retained material shall be treated in accordance with the Stipulation and Order. The Receiving Party may only sequester a copy of the relevant Privileged Material if it determines that it plans to challenge the Disclosing Person's claim of privilege, and must immediately return or destroy the Privileged Material if the Court determines that the Discovery Material is and remains privileged.

4.3.2. Subject to the provisions below in this paragraph, within ten (10) business days of receipt of a Foreign Law Protected Material Notice, any Party to which Foreign Law Protected Material was produced shall (unless the Disclosing Person and Receiving Party otherwise agree) provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below), returned or destroyed, and shall not use such items for any purpose until further order of the Court. The obligation to destroy Foreign Law Protected Material does not apply to material stored in a manner that makes it unreasonably difficult to destroy, in particular material that is (i) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes or (ii) located in the email archive system or archived electronic files of departed employees, but such retained material shall be treated in accordance with the Stipulation and Order. The Receiving Party may only sequester a copy of the relevant Foreign Law Protected Material if it determines that it plans to challenge the Disclosing Person's claim, and must immediately return or destroy the Foreign Law Protected Material if the Court determines that the Discovery Material is and remains protected by foreign law.

4.3.3. If the Receiving Party determines that it has received Discovery Material that constitutes Privileged Material or Foreign Law Protected Material, the Receiving Party shall destroy or return all copies of such Discovery Material to the Disclosing Person within ten (10) business days of the discovery of such information and after the Disclosing Person has produced a redacted version of such Discovery Material, shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate,

the Disclosing Person will provide a redacted version of such Discovery Material to the Receiving Party.

4.3.4. Should the Receiving Party to which any Privileged Material or Foreign Law Protected Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Person in writing and shall not use or disclose the material unless and until the designation challenge is resolved in the Receiving Party's favor. Following the receipt of any objection, the objecting Party and the Disclosing Person shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Person's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting Party shall, within fifteen (15) business days, present the issue to the Court for a determination of the Disclosing Person's claim of privilege or protection. The production of Privileged Material or Foreign Law Protected Material, whether inadvertent or otherwise, shall not itself serve as the basis of the motion. While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules.

5. INADVERTENT FAILURE TO IDENTIFY MATERIALS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL". Any Disclosing Person that inadvertently fails to identify Discovery Material as "Confidential" or "Highly Confidential" shall have fifteen (15) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing the Receiving Party written notice of the error and substituted copies of the inadvertently produced Discovery Material. The Receiving Party shall thereafter treat the information as Confidential or Highly Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 15 of 39

Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. Should any Party seek to designate (or "upward designate") for the first time as "Confidential" or "Highly Confidential" any Discovery Material less than five (5) days before the date of a duly-noticed deposition of a deponent, then, notwithstanding any provision herein to the contrary, such Discovery Material may be shown to that deponent at his or her deposition provided that (a) the deponent is a current employee of the Disclosing Person (or, where relevant, of the "upward designating" Party); or (b) the requirements of section 6.1.9(2) have been satisfied.

6. ACCESS TO AND USE OF PROTECTED MATERIAL.

6.1. Disclosure of Confidential Information: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or item designated as "Confidential" only to the following persons:

6.1.1. The Court and court personnel in this Action and any appellate court in this Action.

6.1.2. The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff.

6.1.3. The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action.

6.1.4. The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical, or support staff, including temporary or contract staff.

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 16 of 39

6.1.5. Any claims administrator approved by the Court, including staff, independent photocopying services, graphic production services, or support services employed by the claims administrator, provided such person has first executed the Acknowledgment that is attached hereto as Exhibit A prior to the disclosure, with such data being limited to contact information for counterparties to Euribor-based derivatives with whom the Disclosing Person transacted during the class period and other data customarily used by claims administrators in processing claims.

6.1.6. The Receiving Party's Principals.

6.1.7. Professional court reporters, their staffs, video operators transcribing depositions or testimony in the Action, and Professional Vendors to whom disclosure is reasonably necessary for the Action.

