Case 1:13-cv-02811-PKC Document 677 Filed 07/15/26 Page 1 of 2

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Jefferson E. Bell
Direct: +1 212.351.2395
JBell@gibsondunn.com

Application GRANTED
SO ORDERED
[signature], USDJ
7-16-26

July 15, 2026

VIA ECF

The Honorable P. Kevin Castel
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *California State Teachers' Retirement System v. UBS AG et al.*, 13-cv-2811 (PKC) (S.D.N.Y.)

Dear Judge Castel:

We represent defendant UBS AG ("UBS") and write, together with Plaintiff California State Teachers' Retirement System ("Plaintiff"), to inform the Court that UBS and Plaintiff (the "Parties") have reached a settlement in principle that will resolve all outstanding claims against UBS in the above-referenced action. On July 15, 2026, the Parties executed a binding settlement term sheet ("Term Sheet"), which they are working on converting to a stipulation and agreement of settlement ("Settlement Agreement"). Accordingly, pursuant to Rule 1(C) of the Court's Individual Practices in Civil Cases, the Parties have conferred and jointly request that all litigation proceedings and deadlines between UBS and Plaintiff, including the July 17, 2026 deadline for UBS to move to dismiss the Fifth Amended Complaint, Dkt. 661 at 3, be temporarily stayed pending the Parties' execution of the Settlement Agreement, and resolution of Plaintiff's forthcoming motion for preliminary approval of their settlement with UBS. There are no upcoming conferences scheduled.

UBS and The Royal Bank of Scotland plc (n/k/a NatWest Markets plc) had previously moved for a stay of discovery, pending resolution of Defendants' motion to dismiss, Dkt. 665, which the Court provisionally granted, Dkt. 672. UBS has not otherwise sought an extension or adjournment of the schedule, Dkt. 611, or the motion to dismiss briefing schedule, Dkt. 661 at 3.

A stay of all proceedings as to UBS is appropriate here, where the Parties have evidenced their intent to be bound by the terms of the settlement Term Sheet and corresponding, forthcoming Settlement Agreement. Critically, neither UBS nor Plaintiff has made "an express reservation of the right not to be bound" by the executed Term Sheet. *HVN Clothing, Inc. v. Lomeway E-Com. (Lux.) Ltd.*, 636 F. Supp. 3d 451, 456 (S.D.N.Y. 2022), *judgment entered sub nom. HVN Clothing, Inc. v. Lomeway E-com. (Lux.) Ltd.*, 2022 WL 16737095 (S.D.N.Y. Nov. 7, 2022) (quoting *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)). On the contrary, the Parties agree that the Term Sheet—a written and executed document—is binding and contains the material provisions of the soon-to-be executed Settlement Agreement. *See id.* (where "the terms of the alleged contract have been agreed upon" it supports parties' intent to be bound). The Parties have engaged in "partial

Case 1:13-cv-02811-PKC Document 677 Filed 07/15/26 Page 2 of 2



performance of the contract," *id.*, including through communicating the settlement to this Court. *See Jackson v. N.Y.C. Dep't of Educ.*, 2012 WL 1986593, at *3 (S.D.N.Y. June 4, 2012). That the Parties reached the terms of this Term Sheet that will be reflected in the forthcoming Settlement Agreement in the course of a mediation session before the Hon. Edward A. Infante (Ret.) is further evidence of the Parties' intent to be bound by it. *See Rivera v. Crabby Shack, LLC*, 2019 WL 8631861, at *2 (E.D.N.Y. May 2, 2019) ("The Agreement was executed by counsel during the course of a mediation presided over by a court-appointed mediator; the formality of these circumstances supports the inference that the Mediation Agreement was not a tentative or preliminary draft.").

As such, it is proper for this Court to exercise its discretion to grant a stay of all proceedings and deadlines as to UBS. The settlement in principle encompasses Plaintiff's claims here such that proceeding further "would cause the parties to expend considerable [and unnecessary] resources," and cut against judicial economy. *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017). *See also Exp.-Imp. Bank of Republic of China v. Cent. Bank of Liber.*, 2017 WL 6398726, at *1-2 (S.D.N.Y. Dec. 13, 2017) (noting that the Second Circuit stayed parties' appeal in light of a "proposed settlement agreement" and collecting cases on this Circuit's strong judicial policy in favor of facilitating settlements).

Counsel for UBS and Plaintiff are available to address any questions the Court may have.

Respectfully submitted,

*/s/ Jefferson E. Bell*
Jefferson E. Bell

CC: Counsel of Record (via ECF)