King & Spalding

King & Spalding LLP
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
T: +1 212 556 2100
F: +1 212 556 2222
kslaw.com

**David S. Lesser**
*Partner*
T: +1 212 556 2261
dlesser@kslaw.com

July 17, 2026

**VIA ECF**

Application provisionally granted.
SO ORDERED
[signature], USDJ
7-22-26

The Honorable P. Kevin Castel
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *California State Teachers' Retirement System v. UBS AG et al.*, 13-cv-2811 (PKC) (S.D.N.Y.)

Dear Judge Castel:

We write on behalf of Defendant The Royal Bank of Scotland plc (n/k/a NatWest Markets plc) ("NatWest") in the above captioned action. Pursuant to Rule 5 of the Court's Individual Practices in Civil Cases, NatWest respectfully moves the Court to provisionally treat as sealed Exhibit 5 to the Declaration of David S. Lesser in Support of NatWest's Motion to Dismiss the Fifth Amended Complaint ("Exhibit 5") (Dkt. 682-5).

As with Exhibit 3 to the Declaration of Jefferson E. Bell in Support of Defendants' Letter-Brief, Dkt. 641-3, Exhibit 5 is a confidential settlement agreement resolving claims in the separate *Allianz Global Investors GmbH, et al. v. Bank of America Corporation, et al.*, 1:18-cv-10364 (LGS) (S.D.N.Y.) litigation. Accordingly, for the same reasons discussed in the parties' earlier sealing requests, Dkts. 639, 652, 657, and granted in this Court's order, Dkt. 663 at 3-4, NatWest respectfully requests that the Court permit NatWest to file Exhibit 5 under seal. The settlement agreement is confidential, not otherwise public, and concerns settling entities that are not parties to this action. This Court has already held that the full "25-page" agreement "has no apparent bearing on the anticipated motion, implicates the privacy interests of non-parties, relates to the important goal of advancing private settlement, and likely need not be subject to public inspection." Dkt. 663 at 4. *See, e.g.*, *SEC v. Tel. Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, I 2020) (Castel, J.) ("protecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials"); *Spin Master, Ltd. v. Aomore-US*, 2024 WL 3250815, at *2 (S.D.N.Y. June 28, 2024) (where a settlement agreement implicates "innocent third parties not presently before the Court," there is a "heavy weight placed on their interest," and the "right to public access to these documents is outweighed"). Further, in line with the Court's guidance, Defendants have narrowly tailored their request and seek only to seal the settlement agreement itself, having

otherwise "endeavor[ed] to submit without redaction the relevant release language of the Allianz Settlement that . . . bars CALSTRS's claims." Dkt. 663 at 3.

Today, NatWest will file a copy Exhibit 5 provisionally under seal, in accordance with Rule 5 of the Court's Individual Practices. If the Court is not inclined to grant NatWest's request, NatWest respectfully requests the opportunity to notify the relevant third parties.

NatWest further requests that the Court grant an exception to the requirement of formal motion practice supported by a memorandum of law and an affidavit as required by the Court's Individual Practices, Rule 4. *See* Dkts. 307, 627, 663, 673 (granting similar requests).

We appreciate the Court's consideration of this matter.

Respectfully submitted,

*/s/ David S. Lesser*
David S. Lesser

Cc: Counsel of Record (via ECF)