6.1.8. Persons who Counsel have a good faith basis to believe are authors or recipients (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Discovery Material or who had access to or the authority to access or obtain such Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created).

6.1.9. Any person who is (i) a current employee of the Disclosing Person or (ii) a former officer, trader, or other employee of the Disclosing Person, provided that they were employed by the Disclosing Person when the Highly Confidential material was created and provided that the requirements of 6.1.10(2) have been met.

6.1.10. Any witness who is called, or who counsel for a Party in good faith believes may be called, to testify at a trial or deposition in the Action, provided that (1) the

testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a Party's initial disclosures or responses to interrogatories, or has been listed on a Party's pre-trial witness list; and (2) such person has either (a) executed the Acknowledgment that is attached hereto as Exhibit A; or (b) been provided with a copy of this Stipulation and Order, and has been informed of the obligation not to disclose any information from any Protected Material to persons other than those specifically authorized by the Stipulation and Order without express written consent of the party who designated the information as Protected Material or order of the Court.

6.1.11. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the Party responsible for its creation.

6.1.12. Any outside photocopying, data processing, graphic production services, litigation support services, mock jurors, or investigators employed by the Parties or their Counsel to assist in the Action and computer personnel performing duties in relation to a computerized litigation support system.

6.1.13. Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment.

6.1.14. Any other person or entity who counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by

application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.1.15. Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute or defend this Action.

6.2. Disclosure of "Highly Confidential" Information: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or items designated as "Highly Confidential" only to the following persons, provided however, that persons set out in sections 6.2.4, 6.2.6, 6.2.7, 6.2.8, 6.2.10, 6.2.11, and 6.2.13 have first (1) been provided with a copy of this Stipulation and Order and have been informed of the obligation not to disclose any information from any Protected Material to persons other than those specifically authorized by the Stipulation and Order without express written consent of the party who designated the information as Protected Material or order of the Court; or (2) have executed the Acknowledgment that is attached hereto as Exhibit A prior to disclosure:

6.2.1. The Court and court personnel in this Action and any appellate court in the Action.

6.2.2. The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff.

6.2.3. The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action.

6.2.4. The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical, or support staff, including temporary or contract staff.

6.2.5. Any claims administrator approved by the Court, including staff, independent photocopying services, graphic production services, or support services employed by the claims administrator, provided such person has first executed the Acknowledgment that is attached hereto as Exhibit A prior to the disclosure, with such data being limited to contact information for counterparties to Euribor-based derivatives with whom the Disclosing Person transacted during the class period and other data customarily used by claims administrators in processing claims.

6.2.6. Professional court reporters, stenographers, video operators transcribing depositions or testimony in the Action, and Professional Vendors to whom disclosure is reasonably necessary for the Action.

6.2.7. Persons who Counsel has a good-faith basis to believe are authors or recipients (including "cc's") of the Highly Confidential Discovery Material, or who had access to or the authority to access or obtain such Highly Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created).

6.2.8. During the conduct of their depositions, to anyone who is (i) a current employee of the Disclosing Person, or (ii) a former officer, trader or other employee of the Disclosing Person, provided that they were employed by the Disclosing Person when the Highly Confidential material was created.

6.2.9. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgement, and further provided that any report created by such Expert that relies on or incorporates Highly Confidential Discovery

Material in whole or in part shall be designated as "HIGHLY CONFIDENTIAL" by the Party responsible for its creation.

6.2.10. Any witness who is called, or who counsel for a Party in good faith believes may be called, to testify at a trial or deposition in the Action, provided that the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a Party's initial disclosures or responses to interrogatories, or has been listed on a Party's pre-trial witness list.

6.2.11. Any in-house or outside photocopying, data processing, graphic production services, litigation support services, mock jurors, or investigators employed by the Parties or their counsel to assist in the Action and computer personnel performing duties in relation to a computerized litigation support system.

6.2.12. Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment.

6.2.13. Any person or entity who counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Highly Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.2.14. Any disclosure permitted by this section may be made only to the extent reasonably necessary to prosecute or defend the Action

6.3. Use at Depositions.

6.3.1. Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential Discovery

Material shall: (a) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential or Highly Confidential Discovery Material, and (b) deliver any transcript containing Confidential or Highly Confidential Discovery Material only to counsel, the witness or the Court (filed under seal).

6.3.2. During a deposition, only parties to whom, respectively, disclosure of Confidential or Highly Confidential Discovery Material is permitted under Paragraphs 6.1 or 6.2 of this Order shall remain present while Confidential or Highly Confidential Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential Discovery Material, any person not authorized under the Order to receive such information shall be asked to leave the room.

6.4. Use at Hearings or Trial: The Parties agree to meet and confer concerning the use of any Confidential or Highly Confidential Discovery Material that the receiving party wants to use at hearings or at the trial of this action not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential Discovery Material at hearings or at trial shall not cause such Confidential or Highly Confidential Discovery Material to lose its status as Confidential or Highly Confidential Discovery Material.

6.5. Responsibility for Compliance: Counsel for the Party that discloses "Confidential" or "Highly Confidential" Discovery Material shall be responsible for assuring compliance with the terms of this Stipulation and Order with respect to persons to whom such "Confidential" or "Highly Confidential" Discovery Material is disclosed and shall obtain and retain the original Acknowledgements executed by qualified recipients of "Confidential" or "Highly Confidential" Discovery Material (if such execution is required by the terms of this order).

7. NON-PARTY BORROWER INFORMATION. For purposes of this Stipulation and Order, "Non-Party Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 et seq. and its implementing regulations, or within the meaning of equivalent terms pertaining to consumers or institutions under any similar federal or state statute or regulation, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work. To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information ("Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a Disclosing Person and/or Receiving Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, if the Court finds that, in view of the protections provided for in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, then this Order shall constitute an express direction that the Disclosing Person and/or Receiving Party is exempted from obtaining a court ordered subpoena, having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action, and/or having to provide a certification that notice has been waived for good cause. To the extent that any Non-

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 23 of 39

Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, if the Court directs that, in view of the protections provided in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, Disclosing Persons and Receiving Parties are explicitly prohibited from providing such notice in the Actions; provided, however, that this Stipulation and Order shall not prohibit any Disclosing Person and/or Receiving Party from contacting any person or entity for any other purpose. Any Disclosing Person or Receiving Party may seek additional orders from the Court that such Party believes may be necessary to comply with any Non-Party Borrower Information Law.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

8.1. If, at any time, any Discovery Material governed by this Stipulation and Order are subpoenaed from any Party (not including that Party's own documents, materials, or information) by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the Party to which the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and in no event more than five (5) business days of receipt thereof if reasonably practicable, give written notice to the relevant Disclosing Person and must include a copy of the subpoena or request.

8.2. The Party to whom the subpoena is directed also must immediately inform in writing the person who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Stipulation and Order and deliver a copy of this Stipulation and Order promptly to the person who caused the issuance of the subpoena.

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 24 of 39

8.3. To the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) days after notice of the subpoena is provided to the Disclosing Person in order to provide the Disclosing Person a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material.

8.4. If the Party to which the subpoena is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the Party to whom the subpoena is directed shall, to the extent permitted by law, notify the Disclosing Person of this fact. In no event shall such Discovery Material subject to this Stipulation and Order be produced to a third party by a Party pursuant to a subpoena without providing the Disclosing Person an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" or "Highly Confidential" under this Stipulation and Order is produced in response to a subpoena, the recipient of the subpoena shall take commercially reasonable steps to ensure that the protections afforded under this Stipulation and Order shall continue to apply to such Discovery Material.

8.5. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Person an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Disclosing Person shall bear all responsibility for any objections to the production of such Discovery Material, except that a Party receiving any subpoena shall not voluntarily make any production to a third party of a Disclosing Person's "Confidential" or "Highly Confidential" Discovery Material until resolution of any objections interposed by the Disclosing Person, unless compelled by court order issued after giving notice to the Disclosing Person. Nothing in this

Stipulation and Order shall be construed as authorizing or requiring a Party or non-party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Material, or as limiting the authority of the Court. The production of Confidential or Highly Confidential Discovery Material pursuant to a subpoena or request shall not by itself cause such Confidential or Highly Confidential Discovery Material to lose its status as Confidential or Highly Confidential Discovery Material.

9. <u>CHALLENGES TO DESIGNATIONS AND ACCESS</u>.

9.1. Entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of the Action. If, at any time, a Party objects to a designation of Discovery Material as "Confidential" or "Highly Confidential," that Party shall notify the Disclosing Person, in writing, of its disagreement and specifically identify the information in dispute.

9.2. Following receipt of the written notification set forth in section 9.1, counsel for the Disclosing Person or Receiving Party and any Party challenging a confidentiality designation shall meet and confer in an effort to resolve any disagreement. If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) business days of the Disclosing Person's or Receiving Party's receipt of the written notice, any Party contesting the designation of Discovery Materials may thereafter apply to the Court on notice, consistent with the governing local rules and individual practices of the assigned judge, on the propriety of the designation .

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 26 of 39

9.3. Where a Party challenges a designation of "Confidential" or "Highly Confidential" the challenging Party must initiate the motion before the Court, but it is the burden of the Disclosing Person seeking protection under this order to demonstrate that the designation is appropriate.

9.4. Until the Receiving Party applies to the Court for a ruling on the designation and until the Court rules on that motion, the Discovery Material in question will be treated as "Confidential" or "Highly Confidential" under this Stipulation and Order, and a challenge under this Section shall not affect a Party's right of access to "Confidential" or "Highly Confidential" Discovery Material or to disclose information as provided for in this Stipulation and Order. A Party does not by itself waive its right to challenge a "Confidential" or "Highly Confidential" designation by not electing to mount a challenge promptly after the original designation is made.

9.5. Where a Disclosing Party challenges whether a person qualifies to have access to Confidential or Highly Confidential Discovery Material pursuant to Sections 6.1 and/or 6.2, first, the Parties shall meet and confer. If the Parties are unable to resolve their dispute, the Disclosing Party who is challenging disclosure shall file a motion challenging the Receiving Party's determination that an individual is qualified to receive the Confidential or Highly Confidential Discovery Material. While the Disclosing Party must initiate the motion, it is the Receiving Party's obligation to demonstrate that the witness fits within the appropriate category under Section 6.1 and/or 6.2.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Disclosing Person of the unauthorized disclosures; (b) use its

best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

11. USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of publicly available information, or of information lawfully available to that Party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in the Action.

12. ADVICE TO CLIENT. Nothing in this Stipulation and Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential" material in rendering such advice so long as Counsel does not specifically disclose the substance of the "Confidential" or "Highly Confidential" material in a manner that is inconsistent with this Stipulation and Order.

13. PRE-TRIAL AND TRIAL APPLICATION. This Stipulation and Order shall apply to all pre-trial proceedings in the Action (including any interlocutory appeals and attempted settlement thereof). If any Party believes that additional protections are required with respect to any proceedings related to the Action, the Parties agree to confer in good faith on any modifications to the Stipulation and Order for trial proceedings.

14. DURATION OF ORDER/RETURN OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION. All provisions of this Stipulation and Order restricting the use of "Confidential" or "Highly Confidential" information shall continue to be binding after the

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 28 of 39

conclusion of the Action unless otherwise agreed or ordered by the Court. Upon written request, within ninety (90) days of the conclusion of the Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), all Parties in receipt of Confidential or Highly Confidential Discovery Material in relation to that Action shall make commercially reasonable efforts to either return such materials and copies thereof to the Disclosing Person or destroy such materials and certify that fact. The Receiving Party is not required to return or destroy Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold obligations; provided however, that these materials continue to be subject to the terms of this Stipulation and Order. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential or Highly Confidential Discovery Material but such retained information shall continue to be treated in accordance with the Stipulation and Order. Counsel of record shall also be permitted to keep a copy of Confidential or Highly Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, exhibits, Court opinions or orders, attorney-client privileged communications, and/or other work product created by counsel, a Party, or an expert or consultant hired by Counsel or a Party in connection with the Action. In that case, counsel of record shall continue to treat the Confidential or Highly Confidential Discovery Material in accordance with this Stipulation and Order. Upon request, counsel of record shall certify in writing that they have complied with this section.

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 29 of 39

15. RESERVATION OF RIGHTS.

15.1. Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a Party or a Party opponent. Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as "Confidential" or "Highly Confidential" is entitled to protection under the Stipulation and Order, Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific "Confidential" or "Highly Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Highly Confidential" and agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Discovery Material covered by this Stipulation and Order.

15.2. Any disclosure by a Disclosing Party of documents designated as "Confidential" or "Highly Confidential" pursuant to the Stipulation and Order without redactions (or with limited redactions) for privilege, Personal Data (as defined in Section 1.7), or Foreign Law Protected Material (as defined in Section 4.2) shall not constitute nor be deemed a waiver or forfeiture in whole or in part of the applicable privilege or protection in this Action or any other proceeding. At any time after production, but before any ruling on the propriety of the redaction(s) in a document, including before any document so designated is made public (including before

Case 1:13-cv-02811-PKC Document 674-1 Filed 07/06/26 Page 30 of 39

being filed unsealed on the public docket or referenced in any public court submission), the Disclosing Person may apply redactions (or additional redactions) to any such documents following a meet-and-confer with the Party who intends to publicly disclose the document. If redactions (or additional redactions) are applied, the Parties must follow the procedures set forth herein and otherwise comply with Sections 4 and 9 with respect to the substitution of the redacted document for the original and any challenges to such redactions.

16. STANDARD OF CARE. The recipient of any "Confidential" or "Highly Confidential" Discovery Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. "Confidential" or "Highly Confidential" Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based. The recipient of Personal Data shall protect these materials with the same degree of care that they use to protect and safeguard their own like information, but not less than the standard of care generally applicable to businesses handling sensitive materials. Such measures shall include, but are not limited to, password protecting the database hosting such data, restricting access to the data to persons employed by Counsel or Experts who are actively assisting Counsel and Experts in the Action, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of the Actions. Any such copies,

reproductions, extractions or abstractions are Personal Data and are subject to the same restrictions and controls.

17. USE AND DISCLOSURE OF OWN INFORMATION. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Person's use or disclosure of its own documents, materials, or information that have been designated as "Confidential" or "Highly Confidential" pursuant to this Stipulation and Order.

18. EFFECT ON OTHER AGREEMENTS. Nothing in this Stipulation and Order shall be construed to affect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to, any of the Parties hereto.

19. MODIFICATION. This Stipulation and Order may be changed only by agreement of the Parties hereto or by an order of this Court. Except as provided herein, this Stipulation and Order shall not prejudice the right of any Party or non-party hereto to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order upon due notice to all other Parties and affected non-parties.

20. NON- PARTY DISCOVERY.

20.1. The Parties shall serve a copy of this Stipulation and Order simultaneously with any subpoena or other request for documents or information issued to any non-party in connection with the Action. Any Party may petition the Court to seek to enforce compliance with any non-party subpoena served in this matter by any other Party, or with other means pursued by such Party to seek discovery from non-parties outside the United States, provided that nothing herein shall be construed to prevent or limit any Party or non-party from opposing such petition or from petitioning or applying to the Court or other authorities for protective measures in connection

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 32 of 39

with such non-party subpoenas or other means of seeking discovery from non-parties outside the United States.

20.2. A non-party from which discovery is sought by one or more Parties to the Action may designate Discovery Material that it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" consistent with Section 3 and the other terms of this Stipulation and Order. Under such circumstances, Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a non-party shall be assigned the same protection as Discovery Material so designated by a party that is a Disclosing Person, and all duties applicable to a Party that is a Disclosing Person under this Stipulation and Order shall apply to the non-party Disclosing Person.

21. PUBLIC FILINGS WITH THE COURT. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information, including any document designated as "Confidential" or "Highly Confidential," shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/16 Page 33 of 39

is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

22. NEW PARTIES TO THIS ACTION. In the event that additional persons or entities become Parties to the Action, such Parties shall not have access to Confidential or Highly Confidential Material produced by or obtained from any Disclosing Person until the newly joined Parties or their counsel execute this Stipulation and Order or endorse a copy of the Acknowledgment and file it with the Court.

23. COURT RETAINS JURISDICTION. The Court retains jurisdiction even after final disposition of this litigation to enforce this Stipulation and Order by the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

24. GOVERNING LAW. Except to the extent that federal law may be applicable, this Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.

25. MISCELLANEOUS

25.1 Right to Further Relief. Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the Court in the future.

25.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Order.

25. EXECUTION. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

SO ORDERED

U.S.D.J.

7-7-26, 2026

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 35 of 39

Vincent Briganti
Geoffrey M. Horn
Raymond Girnys
Margaret MacLean
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
ghorn@lowey.com
rgirnys@lowey.com
mmaclean@lowey.com

Christopher Lovell
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 5th Avenue, Suite 2440
New York, New York 10006
Telephone: (212) 608-1900
clovell@lshllp.com

*Class Counsel*

Eric J. Stock
Jefferson E. Bell
Kathryn N. Salvaggio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193 Telephone:
(212) 351-4000 estock@gibsondunn.com
jbell@gibsondunn.com
ksalvaggio@gibsondunn.com

*Attorneys for Defendant UBS AG*

Case 1:13-cv-02811-PKC Document 675 Filed 07/07/26 Page 36 of 39

Vincent Briganti
Geoffrey M. Horn
Raymond Girnys
Margaret MacLean
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
ghorn@lowey.com
rgirnys@lowey.com
mmaclean@lowey.com

Christopher Lovell
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 5th Avenue, Suite 2440
New York, New York 10006
Telephone: (212) 608-1900
clovell@lshllp.com

*Class Counsel*

Eric J. Stock
Jefferson E. Bell
Kathryn N. Salvaggio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193 Telephone:
(212) 351-4000 estock@gibsondunn.com
jbell@gibsondunn.com
ksalvaggio@gibsondunn.com

*Attorneys for Defendant UBS AG*

Case 1:13-cv-02811-PKC Document 674-1 Filed 07/06/26 Page 37 of 39

David S. Lesser
Jamie Dycus
Jenny Pelaez
KING & SPALDING LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 556-2100
Facsimile: (212) 556-2100
dlesser@kslaw.com
jdycus@kslaw.com
jpelaez@kslaw.com

G. Patrick Montgomery
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW Washington, D.C. 20006
Telephone: (202) 626-5444
Facsimile: (202) 626-3737
pmontgomery@kslaw.com

*Attorneys for Defendant NatWest Markets plc (f/k/a The Royal Bank of Scotland plc)*

**EXHIBIT A - ACKNOWLEDGMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRONTPOINT AUSTRALIAN OPPORTUNITIES TRUST and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>UBS AG and THE ROYAL BANK OF SCOTLAND PLC,<br><br>Defendants. | Docket No. 13-cv-2811 (PKC)<br><br>ECF Case |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND ORDER OF CONFIDENTIALITY**

I, ________________________ under penalty of perjury, 28 U.S.C. §1746, declare as follows:

1. Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as defined in the Stipulation and Order of Confidentiality entered in the above-captioned Action (the "Stipulation and Order") is being provided to me pursuant to the restrictions of the Stipulation and Order.

2. I have been given a copy of and have read the Stipulation and Order.

3. I am familiar with the terms of the Stipulation and Order, and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for purposes of enforcement of the Stipulation and Order.

5. I acknowledge that violation of the Stipulation and Order may result in penalties for contempt of court.

6. I agree not to use any Confidential or Highly Confidential Discovery Materials disclosed to me pursuant to the Stipulation and Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Stipulation and Order, without the express written consent of the party who designated the information as confidential or by order of the Court.

7. I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Stipulation and Order and of its binding effect on them and me.

Name: ______________________________

Signature: ______________________________

Signed at ____________________, this ______ day of ______________, 202_